# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

------------------------------------- X

| | |
|---|---|
| TAMI GRAY, on behalf of herself and all others similarly situated, | : |
| | : |
| **Plaintiff,** | : |
| | : |
| -against- | : |
| | : |
| HYDROXATONE, LLC and ATLANTIC COAST MEDIA GROUP | : |
| | : |
| **Defendants.** | : |

------------------------------------- X

CIVIL ACTION NO. _____

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, by her attorneys, alleges upon personal knowledge as to herself and upon information and belief as to other allegations of this Complaint, as follows:

## NATURE OF THE CASE

1.      This is a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons residing in the United States who: ordered a product or requested a "risk-free trial" from Hydroxatone, LLC, and/or Atlantic Coast Media Group (collectively referred to as "Hydroxatone") and -  (1) returned the product in accordance with the "30 Day Bottom of the Jar Guarantee" ("Guarantee") as advertised by Hydroxatone, but was denied a refund and/or was sent subsequent shipments of unordered products; and/or (2) requested to cancel their membership in the Preferred-Customer Beauty Program but incurred additional charges for subsequent shipments of unordered products (the "Class").

2.      This action seeks relief on behalf of the Class: (i) declaring that Hydroxatone's advertising of a risk free trial and/or 30-day money back guarantee is deceptive and misleading; (ii) declaring that all consumers who timely returned products in accordance with the Guarantee

are eligible for a refund (less "shipping and processing" fees); (iii) declaring that Hydroxatone is in breach of its own "Terms and Conditions" by failing to allow consumers to timely cancel their Preferred-Customer Beauty Program memberships ("Beauty Program memberships" or "memberships"); (iv) directing that Hydroxatone refund customers who timely returned products in accordance with the Guarantee; (v) directing that Hydroxatone cease billing consumers for products after they have contacted Hydroxatone to cancel Beauty Program memberships; (vi) providing refunds of all charges for unordered products incurred by those customers who requested cancellation of their Beauty Program memberships; (vii) providing refunds to all persons that timely returned products but were refused refunds; and (viii) providing refunds for all unordered products to those persons who incurred charges after they timely returned products.

## **JURISDICTION AND VENUE**

3.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.  In the aggregate, the value of the injunctive relief sought on behalf of the Class exceeds the jurisdictional minimum amount in controversy of $5,000,000.00, exclusive of costs and interest. 28 U.S.C. § 1332(d)(2)(A) and § 1332(6).

4.     This Court has jurisdiction over the Defendants because they maintain their principal headquarters in New Jersey, are actively doing business and do sufficient business in New Jersey, have sufficient minimum contacts in New Jersey, or otherwise intentionally avail themselves of the markets within New Jersey, through promotion, sale, marketing and distribution of their services in New Jersey, to render the exercise of jurisdiction by this Court proper and necessary.

5.     Venue is proper in this District of New Jersey pursuant to 28 U.S.C. § 1391 because Defendants conduct substantial business in this District, maintain their principal

headquarters in this District, or otherwise have sufficient contacts with this District to justify them being fairly brought into court in this District.

6.    In connection with the acts, transactions and conduct alleged herein, Defendants used the means and instrumentalities of interstate commerce, including the United States mail and interstate telephone communication.

## PARTIES

7.    Plaintiff Tami Gray is a resident of the State of North Carolina.  Plaintiff Gray signed up for a free trial offer of Hydroxatone skin care cream on or about April 15, 2011.  After experiencing skin irritation as a result of the product, Plaintiff Gray timely returned the product in accordance with the Guarantee and requested cancellation of her membership to prevent further shipments.  However, Plaintiff Gray did not receive a refund for her returned products, was billed for additional unordered monthly shipments and was otherwise prevented from cancelling her membership.

8.    Defendants Hydroxatone, LLC and Atlantic Coast Media Group ("Hydroxatone") own a skin care brand of products sold via multi-channel marketing including television infomercials, radio, traditional print, retail and online at websites including but not limited to www.hydroxatone.com and www.smootherface.com. Hydroxatone sells a variety of skincare products, including but not limited to: Celtrixa, Declatone, Hydrolyze, Hydroxatone, InstantEffect and Lashatone. In the last few years, Hydroxatone, has sold over $130 million dollars worth of their best-selling product, Hydroxatone, an anti-aging skin cream. The Hydroxatone anti-aging skincare product is Atlantic Coast Media Group's most well-known and most profitable product.

9.    In its marketing campaign, Hydroxatone, LLC emphasizes its "risk free trial" and

"30-Day Bottom-of-the-Jar Guarantee" ("Guarantee") on every product. On its website, Hydroxatone explains that if customers are not "completely delighted with any Hydroxatone product," they are instructed to call Customer Service at (800) 672-2259 within 30 days of receipt of the product to receive a Return Number and arrange for the return of the product. The Guarantee states that if a customer returns the product within 30 days after receipt, the customer will receive a refund of the purchase price (less shipping and processing) even if the bottles and jars are empty.

10. Hydroxatone operates a "Beauty Auto Ship Program" (also known as the "Preferred-Customer Beauty Program"), in which customers receive a 60-day supply of their purchased product every two months. According to the Hydroxatone website, by simply clicking the "Complete My Order" button, the customer authorizes that for her first and future shipments, the credit card provided for the initial purchase will be automatically charged $69.95 plus shipping and processing every 30 days for each new shipment. In order to cancel membership in the Beauty Auto-Ship Program, customers are directed to call the toll-free customer service number at 1-800-672-2259 or email Hydroxatone, LLC at support@hydroxatone.com and the company will cancel the membership immediately.

## CLASS ACTION ALLEGATIONS

11. This class action is brought and may be maintained under Fed. R. Civ. P. 23 (b)(2) and (b)(3). The Class includes all persons residing in the United States who: ordered a product or requested a "risk-free trial" from Hydroxatone, LLC, and/or Atlantic Coast Media Group and - (1) returned the product in accordance with the "30 Day Bottom of the Jar Guarantee" as advertised by Hydroxatone, but was denied a refund and/or was sent subsequent shipments of unordered products; or (2) requested to cancel their membership in the Preferred-Customer

Beauty Program but incurred additional charges for subsequent shipments of unordered products.

12.    Plaintiff reserves the right to modify the class definition before moving for class certification, including a reservation of the right to seek to certify subclasses, if discovery reveals that modifying the class definition or seeking subclasses would be appropriate.

13.    Excluded from the Class are Defendants, any entities in which Defendants have or had a controlling interest, any officers or directors of Defendants, the legal representatives, heirs, successors, and assigns of Defendants, any Judge assigned to this action and his or her immediate family, and anyone who timely requests exclusion from the Class.

14.    Plaintiff does not know the exact number of Class members, because such information is within the exclusive control of Defendants. In the last few years, Hydroxatone has sold over $130 million dollars worth of its best selling product, Hydroxatone, an anti-aging skin cream. The Hydroxatone skincare product is Atlantic Coast Media Group's most well-known product. The members of the Class are so numerous and geographically dispersed across the United States that joinder of all Class members is impracticable.

15.    Defendants have acted with respect to the Class in a manner generally applicable to each Class member. There is a well-defined community of interest in the questions of law and fact involved in the action, which affect all Class members. The questions of law or fact common to the Class predominate over any questions affecting only individual members and include, but are not limited to, the following:

A.    Whether Defendants misstated, omitted or concealed material facts concerning its "risk-free trial," "Preferred-Customer Beauty Program," and/or "30-Day Bottom-of-the-Jar Guarantee," and whether such misstatements, omissions or concealment of material facts deceived, or are likely to mislead and deceive consumers requesting a risk-free trial or

purchasing Hydroxatone products;

B. Whether Defendants' acts and omissions as described above constitute a violation of the New Jersey Consumer Fraud Act (the "CFA");

C. Whether Defendants' refusal to refund consumers who timely returned products, failure to allow consumers to timely cancel Hydroxatone memberships and failure to cease billing consumers for Hydroxatone products after they have cancelled their memberships constitute a breach of contract;

D. Whether Defendants have been unjustly enriched by this scheme, in which Plaintiff is promised refunds and billed for products that are unordered or unauthorized;

E. Whether Plaintiff and the members of the Class have been damaged by Defendants' wrongs complained of herein, and if so, whether Plaintiff and the Class are entitled to injunctive relief;

F. Whether Plaintiff and the members of the Class have been damaged by Defendants' wrongs complained of herein, and if so, the measure of those damages and the nature and extent of other relief that should be afforded;

G. Whether Plaintiff and the members of the Class should be awarded attorneys' fees and the costs of suit for Defendants' violation of the New Jersey CFA, as alleged herein; and

H. Whether Plaintiff and the members of the Class are entitled to declaratory relief for Defendants' statutory violations alleged herein.

16. Plaintiff's claims are typical of the claims of the other members of the Class in that all members of the Class have been harmed in substantially the same way by Defendants' acts and omissions.

17. Plaintiff is an adequate representative of the Class. Plaintiff is committed to

prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff seeks no relief that is antagonistic or adverse to other members of the Class.

18.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class. Moreover, litigation on an individual basis could be dispositive of the interests of absent Hydroxatone customers, and substantially impair or impede their ability to protect their interests.

19.     In view of the complexity of the issues presented and the expense that an individual Plaintiff would incur if he or she attempted to obtain relief from Defendants, the individual claims of Class members are monetarily insufficient to support separate actions. Because of the size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of in this Complaint.

20.     Plaintiff does not anticipate any difficulty in managing this action as a class action. The identities of the Class members are known by Defendants, and the measure of monetary damages can be calculated from Defendants' records. This action poses no unusual difficulties that would impede its management by the Court as a class action.

## STATEMENT OF FACTS

### Hydroxatone's Products and Services as Marketed

21.     Hydroxatone, LLC is a skin care company whose products are aimed at the baby-boomer demographic. Hydroxatone engages in multi-channel marketing, including television infomercials, radio, traditional print, retail and the Internet.  Hydroxatone advertises heavily on

television and in high-distribution publications such as: USA Today, Shape Magazine, Ladies' Home Journal, Parade, Newsweek, etc. Hydroxatone boasts on its website that its products have been "given away in VIP Gift Bags at the Emmy Awards." Hydroxatone advertises its products on such popular social networking sites as Facebook and websites promoting popular television shows, such as the Dr. Oz daytime talk show.

22.     According to its website, Hydroxatone markets the following products:

- Hydroxatone
- Celtrixa
- Hydrolyze
- Declatone
- Lashatone
- Instant Effect
- Luminique
- Instant Wrinkle Filler
- Orexis

23.     Hydroxatone markets its products as "risk-free." Hydroxatone offers a free trial program, in which the customer receives 2 or 3 containers of the selected product to try RISK FREE for 30 days. Buried on the fine print of the Hydroxatone website is a statement that if the customer likes the results and wishes to continue using the product, she need not take any action. The credit or debit card she provided will be charged in two equal payments of $69.95, the first payment 30 days after receipt of the order and the final payment 30 days later. To "ensure that the customer does not run out of the product," she will receive a new 60-day supply every 2 months, as a member of the "Preferred-Customer Beauty Program." By clicking the "Complete My Order" button, the customer authorizes her credit card to be charged $69.95 every 30 days plus shipping and processing for her first and future shipments.

24.     The Hydroxatone website describes the "Preferred-Customer Beauty Program" (also known as the "Preferred-Customer Beauty Auto-Ship Program") as an auto-ship program

"designed to ensure you always get the products you want, when you want them at special-member pricing." Although the website states that membership in the Preferred-Customer Beauty Program is not mandatory, customers who request a free trial of a Hydroxatone product are automatically enrolled. The Preferred-Customer Beauty Program sends customers a 60-day supply of their "free trial" product every two months; as a member of this program, the customer is automatically charged $69.95 plus shipping and processing every 30 days. In order to cancel membership in the Preferred-Customer Beauty Program, customers are directed to call the toll-free customer service number at 1-800-672-2259 or email Hydroxatone, LLC at support@hydroxatone.com.

25.     On its website, Hydroxatone also emphasizes its "30-Day, Bottom-of-the-Jar Guarantee" ("Guarantee"). If customers are not "completely delighted with any Hydroxatone product," they are instructed to call the same toll free customer service number at 1-800-672-2259 within 30 days of receipt of the product to arrange for its return.  If the customer returns the product within 30 days after receipt, Hydroxatone promises to refund the customer's purchase price (less shipping and processing) even if the bottles and jars are empty.

26.     In order to sign up for Hydroxatone's risk-free trial, the consumer must provide a credit or debit card.  The consumer's credit/debit card is initially charged for the shipping and processing fee associated with the free trial (approximately $6.95).

27.     When signing up for the risk-free trial through Hydroxatone's website, the company's terms and conditions state:

> We'll send you 2 jars of Hydroxatone AM/PM Anti Wrinkle Complex [*or the customer's selected product, if not Hydroxatone AM/PM Anti Wrinkle Complex*] to try Risk Free for 30 days (a $159.90 value). You pay only $7.95 shipping and processing today. If you like your results and want to continue looking younger, you don't have to do anything else. The card you provide

will be charged in two equal payments of $69.95, the first payment 30 days after you receive your order and the final 30 days later. To ensure you do not run out of Hydroxatone AM/PM Anti Wrinkle Complex [*or the customer's selected product*] and continue getting improved results, you'll receive a new 60-day supply every 2 months, as a member of our Beauty Auto Ship Program. By clicking the Complete My Order button, you authorize that for your first and future shipments, the card you provide today will be automatically charged $69.95, every 30 days plus shipping and processing for each new shipment. All NJ residents will be charged sales tax.

Remember, you have our 30-day Bottom-of-the-Jar Guarantee with each shipment. If you are not completely delighted with your purchase, call Customer Service at (800) 672-2259 within 30 days of receipt of your shipment to request a Return Number and return the containers of the products your purchased, even if they are empty, within 2 weeks to avoid further payments or for a full refund of the purchase price less the shipping and processing. Return purchase required. As a member of our Beauty Program, you are not required to continue. Cancel at any time. Please note: The Try-It-Before-You-Buy-It program is for first-time customers only.

28.     There is no option on the website for the customer to decline membership in the Preferred-Customer Beauty Program. Under the website's FAQ tab, the company instructs customers wishing to cancel their membership in the Preferred-Customer Beauty Program to call the same toll-free number listed on the website, 1-800-672-2259 or email the customer service department at support@hydroxatone.com.

29.     Under the FAQ tab, the company also includes information regarding the refund policy and directions for returning a product. Hydroxatone's refund and return mirror the Guarantee and risk-free trial programs, such that if the customer desires a refund or return within 30 days of receiving the shipment, she is directed to call the same 1-800 number to arrange for the return of the product. The FAQ tab above notes that when one seeks a refund or returns

products upon cancellation, "all future shipments will be cancelled."

## The Hydroxatone Refund and Guarantee Policies in Reality

30.     Despite Hydroxatone's advertisements about the "risk free" nature of its products and the ease of returns and refunds, the consumer's experience has been fraught with difficulty. Hydroxatone customers have experienced myriad problems, including poor customer service, excess charges for the "risk free trial," the inability to cancel membership in the Beauty Program and the inability to return products for a refund, as per the Guarantee. Many Hydroxatone customers often complain that the products do not work at all. As a result, thousands of Class Members have attempted to cancel their Beauty Program memberships. Unfortunately for these customers, Hydroxatone purposely imposes impediments to cancellation so that customers are either unable to cancel their Beauty Program membership (either orally or by email) or, at a minimum, it takes weeks or months to cancel and Hydroxatone continues to charge the customers' credit/debit cards for unwanted, unordered products.

31.     Many Class Members who have attempted to cancel their Beauty Program memberships within 30 days of their receipt of the Hydroxatone products have been unable to cancel at all or are permitted to cancel, but then denied the advertised refund of their money. Moreover, Hydroxatone ignores cancellation requests and wrongfully charges unsuspecting customers hundreds of dollars for additional, ongoing shipments of unwanted, unordered products.

32.     Using its "risk free trial" and unconditional "Bottom of the Jar" money back guarantee marketing lures, Hydroxatone hooks the customers into providing their credit/debit card information to pay a small fee for shipping and processing of the "free trial" and subsequently charges customers' credit/debit cards for products that they did not order and/or do

not want. When customers call Hydroxatone's customer services department to complain about the unauthorized charges, they are verbally abused and refused any recourse. Hydroxatone makes it difficult or impossible for the customer to return any product, to obtain a refund and/or cancel their membership. Even when a customer ships the product back in accordance with Hydroxatone's return policy, Hydroxatone denies that any product was returned, refuses to refund customers' money and/or fails to allow customers to timely cancel their memberships.

## DEFENDANT HYDROXATONE'S DECEPTIVE MARKETING AND FAILURE TO ALLOW CUSTOMERS TO CANCEL THEIR HYDROXATONE ACCOUNTS CAUSED CLASS MEMBERS TO INCUR CHARGES FOR HYDROXATONE PRODUCTS THAT THEY DID NOT WANT AND DID NOT ORDER

33.  Tami Gray signed up for the Hydroxatone "risk-free" trial on or about April 15, 2011 and provided her credit card to pay for shipping and processing. The products she received caused skin irritation and forced her to discontinue their use. Per the directions of the risk-free trial, Plaintiff Gray timely mailed the products back to Hydroxatone. In addition, Plaintiff Gray telephoned the company's toll-free number and spoke with a customer representative and requested a refund for her returned product and cancellation of her membership to avoid any future billing.

34.  In May 2011, despite returning the product and cancelling her membership, Plaintiff Gray was again charged $69.95. Plaintiff Gray contacted Hydroxatone and was told that there was no record of any attempt to cancel her account and the company did not receive her returned product. Plaintiff Gray once again telephoned the company to cancel her account but was told that the $69.95 charge would remain unless she could provide proof that she returned the product.

35.  Numerous other consumers share Plaintiff's experience and have complained about

Hydroxatone's failure to cancel their accounts and Hydroxatone's deceptive and improper

application of the risk-free trial and Guarantee. For example:

- I saw the infomercial and called the company to order a "risk free trial." I paid $6.95 for shipping and handling using my debit card and was surprised when the package arrived with two additional jars of product. I also received vitamins I never requested. The Hydroxatone cream burned my face and gave me a rash, so five days after receiving the product I called the company to return all of the product. The customer service representative was hostile and verbally abusive towards me. I immediately returned all of the product and received a tracking and signature receipt for the package. Despite returning the product, Hydroxatone charged my debit card $120.00 just two weeks into the "risk free trial" period without my knowledge or consent. About six months later, Hydroxatone fraudulently charged my credit card an additional $120.00 as a "reorder charge," although I did not order any product and Hydroxatone did not send any product. I went to my bank and showed them the return signature and tracking number. The bank issued a chargeback and I closed out my bank account to avoid future unauthorized withdrawals from Hydroxatone.

- I phoned Hydroxatone on a TV offer for a "free trial." The Company sent me three bottles and the product was horrible and did not work as advertised. Approximately 30 days after receiving the product, I called Hydroxatone to return the product and the customer service supervisor screamed and swore at me and informed me that I could not return any of the product for any refund and that I was being charged for all 3 bottles. They charged me $209.85 and was only able to access $77.92 from my card. I've been receiving threatening letters from Hydroxatone for the balance.

- I ordered the product and it didn't work for me so I sent it back and canceled the order and they still keep billing me. It is not free and I'm having a hard time with them to the point where I have to get a lawyer for help with this company.

- I ordered this product and cancelled as well… I continued to be charged and will have to cancel my card to stop the charges as well. I called 1-800-672-2259 and continue to get a "all circuits are busy" message. If anyone is reading this before they order from this company, PLEASE DO YOURSELF A FAVOR AND DON'T ORDER FROM THEM. This is a total rip-off.

- I only authorized for the "Free sample" that was to cost $6.95. I was billed $6.95 in January for shipping & handling shortly after I placed the order. One month later, I was billed also for a cream at $69.95 for something I didn't even receive or authorized to order! I called to cancel – but no one from customer service would call me back. In March, I was billed again for a cream at $69.95. By the time you realize the scheme, the time limit has expired and you are stuck with it. I have cancelled my order but they still keep billing me.

-13-

- I cannot get a human to answer the phone. This is false advertising. I called for a free jar and they sent 3 and charged it to my credit card so it went from $6.95 to $209.85.

- I wasn't told that the product would cost me over $200 after the initial "free" trial, nor was I told that I would be on an automatic shipping list. I tried several times to contact the company to no avail. My credit card company also tried contacting them. Once you get your "free" trial shipment, it is impossible to cancel because they don't answer their phone. The catalog required customers to call their customer service number before canceling, but I could never get a person on the phone. It would always direct me to a re-ordering number.

- So, I ordered the "free trial" of two jars of hydrolyze and received THREE jars and a package of vitamin pills that lasts a month. I was NOT informed whatsoever that I would be receiving these items and I surely did not ask for them. SO after using the product (one jar only), I saw no results and quickly sent everything back correctly: RMA, info., and all the company instructed me to do. And yes it was before my 30 day trial was over so I would not be charged. So now, two months later I'm looking at my checking account online and see a withdrawal of $69.95. And from who? Hydroxatone Company…They charged me for items that I did not have or use, they charged me long after  had returned them correctly, and they charged my after directly telling me it was a free trial (with S&H fee).

- I also responded to the TV ad which stated a free month to try their product. I called for information as to the procedures for returning the two extra jars (which I did not want) and did not order. I was given the information so I returned the two unused jars. My call was before the month was up. They tried to get me to agree to keeping the jars at a reduced rate, $50.00 each. I told them I had tried their product and could not find improvement so I would return the product. Then about a month later my credit card was charged $69.94. I immediately called them. The rude rep said that they had no record of my return. He informed me that there was no free jar of product. I had to pay for it. That is not what they advertise. I faxed him two copies of my postal receipt and wrote a letter. He said he would research the problem. Then one month later I got this month's credit card statement and – here is another charge for $69.95. I am going to the bank and file a report of this fraudulent activity. This is a total scam and this company should be charged with stealing from people and false advertising.

- This product provided NO results. I returned it with a letter. The company continues to bill my credit card and send out the product. I keep returning this stuff through the U.S. Postal Service. Now the company claims they never received the packages from the post office! They do admit they have a letter of cancellation from me – so why do they continue to send this junk out and bill

me for it?!

## FIRST CAUSE OF ACTION
### (Violation of the New Jersey Consumer Fraud Act)

36.     Plaintiff incorporates by reference and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

37.     This count is brought against Defendants Hydroxatone, LLC and Atlantic Coast Media Group, pursuant to the New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8-1, et seq.

38.     New Jersey's substantive laws apply to this proposed nationwide Class because Plaintiff properly brings this Complaint in this District.

39.     New Jersey's substantive laws may be constitutionally applied to the claims of Plaintiff and the Class under the Due Process Clause, 14th Amend., § 1, and the Full Faith and Credit Clause, art. IV, § 1, of the United States Constitution. New Jersey has significant contact, or significant aggregation of contacts, to the claims asserted by Plaintiff and all Class Members, thereby creating state interests that ensure that the choice of New Jersey state law is not arbitrary or unfair.

40.     Defendants maintain their principal headquarters in New Jersey, are actively doing business and do sufficient business in New Jersey, process returns and/or cancellations in New Jersey, have sufficient minimum contacts in New Jersey, or otherwise intentionally avail themselves of the markets within New Jersey, through promotion, sale, marketing and distribution of their services in New Jersey, to render the exercise of jurisdiction by the Court proper and necessary.

41.     New Jersey is also the State from which Defendants' misconduct emanated. This conduct similarly injured and affected Plaintiff and all Class Members. For instance, Defendants' advertising efforts were likely created in and orchestrated from the location of its present

headquarters in New Jersey.

42.     The application of New Jersey's laws to the Class is also appropriate under New Jersey's choice of law rules because New Jersey has significant contacts to the claims of the Plaintiff and the Class, and New Jersey has a greater interest in applying its laws here than any other interested state.

43.     At all times relevant herein, New Jersey's Consumer Fraud Act was in effect. The Act prohibits any "[f]raud, etc., in connection with sale or advertisement of merchandise or real estate as unlawful practice."

44.     Further, the Act prohibits any "knowing, concealment, suppression, or omission of any material fact with the intent that others rely upon such concealment, suppression or omission in connection with the sale… of any merchandise…" N.J. Stat. Ann. § 56:8-2.

45.     Plaintiff and Class Members reasonably expected to receive refunds when they timely returned their products, according to the Guarantee. Plaintiff and Class Members also reasonably expected to stop receiving shipments of products and/or prevent further billing after they returned products in accordance with the Guarantee and/or requested cancellation. Upon cancelling their Beauty Program memberships, Plaintiff and Class Members reasonably expected to stop receiving shipments of and billings for additional Hydroxatone products.

46.     New Jersey has enacted a statute to protect consumers against deceptive business practices.  Specifically, the New Jersey Consumer Fraud Act provides:  "The act, use or employment by any person of an unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with

the subsequent performance of such person as foresaid, whether or not any person has in fact been misled, deceived or damage thereby, is declared to be an unlawful practice." N.J. Stat. 56:8-2, *et seq.*

47.     Through Hydroxatone's practice of delaying and/or refusing to allow consumers to cancel their Beauty Program memberships, prematurely billing consumers for unwanted and/or unordered products, refusing to refund customers who timely returned products, and failing to adequately disclose that the 30-day money back guarantee will not, in reality, give customers their money back, Defendants' actions constitute deceptive, unfair and unlawful practices within the meaning of N.J. Stat. 56:8-2, *et seq.*

48.     The above-described deceptive, unfair and unlawful practices by Defendants have harmed Plaintiff and the Class Members, as set forth above, including, among other things, causing them to incur additional, unwarranted charges for Hydroxatone products.

49.     Defendants' deceptive, unfair and unlawful practices, as state above, have caused an injury to Plaintiff and similarly situated Class Members.

<u>**SECOND CAUSE OF ACTION**</u>
**(Breach of Contract)**

50.     Plaintiff, on behalf of herself and all others similarly situated, realleges, as if fully set forth, each and every allegation contained in the preceding paragraphs.

51.     Defendants entered into contracts with Plaintiff and members of the Class under which Defendants agreed, either explicitly or implicitly and consistent with its duty of good faith, to refund consumers who returned their products within 30 days after receipt and honor the consumer's request to cancel their Beauty Program memberships.  In addition, by entering into these contracts, Defendants agreed to cancel future shipments and/or further billing to Plaintiff and the Class when Defendants were directed to do so and such was required by the reasonable

expectations of the parties and Defendants' duty of good faith.

52.    Defendants materially breached the terms of the contract with Plaintiff and the Class by refusing to refund (less shipping and processing) Plaintiff and Class Members who returned their products within 30 days after receipt; by refusing to honor Plaintiff's and Class Members' requests to cancel their Beauty Program memberships; by charging Plaintiff and Class Members for unwanted and/or unordered products, shipping and processing incurred after the requests to cancel were made; and by preventing Plaintiff and Class Members from returning products.

53.    Plaintiff and members of the Class have had to pay significant additional sums to Hydroxatone as a direct result of Defendants' refusal to honor the cancellation requests and product returns.

54.    By reason of the forgoing, Plaintiff and the members of the Class have been damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (Unjust Enrichment)

55.    As a direct and proximate result of Defendants' unlawful acts and practices, Plaintiff and Class Members have improperly paid funds to Defendants.

56.    Defendants have received, and continue to receive, benefits at the expense of Plaintiff and Class Members and it would be unjust for Defendants to retain these benefits. Defendants have knowledge of these benefits.

### FOURTH CAUSE OF ACTION
### (For Declaratory Relief )

57.    Plaintiff incorporates by reference and realleges all paragraphs previously alleged herein.  These claims are brought on behalf of the Class against Defendants.

58.     An actual controversy exists between the parties relating to the legal rights and duties of Plaintiff and Defendants for which Plaintiff desires a declaration of her rights.

59.     As a result of  Defendants' failure to cancel or timely cancel consumer's Beauty Program memberships, Defendants have demanded (and received) payment from Plaintiff and Class Members and continue to improperly demand (and receive) such payment.

60.     A declaratory judgment is necessary to determine Plaintiff's and Class Members' rights and duties in connection with Defendants' improper conduct, declaring: that Hydroxatone's advertising of a risk free trial and 30-day money back guarantee is deceptive and misleading; that all consumers who returned products within 30 days of receipt in accordance with the Guarantee are eligible for a refund (less "shipping and processing" fees); and that Hydroxatone is in breach of its own "Terms and Conditions" by failing to allow consumers to timely cancel their Beauty Program memberships.

WHEREFORE, Plaintiff, on behalf of herself and the members of the Class, demands judgment as follows:

(a)     A determination that this action is a proper class action maintainable pursuant to Fed. R. Civ. P. Rule 23(a), (b)(2) and (b)(3), and appointing Plaintiff representative of the Class;

(b)     Equitable and injunctive relief:

(i)     directing that Hydroxatone cease billing consumers for Hydroxatone products after they have contacted Hydroxatone to cancel their Beauty Program memberships;

(ii)     declaring that Hydroxatone is in breach of its own "Terms and Conditions" by failing to allow consumers to timely cancel their Beauty Program memberships;

-19-

(iii)     declaring that Hydroxatone's advertising of a 30-day money back guarantee is deceptive, and misleading;

(iv)     declaring that all consumers who cancelled their Beauty Program memberships within 30 days after the actual date they received their products are eligible for a refund of their money;

(c) Actual damages and restitution:

(v)     awarding refunds of all charges for unordered products incurred by those customers who requested cancellation of their Beauty Program memberships;

(vi)     awarding refunds to those persons who timely returned products but were refused refunds;

(vii)     awarding refunds for all unordered products to those persons who incurred charges after they timely returned products.

(d)     The costs and disbursements incurred by Plaintiff in connection with this action, including reasonable attorneys' fees; and

(e)     Such other and further relief as the Court deems just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

Dated: August 5, 2011

Respectfully submitted,

By:_____

Alan Sash
Lee S. Shalov
McLaughlin & Stern LLP
260 Madison Ave.
New York, NY 10016
Tel:  (646) 278-4298
Cell: (516) 359-1825
Fax:  (212) 448-0066

Andrew N. Friedman
Victoria S. Nugent
Stefanie M. Ramirez
COHEN MILSTEIN SELLERS &
TOLL, PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC  20005
 Tel: (202) 408-4600

Angela Edwards
LAW OFFICE OF ANGELA
EDWARDS
72 Canterbury Circle
East Longmeadow, MA 01028
Tel: (413) 525-3820

*Plaintiff's Counsel*