Ex. 1

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW JERSEY

------------------------------------- X

**SUSAN SABOL, VALERIE DONE, and**
**KATHLEEN KLODNER on behalf of**
**themselves and all others similarly situated,**

        **Plaintiffs,**

      **-against-**

**HYDROXATONE, LLC and ATLANTIC**
**COAST MEDIA GROUP LLC**

      **Defendants.**

------------------------------------- X

**CIVIL ACTION NO.**
**2:11-cv-04586-KM-MAH**


**SETTLEMENT AGREEMENT**


## <u>CLASS ACTION SETTLEMENT AGREEMENT</u>

## TABLE OF CONTENTS

**Page No.**

1. DEFINED TERMS ........................................................................................2

2. COOPERATION BY THE PARTIES..........................................................11

3. DEFINITION OF THE SETTLEMENT CLASS.........................................11

4. CONSIDERATION TO PLAINTIFFS AND THE SETTLEMENT CLASS..............12

5. SETTLEMENT BENEFITS RULES ..........................................................15

6. SETTLEMENT BENEFIT CLAIMS PROCESS........................................20

7. CLASS COUNSEL'S FEES AND COSTS..................................................23

8. PRELIMINARY APPROVAL OF SETTLEMENT AND CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS........................................24

9. SETTLEMENT ADMINISTRATOR...........................................................26

10. NOTICE OF SETTLEMENT AND ADMINISTRATION OF CLAIMS ................27

11. REQUESTS FOR EXCLUSION ................................................................29

12. OBJECTIONS.............................................................................................30

13. FINAL APPROVAL....................................................................................32

14. RELEASE BY ALL SETTLEMENT CLASS MEMBERS.......................33

15. CONFIRMATORY DISCOVERY..............................................................38

16. AUTOMATIC TERMINATION OF SETTLEMENT AGREEMENT AND TERMINATION RIGHTS .....................................................................38

17. NO ADMISSION; LIMITATIONS ON USE OF SETTLEMENT AGREEMENT...................................................................................40

18. EXCLUSIVE REMEDY; DISMISSAL OF CLAIMS; JURISDICTION OF COURT; NO COLLATERAL ATTACK ...........................................41

19. MISCELLANEOUS PROVISIONS...........................................................42

20. SIGNATURE PAGE ..................................................................................47

This Class Action Settlement Agreement ("Settlement Agreement" or "Agreement") is entered into, subject to final approval of the Court and entry of final judgment of dismissal with prejudice, between plaintiffs Susan Sabol, Valerie Done and Kathleen Klodner (collectively, "Plaintiffs") and the Settlement Class, as defined below, represented by Plaintiffs, and defendants Hydroxatone, LLC and Atlantic Coast Media Group (collectively, "Defendants"). Plaintiffs and Defendants are, at times, individually referred to herein as a "Party" and collectively as the "Parties."

## RECITALS

1.      On August 8, 2011, Tammy Gray, filed a putative class action complaint against Defendants in the United States District Court for the District of New Jersey, and was assigned Case Number 2:11-cv-04586-SRC-MAS ("Sabol/Done Case"), alleging causes of action under the New Jersey Consumer Fraud Act, and common law claims of breach of contract and unjust enrichment.

2.      On March 23, 2012, Plaintiffs Susan Sabol and Valerie Done, on behalf of themselves and a nationwide class, filed a First Amended Complaint in the Sabol/Done Case, replacing the original putative class action representative and alleging an additional cause of action in the alternative under the Utah Consumer Sales Practices Act.

3.      The parties have engaged in significant discovery, including the production of over 17,000 documents relating to the claims of the individual plaintiffs.

4.      On August 14, 2012, Defendants and Plaintiffs participated in a mediation before Judge Stephen M. Orlofsky (ret.). After further negotiations, the Parties entered into a Memorandum of Understanding dated December 4, 2012.

5.      On February 7, 2013, Plaintiffs Susan Sabol, Valerie Done and Kathleen Klodner filed a Second Amended Class Complaint.

NOW, THEREFORE, the Parties, in consideration of the promises, covenants, and agreements herein described and for other good and valuable consideration acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, do hereby mutually agree as follows:

**1.      DEFINED TERMS**

In addition to the terms defined above, the following terms shall have the meanings set forth below:

1.1     <u>Recitals</u>.  The recitals set forth above are incorporated by reference and are explicitly made part of this agreement.

1.2     <u>Definitions</u>.  As used in this Agreement, capitalized terms shall have the meanings provided below, unless defined elsewhere in the Agreement:

(a)     "Action" means the civil action entitled *Sabol et al. v. Hydroxatone LLC et al.*, No. 2:11-cv-04586-KM-MAH, United States District Court for the District of New Jersey, including but not limited to the Second Amended Complaint, any prior complaints in this litigation, and any amendments to such prior complaints. "Action" also includes any claims that Defendants have asserted or could assert by way of any defense and/or Counterclaim.

(b)     "Approved Claim" means a Claim submitted by a Claimant that the Settlement Administrator, in its discretion and subject to review by Counsel for the Parties, determines to be timely, accurate, complete, in proper form and with the requisite attestation.  Defendants retain the right to verify all Approved Claims and to notify the

Settlement Administrator of any discrepancies, subject to Class Counsel review, as set forth in this Settlement Agreement.

(c)     "Approved Claimants" means those Claimants who submitted Approved Claims.

(d)     "Auto-Ship Program," for purposes of this Settlement Agreement, means any practice by which Defendants mail to a consumer one or more products on a recurring basis.  Auto-Ship Program includes the "Preferred-Customer Beauty Program." A consumer is deemed to be a participant in an Auto-Ship Program if Defendants' records indicate that the consumer is enrolled in such a program or received the product(s) via mail.

(e)     "Claim" means a request for relief pursuant to Sections 5 and 6 of this Settlement Agreement submitted by a Settlement Class Member on a Claim Form to the Settlement Administrator in accordance with the terms of the Agreement.

(f)     "Claim Form" means the online web form interface and written Claim form to be provided by the Settlement Administrator to Settlement Class Members.  The online Claim Form interface shall be developed by the Settlement Administrator and is subject to review and approval by the Parties.  The written Claim Form shall be substantially in the form of Exhibit A, attached hereto.

(g)     "Claim Deadline" means the date by which all Claim Forms must be postmarked or received by the Settlement Administrator to be considered timely.  The Claim Deadline shall be 30 days after Final Approval (Final Fairness) Hearing.

(h)     "Claimant" means a Settlement Class Member who has submitted a Claim by the Claim Deadline.

(i)      "Class Counsel" shall have the meaning set forth in Paragraph 8.2 of this Settlement Agreement.

(j)      "Class Representatives" means Susan Sabol, Valerie Done and Kathleen Klodner.  "Former Class Representative" means Tami Gray.

(k)      "Clear and Conspicuous" shall mean, when referring to a statement, disclosure, or any other information provided to consumers, that such statement, disclosure, or other information by whatever medium communicated is readily understandable for a reasonable consumer to read and comprehend, and is presented in such size, color, contrast, location, and audibility that is readily noticeable to reasonable consumers to whom it is disclosed.

(l)      "Common Fund" means the fund in the amount of Three Million Dollars ($3,000,000) to be deposited by Defendants into an interest bearing joint Escrow Account for the benefit of the Settlement Class, as set forth more fully in Section 4 of this Settlement Agreement.  Administrative costs and expenses, the cost of Notice, and attorneys' fees and costs, and other amounts as set forth herein shall be paid from the Common Fund.

(m)      "Complaint" means the Second Amended Class Action Complaint filed in this Action by Class Counsel.

(n)      "Court" shall mean the United States District Court for the District of New Jersey, where this matter is currently pending before the Honorable Kevin McNulty.

(o)      "Defendants" shall mean Hydroxatone LLC, Atlantic Coast Media Group LLC and their affiliates, subsidiaries, parents, related companies and their

respective officers, directors, shareholders, managers, partners, contractors, representatives, employees, agents, marketing partners and predecessors, successors and assigns, and each of them.

(p) "Effective Date" means the first date by which all of the following events shall have occurred:

(i) the Court has entered the Preliminary Approval Order substantially in the form of Exhibit B attached hereto;

(ii) the Court has entered the Final Approval Order and Judgment substantially in the form of Exhibit C attached hereto and the Final Approval Order and Judgment has been entered approving the Settlement Agreement in all respects, dismissing the Action with prejudice, and such Final Order being immediately appealable; and

(iii) the time for appeal from the Final Order shall have expired, or if any appeal of the Final Order as to the Settlement Agreement is taken, that appeal shall have been finally determined by the highest court, including motions for reconsideration and/or petitions for writ of certiorari, and which Final Order is not subject to further adjudication or appeal, and has been confirmed in whole pursuant to the terms of the Settlement Agreement and Final Order as entered and effective.

(q) "Email Notice" means the email notice substantially in the form of Exhibit D attached hereto.  The Email Notice will be sent electronically to the last known email address of all Settlement Class Members for whom Defendants have email addresses.

(r)      "Escrow Account" means the escrow account established pursuant to and in accordance with the terms and conditions set forth in the Escrow Agreement between the Parties, substantially in the form of Exhibit E, with an escrow agent to be selected by the Parties.  The terms and conditions of the escrow agreement attached as Exhibit E are material terms and are incorporated into this Settlement Agreement by this reference.

(s)      "Fee and Cost Application" means the written motion or application by which Susan Sabol, Valerie Done and Kathleen Klodner and/or Class Counsel request that the Court award attorneys' fees, costs, expenses and Participation Awards (as defined herein).

(t)      "Final Approval (Final Fairness) Hearing" means the hearing scheduled to take place at least one-hundred (100) days after the date of entry of the Preliminary Approval Order at which the Court shall:

(i)      determine whether to grant final approval to this Settlement Agreement and to finally certify the Settlement Class;

(ii)      consider any timely objections to this Settlement and all responses hereto; and

(iii)      consider the Fee and Cost Application.

(u)      "Final Approval Order and Judgment" means the Order, substantially in the form of Exhibit C attached hereto, in which the Court grants final approval of this Settlement Agreement, finally certifies the Settlement Class, and authorizes the entry of a final judgment and dismissal of the Action with prejudice.  The

form of the Final Approval Order and Judgment, attached as Exhibit C hereto, is a material term of this Settlement Agreement.

(v)     "Long Form Notice" or "Long Form Publication Notice" means the Notice of Proposed Settlement of Class Action that will be published on the Settlement Administrator's website substantially in the form attached as Exhibit F.

(w)     "Net Common Fund" shall have the meaning set forth in Paragraph 4.1(a)(ii).

(x)     "Notice" shall mean, collectively, the communications by which Settlement Class members are notified of this Settlement Agreement and the Court's Preliminary Approval of this Settlement Agreement; this includes the Email Notice, Postcard Notice, Long Form Notice and Publication Notice.

(y)     "Participation Award" shall be the consideration to the named Plaintiffs for their participation in this Action, as described in Paragraph 4.1(d).

(z)     "Party" and "Parties" shall have the meaning set forth in the introductory paragraph of this Settlement Agreement.

(aa)     "Person(s)" shall mean any natural person, individual, corporation, association, partnership, trust, or any other type of legal entity.

(bb)     "Plaintiffs" shall have the meaning set forth in the introductory paragraph of this Settlement Agreement.

(cc)     "Plaintiffs' Counsel" shall mean the firms of Cohen Milstein Sellers & Toll PLLC, McLaughlin & Stern LLP and the Law Office of Angela Edwards.

(dd)     "Plaintiffs' Lead Counsel" shall mean the firm of Cohen Milstein Sellers & Toll PLLC.

(ee)     "Postcard Notice" or "Short Form Postcard Notice" means the postcard notice substantially in the form of Exhibit G attached hereto.  The Postcard Notice will be sent by United States Mail to the last known physical address of all Settlement Class Members for whom an acceptable email address is not available.

(ff)     "Preliminary Approval" or "Preliminary Approval Order" shall mean the Court's entry of an order of preliminary approval of this Settlement Agreement which shall be substantially in the form of Exhibit B attached hereto.  The form of the Preliminary Approval Order attached hereto as Exhibit B is a material term of this Settlement Agreement.

(gg)     "Product Benefit(s)" refers to the Hydroxatone-branded products (as further described in Section 5 below) that will be distributed to Approved Claimants who select and/or are entitled to a Product Benefit(s) option under the terms of this Settlement Agreement.  Shipping and processing costs will be paid out of the Common Fund.

(hh)     "Publication Notice" means the "Long-Form Publication Notice" and the "Short-Form Postcard Notice" substantially in the forms of Exhibits F and G, respectively, attached hereto.  The Long-Form Publication Notice will be published on a specifically designated website accessible via the Internet and the Short-Form Postcard Notice will be published via the wire services of either PR Newswire or Business Wire.

(ii)     "Related Actions" shall mean all actions asserting claims and allegations similar to those set forth in the Action, including any claims and/or litigations arising out of or related to the purchase of any Hydroxatone-branded products or enrollment or participation in any Risk Free Trial and/or Auto-Shipment Program,

including but not limited to the action entitled Margolis v. Hydroxatone LLC et al., Civil

Action No. 2:11-cv-4355 (SRC)(CLW), which is pending in the United States District

Court for the District of New Jersey.

(jj)   "Released Claims" shall have the meaning set forth in Section 14

of this Settlement Agreement.

(kk)   "Released Parties" shall have the meaning set forth in Section 14

of this Settlement Agreement.

(ll)   "Releasing Parties" shall have the meaning set forth in Section 14

of this Settlement Agreement.

(mm)   "Request for Exclusion" means a valid request for exclusion from

a member of the Settlement Class as set forth in Section 11 of this Settlement Agreement.

(nn)   "Risk-Free Trial" shall mean, for purposes of this Settlement

Agreement, any offer or program by which a consumer is able to receive and use

product(s) for a specified period of time (including offers and programs in which

consumers are charged a shipping and processing fee) and will only incur an obligation to

pay for such product(s) if he or she does not take affirmative actions to cancel and return

the product package or jar before the end of the specified trial period of time.  For

purposes of this Settlement Agreement, consumers are deemed to participate in a Risk-

Free Trial offer or program upon receiving Hydroxatone-branded products.

(oo)   "Settlement Administrator" shall have the meaning set forth in

Paragraph 9.1 of this Settlement Agreement.

(pp)   "Settlement Agreement," "Settlement," or "Agreement" means this Stipulation and Agreement of Settlement, including all attached and/or incorporated exhibits.

(qq)   "Settlement Amount" means the aggregate value of the Settlement Benefits.

(rr)   "Settlement Benefits" shall mean the Cash Benefit and the Product Benefit.

(ss)   "Settlement Class" shall have the meaning set forth in Paragraph 3.1 of this Settlement Agreement.

(tt)   "Settlement Class Member" (also referred to herein as "Class Member") means any Person within the Settlement Class who does not submit a timely and valid Request for Exclusion.

(uu)   "United States" includes the fifty states of the United States and all territories and possessions of the United States.

1.3   Singular and Plural. Definitions used herein shall apply to the singular and plural forms of each term defined.

1.4   Gender. Definitions used herein shall apply to the masculine, feminine, and neuter genders of each term defined.

1.5   References to a Person. References to a Person are also to the Person's permitted successors and assigns.

1.6   Terms of Inclusion. Whenever the words "include," "includes" or "including" are used in this Settlement Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

2.      **COOPERATION BY THE PARTIES**

2.1      <u>Cooperation</u>.  The Parties and their counsel agree to cooperate fully with each other to promptly execute all documents and take all steps necessary to effectuate the terms and conditions of this Settlement Agreement.  The Parties and their counsel further agree to support the Final Approval of the Settlement Agreement including against any appeal of the Final Approval Order and Judgment including any collateral attack on the Settlement Agreement or the Final Approval Order and Judgment.

3.      **DEFINITION OF THE SETTLEMENT CLASS**

3.1      <u>Settlement Class</u>.  For purposes of this Settlement Agreement only, the Parties agree to the certification, as discussed in Paragraph 8 of this Settlement Agreement, of a Settlement Class as defined below:

> **"Settlement Class"**
>
> All Persons residing in the United States who between January 1, 2005 and [insert date of Preliminary Approval Order] received, ordered, signed up for, paid for, and/or were charged for Hydroxatone-branded products, and/or were charged shipping and processing fees for such products, in connection with a Risk-Free Trial and/or Auto-Shipment Program.

3.2      <u>Settlement Class Exclusions</u>.  The following persons are expressly excluded from the Settlement Class: Defendants, any entities in which Defendants has or had a controlling interest, any officers or directors of Defendants, the legal representatives, heirs, successors, and assigns of Defendants, any Judge assigned to this action and his or her immediate family, and anyone who timely requests exclusions from the Class.

4.      **CONSIDERATION TO PLAINTIFFS AND THE SETTLEMENT CLASS**

        4.1     <u>Consideration to Plaintiffs and the Settlement Class</u>.  In exchange for the terms and conditions set forth in this Settlement Agreement, including without limitation the Released Claims, Defendants will provide the following consideration:

                (a)     **Common Fund**.

                        (i)     Defendants will pay the Three Million Dollars ($3,000,000) to establish a Common Fund for the benefit of the Settlement Class, in accordance with the terms and conditions set forth in the Escrow Agreement.

                        (ii)    The following shall be paid out of the Common Fund prior to any distribution of the Common Fund to the Settlement Class:

                                (1)     attorney's fees and costs;

                                (2)     Participation Awards;

                                (3)     administrative costs and the costs of Notice, but excluding internal costs to Defendants (except as providing in section 4.1(a)(ii)(4) herein) to administer the Settlement; and

                                (4)     shipping and processing costs ("Shipping and Processing Costs") not to exceed $7.95 per shipment, in connection with the provision of benefits to all Approved Claimants who elect to receive a Product Benefit.

                        (iii)   All of the amounts referenced in Paragraph 4.1(a)(ii) shall be paid from the Common Fund prior to any distribution to the Settlement Class.  The remainder of the Common Fund, following the deduction of the amounts set forth in Paragraph 4.1(a)(ii) above, shall be referred to herein as the "Net Common Fund."

                        (iv)    Any distribution of monies from the Net Common Fund to provide Cash Benefits (as further described in Section 5 of this Settlement Agreement)

to the Settlement Class shall commence only after the Effective Date.  In the event that

Approved Claims for Cash Benefits exceed the available cash in the Net Common Fund,

all Cash Benefits will be reduced in a pro rata proportion.

      (v)    In the event that there remains cash in the Net Common

Fund after all Cash Benefits have been paid, or from Class Members failing to cash

settlement checks, the remaining cash will be allocated by Class Counsel to The

Electronic Frontier Foundation through *cy pres* distributions, or as otherwise directed by

the Court.

      (vi)    Cash Benefits will be paid to Settlement Class Members in

accordance with the Settlement Benefit Rules described in Section 5 of this Settlement

Agreement.

      (vii)    Defendants, and/or their insurer, shall deposit the Three

Million Dollars ($3,000,000) cash payment into the Escrow Account within ten (10)

business days of the entry of the Preliminary Approval Order.

    (b)    **Product Benefit.**  Defendants will provide to the Settlement Class

up to $4 million in Product Benefits in the form of Hydroxatone-branded products, as

further described in Section 5 of this Settlement Agreement.

    (c)    **Prospective Relief.**

      (i)    This Section 4.1(c) of this Settlement Agreement shall

apply to Defendants and Defendants' successors, assigns, officers, agents, servants,

employees and representatives.  Isolated violations of the Settlement Agreement,

including marketing materials or representations, and technical and/or human errors, will

not result in a formal action or motion to the Court, related to any matters set forth in

this Settlement Agreement, including but not limited to an application for an order of

contempt, unless said violations are not appropriately addressed after they have been

identified in writing to Defendants by Class Counsel.

(ii)     Defendants hereby agree that they will adhere to the

following for all Hydroxatone-branded products:

(1)     Defendants will not use the word "free" by itself for

offers where the customer is required to return the product that is being offered to avoid

being billed for the price of such product;

(2)     Defendants will disclose the terms of their Risk

Free Trial and Auto-Shipment Program(s) in a Clear and Conspicuous manner before

getting the customer's final acceptance to the offer;

(3)     Defendants will provide a simple mechanism on

Hydroxatone-branded websites controlled by Hydroxatone that allows a customer to

easily effectuate a cancellation of an Auto-Shipment Program; and

(4)     Defendants will provide customers who provide an

email address and who cancel with email confirmation to that email address of such

cancellation within 10 days of the cancellation becoming effective.

(iii)    <u>Opportunity to Cure</u>. Should Plaintiffs, their counsel, or

any of the Class Members claim that Defendants are in violation of any of the terms set

forth above, the Defendants must be afforded thirty (30) days prior written notice and

opportunity to cure.

(d)     **Participation Awards to Plaintiffs.** Defendants agree not to

oppose Class Counsel's request for the Court to award a Participation Award of $1,000 to

each Class Representative, and $500 to the Former Class Representative.  If approved,

such Participation Awards will be added to Class Counsel's cost bill submitted to the

Court and paid directly by Class Counsel to Plaintiffs.

**5.       SETTLEMENT BENEFITS RULES**

5.1    <u>Settlement Benefits</u>.  In addition to all other consideration set forth in the

Agreement, including the Prospective Relief, Settlement Class Members may file a Claim

with the Settlement Administrator to obtain a Settlement Benefit selecting either the Cash

Benefit or the Product Benefit set forth in Paragraphs 5.3 and 5.4 of this Settlement

Agreement.  To be eligible to receive a Settlement Benefit, Settlement Class Members

must submit a completed Claim Form to the Settlement Administrator by the Claims

Deadline and comply with the Settlement Benefit Rules described in this Settlement

Agreement.

5.2    <u>Claims-Based Settlement</u>.  This is a claims-based settlement.  There will

be no reversion of any portion of the Common Fund to Defendants.  All Settlement Class

members who submit an Approved Claim will receive a *pro rata* share of the Net

Common Fund and/or Product Benefit according to the following guidelines:

5.3    <u>Group One Claimants</u>

(a)      "Group One Claimants" are Settlement Class Members who

submit a Claim and represent, in a sworn statement on the Claim Form, that they

(i)      tried to, attempted to, made efforts to, or took any actions

designed to return Risk-Free Trial product(s) and/or Auto-Shipment Program product(s)

and paid more than shipping and processing and/or return postage in connection with

such product and/or received additional shipments of product for which they paid, OR

(ii)     cancelled and/or attempted to cancel their Auto-Shipment

Program memberships but received additional shipments of product for which they paid

more than shipping and processing and/or return postage.

(b)     Group One Claimants will be eligible to receive their choice of

either a *pro rata* share of the Net Common Fund (Cash Benefit), or Product Benefits.

The Cash Benefit option is calculated as follows:

(i)     Cash Benefit option

| | |
|---|---|
| Group 1 Claimant who spent more than $200 with Defendants after all prior refunds | $100 |
| Group 1 Claimant who spent between $100 and $200 with Defendants after all prior refunds | $75 |
| Group 1 Claimant who spent less than $100 with Defendants after all prior refunds | $40 |

(ii)     Product Benefit option (while supplies last, pursuant to the

total product value limitation described in this Agreement)

| Group 1 Claimant who spent more than $150 with Defendants after all prior refunds | Choice of One of the Following Products | Retail Price |
|---|---|---|
| | 1. Luminique Facial Brightener   3oz | $49.95 |
| | 2. Sunsoak Age-Defying Self Tanner 1oz | $59.95 |
| | 3. Pore Minimizer Serum 1 oz | $59.95 |
| | 4. Instant Wrinkle Filler 30 Day Boxes | $59.95 |
| | 5. Instant Effect 30 Day Boxes | $59.95 |
| | 6. Celtrixa Stretchmark Lotion- Original Formula | $59.95 |
| **Group 1 Claimant who spent $150 or less with Defendants after all prior refunds** | **Choice of One of the Following Products** | **Retail Price** |
| | Hydroxatone Anti-aging Body Lotion by Celtrixa | $19.95 |
| | Declatone Deluxe Sample for Retail - | $29.95 |

|  | 0.5oz |  |
|--|-------|--|
|  | Hydroxatone Gentle Milky Cleanser 3 oz | $39.95 |
|  | Hydroxatone Age Defying Toner   3oz | $39.95 |
|  | Keracalm | $39.95 |

Defendants reserve the right to substitute products based upon supply and availability.

      5.4    <u>Group Two Claimants</u>

      (a)    "Group Two Claimants" are Settlement Class Members who submit a Claim and represent, in a sworn statement on the Claim Form, that they

      (i)    paid only shipping and processing and/or return postage in connection with Risk-Free Trial product(s) and/or Auto-Shipment Program product(s);

      (ii)    paid more than shipping and processing and/or return postage in connection with Risk-Free Trial product(s) and/or Auto-Shipment Program product(s); but did not try to, attempt to, or take any action designed to return the products;

      (iii)    cancelled and/or attempted to cancel an Auto-Ship Program membership, but paid only shipping and processing or return postage costs;

      (iv)    never tried to cancel their Auto-Ship Program membership; or

      (v)    otherwise fall within the definition of the Settlement Class.

      (b)    Group Two Claimants will be eligible to receive their choice of one Product Benefit from the following products while  supplies last (pursuant to the total product value limitation described in this Agreement).

| Group II Claimants | **Choice of One of the Following Products** | **Retail Price** |
|--------------------|---------------------------------------------|------------------|
|  | Hydroxatone Anti-aging Body Lotion by Celtrixa | $19.95 |

| | | |
|---|---|---|
| | Declatone Deluxe Sample for Retail - 0.5oz | $29.95 |
| | Hydroxatone Gentle Milky Cleanser 3 oz | $39.95 |
| | Hydroxatone Age Defying Toner   3oz | $39.95 |
| | Keracalm | $39.95 |

5.5     <u>Settlement Benefit Rules</u>

(a)     A Claim for Settlement Benefits will not be an Approved Claim unless a Claimant submits to the Settlement Administrator by the Claims Deadline a Claim Form completed in its entirety providing information to verify that he or she is appropriately claiming a Settlement Benefit in accordance with this Settlement Agreement.

(b)     A Claimant will not be entitled to a Settlement Benefit unless he or she:

(i)     paid Defendants money that was not refunded in connection with a Risk Free Trial and/or Auto-Shipment Program; and

(ii)     swears under oath, and/or provides documentation showing that he or she was charged, paid, and/or was not refunded, credited, or reimbursed for the amounts claimed to be charged and/or paid.

(c)     No Settlement Class Member will be entitled to a Settlement Benefit if the Settlement Class Member previously

(i)     received a full credit, refund, adjustment or offset of money paid to Defendants in connection with a Risk Free Trial and/or Auto-Shipment Program; or

(ii)     released Defendants from liability arising out of such transaction(s) in a prior claim or lawsuit.

(d)      Claimants shall have until the Claims Deadline to file a Claim Form and to show sufficient proof that they are eligible under the Settlement Benefit Rules.  Settlement Benefits may be requested by deceased Settlement Class Members through representatives of their estate if appropriate documentation is provided.

(e)      No Settlement Benefits shall be distributed under this Settlement Agreement until after the Effective Date, unless otherwise agreed to by the Parties.  If this Settlement Agreement is not approved, no payments or distributions of Settlement Benefits of any kind shall be made.

(f)      With regard to Claims submitted by Claimants, Defendants/Settlement Administrator (with oversight from Plaintiffs' Counsel) may verify that such Claimants satisfy the criteria to be eligible for the claimed benefit.

(g)      If a Claim Form for a Group One Benefit is received from a valid Settlement Class Member, but that Settlement Class Member does not otherwise qualify for a Group One Benefit, then, subject to the verification above, such Settlement Class Member will be offered a Group Two Benefit.  A Settlement Class Member may only receive a benefit from Group One or Two, but not both

(h)      So long as there is sufficient money in the Common Fund, Approved Claimants who choose a Product Benefit shall incur no expense or costs in connection with the Product Benefit (including, without limitation any costs associated with shipping and processing of the product).  Shipping and Processing Costs will be paid from the Common Fund in accordance with Section 4 above.  Further, Approved Claimants will not be asked to provide any credit or debit card information in connection

with their choice of the Product Benefit.  If there is not sufficient money in the Common

Fund to cover all Shipping and Processing Costs, all Benefits will be reduced *pro rata*.

                (i)      In the event that the claims for Settlement Benefits exceed the Net

Common Fund and/or Product Benefits, the Cash and/or Product Benefits shall be

reduced *pro rata* and in no event will Defendants be required to provide any further Cash

or Product Benefits.

## 6.      SETTLEMENT BENEFIT CLAIMS PROCESS

      6.1     The Settlement Administrator shall maintain a website that provides

information regarding the Settlement, including the Long Form Notice, and enables the

on-line filing of Claim Forms.

      6.2     Settlement Class Members shall be given the option of completing the

Claim Form online or submitting the Claim Form by mail.

      6.3     From the date that Class Notice is first provided and through at least the

Claims Deadline, the Settlement Administrator shall also maintain a toll-free telephone

number for Settlement Class Members to obtain information regarding the Settlement,

including instructions on how to file a Claim.

      6.4     The Settlement Administrator shall deem Claims to be Approved Claims

only in accordance with this Settlement Agreement.

      6.5     The Settlement Administrator shall not determine that a Claim is an

Approved Claim unless the Claimant provides all of the information requested on the

Claim Form or otherwise provides sufficient proof to meet a preponderance of evidence

standard confirming that he or she is entitled to a Settlement Benefit.

6.6     The Settlement Administrator shall identify duplicate Claims using reasonable means (such as the use of unique identifying numbers on each Claim Form) and deny the duplicate Claim(s).

6.7     The Settlement Administrator shall deny Claims that are not submitted by the Claims Deadline.

6.8     Defendants and Class Counsel shall have the right to inspect and verify the Claim Forms (including forms submitted electronically) received by the Settlement Administrator, and Defendants may submit pertinent information to the Settlement Administrator for review and consideration by the Settlement Administrator for purposes of determining whether a Claim shall be deemed an Approved Claim.

6.9     Defendants shall have the right to object to Claims being deemed an Approved Claim for any reason that is in accordance with this Settlement Agreement. The Settlement Administrator shall provide Class Counsel with a list of Claims to which an objection is made, together with the reasons for the objection.  If Class Counsel do not dispute an objection to a Claim Form, that Claim Form shall be rejected by the Settlement Administrator.  If a dispute arises between Class Counsel and Defendants regarding any objection to a Claim Form and/or decision by the Settlement Administrator regarding a lack of qualifying proof on a Claim Form that results in a materially lower settlement benefit categorization than has been requested by a putative Claimant, Defendant and Class Counsel shall agree upon a dispute resolution process that shall, at a minimum, require that the Parties confer regarding the same, and if no agreement is reached, the submission of the dispute to an arbitrator to be appointed by the Court and compensated out of the Common Fund.

6.10    If a Claim Form is rejected by the Settlement Administrator, the Settlement Administrator shall provide written notice to the Claimant making the Claim by mailing a letter or emailing such notice to any email address provided by the Person for the receipt of correspondence by the Settlement Administrator.

6.11    Except as set forth above, if a Claim for Cash Benefits is accepted, there shall be no notice of acceptance required to be sent to the Claimant.  Tender of the Settlement Benefit shall suffice for notice.

6.12    If a Claim for a Product Benefit is accepted, the Settlement Administrator shall provide the Claimant with a letter or email containing a unique code and/or instructions that will enable the Claimant to obtain his or her Product Benefit if and when such Settlement Benefits are tendered, along with instructions for how and when to obtain the Settlement Benefit.

6.13    If a Person entitled to a Settlement Benefit wishes to contest the amount of his or her award, the Person may not deposit or cash the check or claim the Product Benefit.  The person must object in writing notifying the Settlement Administrator within twenty (20) days from the issue date on their distribution check of the reasons underlying the objection and provide any and all documentation which he or she believes will support a different Benefit Settlement amount.

6.14    The deadline for submitting the Claim Form shall be the Claims Deadline. Any Claim Form submitted after the Claim Deadline shall be untimely and void.  In the event of a dispute over the timeliness of a Claim Form, the dispute resolution procedures described above shall apply.

7.      **CLASS COUNSEL'S FEES AND COSTS**

7.1      <u>Class Counsel's Fees and Costs</u>.  Class Counsel will apply to the Court by motion for an award to Class Counsel for attorneys' fees of up to 33 1/3 percent of the Common Fund and costs, to be paid from the Common Fund.  Attorneys' fees and costs awarded by the Court shall be allocated among Plaintiffs' Counsel by Plaintiffs' Lead Counsel in a manner that, in Plaintiffs' Lead Counsel's sole opinion, fairly compensates Plaintiffs' Counsel for their respective contributions to the progress of and results obtained in the litigation.  Class Counsel will also apply for Participation Awards for the Class Representatives and the Former Class Representative in the aggregate amount of $3,500 payable from the Common Fund, and shall be entitled to receive such compensation to the extent awarded by the Court.  Defendants and their agents agree not to oppose the application for attorney's fees or expenses, or for Participation Awards as set forth herein.

7.2      <u>Disbursement of Attorneys' Fees and Costs and Plaintiff Compensation</u>. Pursuant to written directions from Plaintiffs' Lead Counsel to Defendants, attorneys' fees and costs and Plaintiffs' Participation Awards awarded by the Court shall be paid to Plaintiffs' Lead Counsel within fifteen (15) days of the date the Court enters its Order awarding such fees and costs.  Notwithstanding the foregoing, if for any reason the Court fails to grant final approval to this Settlement Agreement; the Final Approval Order and Judgment is reversed or rendered void as a result of an appeal; or this Settlement Agreement is voided, rescinded, or terminated for any other reason, then Class Counsel shall return to Defendants all fees, costs and other payments received by Class Counsel under this Agreement.  In such event, Class Counsel shall be severally liable for such payments to the extent received by them.  To effectuate this provision, each individual

attorney or firm who receives a share of payments under this provision shall execute a guarantee of repayment in the form attached hereto as Exhibit H.

7.3    The Parties agree that the rulings of the Court regarding the amount of attorneys' fees or costs and any Participation Award, and any claim or dispute relating thereto, will be considered by the Court separately from the remaining matters to be considered at the Final Approval Hearing as provided for in this Settlement Agreement and any determinations in that regard will be embodied in a separate order.  Any order or proceedings relating to the amount of attorneys' fees or incentive award, including any appeals from or modifications or reversals of any order related thereto, shall not operate to modify, reverse, terminate, or cancel the Settlement Agreement, affect the releases provided for in the Settlement Agreement, or affect whether the Final Approval Order and Judgment becomes Final as defined herein, unless such order would, if entered, cause Defendants' total liability for attorneys' fees to exceed 33 1/3 percent of the Common Fund, in which event, Defendants may terminate this Settlement Agreement in accordance with the provisions set forth above.

**8.    PRELIMINARY APPROVAL OF SETTLEMENT AND CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS**

8.1    As soon as practicable after the execution of this Settlement Agreement, Class Counsel and Defendants' Counsel shall jointly apply for entry of the Preliminary Approval Order in the form of Exhibit B hereto.  The Preliminary Approval Order shall include provisions:

(a)    preliminarily certifying the Settlement Class for settlement purposes only;

(b)     preliminarily approving this Settlement and finding this Settlement sufficiently fair, reasonable and adequate to allow Notice to be disseminated to the Settlement Class;

(c)     approving the form, content, and manner of the Notice;

(d)     setting a schedule for proceedings with respect to final approval of this Settlement;

(e)     providing that, pending entry of a Final Approval Order and Judgment, the Parties shall cooperate in seeking orders that no Settlement Class Member (either directly, in a representative capacity, or in any other capacity) shall commence or continue any action against Defendants or other Released Parties asserting any of the Released Claims; and

(f)     staying the Action, other than such proceedings as are related to this Settlement.

8.2     For settlement purposes only, the Parties agree that the Court may enter an order conditionally certifying the Settlement Class, appointing Lead Plaintiffs Susan Sabol, Valerie Done and Kathleen Klodner as representatives of the Hydroxatone Settlement Class, and appointing the following counsel as "Class Counsel" for the Settlement Class:

COHEN MILSTEIN SELLERS & TOLL PLLC
Andrew N. Friedman
Whitney R. Case
1100 New York Avenue, N.W., Suite 500 West
Washington, DC 20005-3964

MCLAUGHLIN & STERN LLP
Lee S. Shalov
260 Madison Ave.
New York, NY 10016

LAW OFFICE OF ANGELA EDWARDS
Angela Edwards
72 Canterbury Circle
East Longmeadow, MA 01028

8.3     Conditional certification of the Settlement Class and appointment of

Plaintiffs as Class Representatives and Class Counsel by the Court shall be binding only

if the terms of this Settlement Agreement are given full force and effect.  In the event this

Settlement Agreement is terminated pursuant to its terms, or a Final Approval Order and

Judgment does not occur for any reason, the conditional certification of the Settlement

Class and Class Counsel shall be automatically nullified with the Parties reserving all of

their rights with respect to class certification.

**9.      SETTLEMENT ADMINISTRATOR**

9.1     The parties will jointly select an independent Settlement Administrator,

who, among other things, will work with the Parties to:

(a)     provide Notice to Settlement Class members;

(b)     maintain a settlement website, which shall include a posting of the

Long Form Notice;

(c)     process Claim Forms;

(d)     respond to Settlement Class Member inquiries;

(e)     confirm the issuance of Cash Benefits to the Approved Claimants;

(f)     oversee the shipment of Product Benefits to Approved Claimants;

(g)     provide any necessary certifications to the Court concerning the

administration and processing of claims; and

(h)     provide CAFA Notice, with assistance from Defendants.

9.2     No later than fifteen (15) calendar days before the Final Approval (Final Fairness) Hearing, the Settlement Administrator shall provide to Class Counsel the following information:

        (a)     the number of e-mail notices sent to Settlement Class members;

        (b)     the number of postcard notices sent to Settlement Class members;

        (c)     the approximate number of visits to the settlement website from the date of entry of a Preliminary Approval Order; and

        (d)     such other similar tracking information reasonably requested by Class Counsel.

## 10.     NOTICE OF SETTLEMENT AND ADMINISTRATION OF CLAIMS

10.1     As soon as practicable after the Preliminary Approval of the Settlement Class, Defendants shall initiate a search of its reasonably available electronic data in an effort to ascertain the valid electronic mail address of each Settlement Class member. Thereafter, the Settlement Administrator shall send to all identified potential Settlement Class members via electronic mail a copy of the Email Notice (which shall be substantially in the form of Exhibit D attached hereto).

10.2     For those Settlement Class Members for whom Defendants do not have a valid electronic mail address, and for those emails sent to Settlement Class Members that are deemed undeliverable, the Settlement Administrator shall send the Post Card Notice (which shall be substantially in the form of Exhibit G attached hereto).

10.3     The Individual Notice shall direct Class Members to a settlement website where the Long Form Notice (which shall be substantially in the form of Exhibit F attached hereto) and Claim Forms (which shall be substantially in the form of Exhibit A attached hereto) will be available and where class members will be able to file a Claim

Form electronically.  The Settlement Administrator shall use its commercially reasonable efforts to complete the identification of Settlement Class members and electronic mailing of these notices Settlement Class members within 30 days from the entry of the Preliminary Approval Order.

10.4    The Settlement Administrator shall provide the Publication Notice to potential Settlement Class members through a press release describing the Settlement via P.R. Newswire or Business Wire services an via a specifically designated website accessible via the Internet.  The Publication Notice shall be designed to comply with Fed. R. Civ. P. 23(c)(2) and shall state that a class action lawsuit involving Hydroxatone has been settled and advise that if the reader was a Hydroxatone customer, he or she may be entitled to Settlement Benefits.  If a Settlement Class member contacts the Settlement Administrator, the Settlement Administrator will provide as requested, via electronic mail, the individual with the Long Form Notice and a Settlement Class Claim Form. Defendants and the Settlement Administrator shall make such Publication Notice within thirty (30) calendar days after the Preliminary Approval of the Settlement as provided herein.  Upon entry of a Preliminary Approval Order, the Settlement Administrator shall also update and continue to maintain the Settlement website.  Such website will continue to host appropriate information relating to the Settlement and administration of Claims, and contact information for the Settlement Administrator.  In addition, the website will post the Second Amended Complaint; the Preliminary Approval Order; and this Settlement Agreement.  Such website will also provide a link to Class Counsel's website.

10.5    All of the costs associated with Notice and settlement administration will be paid from the Common Fund.

10.6    The Settlement Administrator will timely notify the appropriate federal and state officials of this Settlement Agreement to the extent required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

## 11.    REQUESTS FOR EXCLUSION

11.1    Settlement Class members who wish to exclude themselves (opt out) from the Settlement Class must submit a written Request for Exclusion to the Settlement Administrator.  To be effective, such a request must include the Settlement Class members'

(a)    name,

(b)    mailing address,

(c)    e-mail address,

(d)    the signature of the Settlement Class member (or, in the case of a Person who is deceased or incapacitated only, the signature of the legally authorized representative of that Settlement Class member), and

(e)    substantially the following statement, "I want to opt out of the class certified in the Sabol/Done v. Hydroxatone litigation."

11.2    Requests for Exclusion may be submitted via First Class United States Mail or other overnight private carrier such as FedEx, paid by the Settlement Class member and sent to the Settlement Administrator at the address provided in the Individual Notice of Settlement.  Requests for Exclusion must be postmarked no later than twenty one (21) days before the Final Approval (Final Fairness) Hearing.

11.3    The Settlement Administrator shall promptly log each Request for Exclusion that is received, and shall provide copies of the log and all such Requests for

Exclusion to Class Counsel no later than ten (10) days before the Final Approval (Final Fairness) Hearing.

**12.     OBJECTIONS**

12.1     Settlement Class members who do not request exclusion from the Settlement Class may object to the Settlement.  Settlement Class Members who choose to object to the Settlement must file written notices of intent to object with the Court and serve copies of any such objection on counsel for the Parties, as set forth in more detail in Paragraph 12.2 of this Settlement Agreement.  Any Settlement Class Member may appear at the Final Approval (Final Fairness) Hearing, in person or by counsel, and be heard to the extent permitted under applicable law and allowed by the Court, in opposition to the fairness, reasonableness, and adequacy of the Settlement, and on Class Counsel's application for an award of attorneys' fees and costs.  The right to object to the Settlement must be exercised individually by an individual Settlement Class member and, except in the case of a deceased, minor, or incapacitated Person or where represented by counsel, not by the act of another Person acting or purporting to act in a representative capacity.

12.2     To be effective, a notice of intent to object to the Settlement must be filed with the Court and must:

(a)     Contain a caption that includes the name of the Sabol/Done Case and the case number as follows: *Sabol et al. v. Hydroxatone*, Case No. 2:11-cv-04586-KM-MAH (D.N.J.);

(b)     Provide the name, address, telephone number and signature of the Settlement Class member filing the intent to object;

(c)     Provide the approximate date of his/her transaction with Hydroxatone and the total amount paid by him or her for Hydroxatone products;

(d)     Verify by sworn statement that he or she has not received a refund of his/her Hydroxatone product charges and/or shipping and processing charges and/or that they have not been reimbursed for return postage charges paid;

(e)     Be filed with the District of New Jersey Clerk of the Court not later than 30 (thirty) days before the date of the Final Approval Hearing;

(f)     Be served on Class Counsel and counsel for Defendants so as to be received no later than 30 (thirty) days before the date of the Final Approval Hearing;

(g)     Contain the name, address, bar number and telephone number of the objecting Settlement Class Member's counsel, if represented by an attorney;

(h)     Contain the number of class action settlements objected to by the Settlement Class Member in the last three years; and

(i)     State whether the objecting Settlement Class member intends to appear at the Final Approval (Final Fairness) Hearing, either in person or through counsel.

12.3     In addition to the foregoing, if the Settlement Class Member is represented by counsel and such counsel intends to speak at the Final Approval (Final Fairness) Hearing, a notice of intent to object must contain the following information:

(a)     A detailed statement of the specific legal and factual basis for each and every objection; and

(b)     A detailed description of any and all evidence the objecting Settlement Class member may offer at the Final Approval (Final Fairness) Hearing,

including copies of any and all exhibits that the objecting Settlement Class member may introduce at the Final Approval (Final Fairness) Hearing.

   12.4 Any Settlement Class member who does not file a timely and adequate notice of intent to object in accordance with this Section 12 waives the right to object or to be heard at the Final Approval (Final Fairness) Hearing and shall forever be barred from making any objection to the Settlement.  To the extent any Settlement Class member objects to the Settlement, and such objection is overruled in whole or in part, such Settlement Class member will be forever bound by the Final Approval Order and Judgment of the Court.

## 13. FINAL APPROVAL

   13.1 The Individual Notice to Settlement Class shall contain a date, time, and location for the Final Approval (Final Fairness) Hearing to be conducted by the Court.

   13.2 Upon final approval of this Settlement Agreement, the Final Approval Order and Judgment (which shall be substantially in the form of Exhibit C attached hereto) shall be entered by the Court, which shall, *inter alia*:

     (a) Grant final approval to the Settlement and Settlement Agreement as fair, reasonable, adequate, in good faith and in the best interest of Plaintiffs and all Class Members, and order the Parties to carry out the provisions of this Settlement Agreement;

     (b) Adjudge that the Releasing Parties are conclusively deemed to have released Defendants and the Released Parties of the Released Claims;

     (c) Bar and permanently enjoin each Settlement Class Member, including but not limited to the plaintiffs in Related Actions, from prosecuting against the Released Parties any and all of the Released Claims;

     (d)     Enjoin Defendants as set forth in the Prospective Relief described in Paragraph 4 (c) of this Settlement Agreement; and

     (e)     Reserve continuing jurisdiction by the Court to preside over any ongoing proceedings relating to this Settlement Agreement.

## 14.   RELEASE BY ALL SETTLEMENT CLASS MEMBERS

14.1    <u>The Releases</u>.  As of the Effective Date, the Settlement Class members including Plaintiffs in this Action (collectively, the "Releasing Parties"), release Defendants (as defined herein) and any and all of their predecessors, successors, assigns, parents, subsidiaries, owners (including Thomas Shipley and Andrew Surwilo), employees, agents, consultants, directors, officers, partners, financial or investment advisors, insurers, lenders, legal representatives, affiliates, vendors and suppliers or other entities in which Defendants have a controlling interest or which are related to or affiliated with it, including: (a) Defendants Hydroxatone LLC and Atlantic Coast Media Group LLC; (b) Defendants' counsel; (c) Defendants' successors and predecessors and their past, present, and future direct and indirect owners, parents, subsidiaries, and other corporate affiliates, vendors and suppliers or other entities in which Defendants have a controlling interest; (d) Marketing Architects, Inc.; and (e) for each of the foregoing Persons, each of their past, present, or future officers, directors, shareholders, owners, employees, representatives, agents, principals, partners, members, administrators, legatees, executors, heirs, estates, predecessors, successors, or assigns (the "Released Parties"), from the "Released Claims."  The Released Claims do not include any actual or potential personal injury claims.

14.2    <u>Released Claims.</u>  "Released Claims" have the meaning set forth in the entirety of this Section 14 of this Settlement Agreement and means any and all actions,

causes of action, claims, demands, liabilities, obligations, damage claims, restitution

claims, injunction claims, declaratory relief claims, fees, costs, sanctions, proceedings

and/or rights of any nature and description whatsoever, whether legal or equitable,

including, without limitation, violations of any state or federal statutes and laws, rules or

regulations, including but not limited to 47 U.S.C. § 201, *et seq.*, Ala. Code § 8.19-1 *et*

*seq.* (Alabama); Alaska Stat. § 45.50.471 *et seq.* (Alaska); Ariz. Rev. Stat. Ann. § 44-

1521 *et seq.* (Arizona); Ark. Code Ann. § 4-88-101 *et seq.* (Arkansas); Cal. Civ. Code §

1671, Cal. Bus. & Prof. Code § 17200 *et seq.*, Cal. Bus. & Prof. Code §17500 *et seq.,*

*Cal. Civ. Code § 1750 et seq.* (California); Colo. Rev. Stat. § 6-1-105 *et seq.* (Colorado);

Conn. Gen. Stat. § 42-110a (Connecticut); Del. Code Ann. Tit. 6, § 2511 *et seq.*

(Delaware); D.C. Code Ann. § 28-3901 *et seq.* (District of Columbia); Fla. Stat. Ann. §

501.201 *et seq.* (Florida); Ga. Code Ann. § 10-1-390 *et seq.* (Georgia); Haw. Rev. Stat. §

481A-1 *et seq.* and Haw. Rev. Stat. § 480-1 *et seq.* (Hawaii); Idaho Code § 48-601 *et seq.*

(Idaho); Kan. Stat. Ann § 50.623 *et seq.* (Kansas); Ky. Rev. Stat. § 367.11.0 *et seq.*

(Kentucky); La. Rev. Stat. Ann. § 51:1401 *et seq.* (Louisiana); Me. Rev. Stat. Ann. Tit. 5,

§ 205-A *et seq.* (Maine); Md. Com. Law Code Ann. § 13-101 *et seq.*, Md. Com. Law

Code Ann. § 13-301 *et seq.*, Md. Com Law Code Ann. § 13-408 *et seq.* (Maryland); Mass

Gen. L. ch. 93A, § *et seq.* (Massachusetts); Mich. Stat. Ann. § 445.901 *et seq.*, Mich.

Stat. Ann. § 19.418(1) *et seq.* (Michigan); Minn. Stat. § 325F.68 *et seq.*, Minn. Stat.

§.8.31 (Minnesota); Miss. Code Ann. § 75-24-3 *et seq.* (Mississippi); Mo. Rev. Stat.

§ 407.010 *et seq.* (Missouri); Mont. Code Ann. § 30-14-101 *et seq.* (Montana); Neb. Rev.

Stat.§ 59-1601 *et seq.* (Nebraska); Nev. Rev. Stat. § 41.600 and Nev. Rev. Stat.

§ 598.0903 *et seq.* (Nevada); N.H. Rev. Stat. Ann. § 358:1 *et seq.* (New Hampshire); N.J.

Rev. Stat. § 56:8-1 *et seq.*, N.J. Rev. Stat. § 56:12-1 *et seq.* (New Jersey § 46:30A-1);

N.M. Stat. Ann. § 57-12-1 *et seq.* (New Mexico); N.Y. Gen. Bus. Law. § 349 *et seq.*,

(New York); N.C. Gen. Stat. § 75-1 *et seq.* (North Carolina); N. D. Cent. Code § 51-15-

01 *et seq.* (North Dakota); Ohio Rev. Code Ann. § 1345.01 *et seq.* O.R.C. 1333.60

(Ohio); Okla. Stat. Tit. 15, § 751 *et seq.* (Oklahoma); Ore. Rev. Stat. § 646.605 *et seq.*

(Oregon); Penn. Stat. § 201-1 *et seq.* (Pennsylvania); R.I. Gen. Laws § 6-13.1:1 *et seq.*

(Rhode Island); S.C. Code Ann. § 39-5-10 *et seq.* (South Carolina); S.D. Codified Laws

Ann.§ 37-24.1 *et seq.* (South Dakota); Tenn. Code Ann. § 47-18-101 *et seq.* (Tennessee);

Tex. Bus. & Comm. Code Ann. § 17.41 *et seq.* (Texas); Vt. Stat. Ann. Tit. 9, § 2451 *et

seq.* (Vermont); Va. Code Ann. § 59.1-196 *et seq.* (Virginia); Wash. Rev. Code §

19.86.010 et. seq. (Washington); W.Va. Code § 46A-6-101 *et seq.* (West Virginia); and

Wyo. Stat. § 40;12-101 *et seq.* (Wyoming)*,* or principles of common law, whether

liquidated or unliquidated, known or unknown, in law, equity, arbitration, or otherwise,

whether or not concealed or hidden, that in any way relate to, in whole or in part, or arise

out of, any of the allegations, claims, and/or theories raised in or that could have been

raised in the Action or Related Actions against Defendants.  The term "Released Claims"

includes any and all actions, causes of action, claims, demands, liabilities, obligations,

damage claims, restitution and unjust enrichment claims, injunction claims, declaratory

relief claims, fees, costs, sanctions, proceedings and/or rights of any nature and

description whatsoever, whether legal or equitable, that in any way challenge

Defendants' Risk Free Trials and/or Auto-Shipment Programs, billing practices

(including the use of delayed-billing programs), beauty program, alleged use of a

negative option program, the representations and/or disclosures and/or Defendants'

adherence to the terms (or alleged terms) of such offers, and/or any claim related to the receipt of and/ or payment for unordered products.

14.3    Waiver of Unknown Claims.  On the Effective Date, the Released Parties and the Settlement Class Members shall be deemed to have, and by operation of this Agreement shall have, with respect to the subject matter of the Released Claims, expressly waived the benefits of any statutory provisions or common law rule that provides, in sum or substance, that a general release does not extend to claims which the party does not know or suspect to exist in its favor at the time of executing the release, which if known by it, would have materially affected its settlement with any other party. In particular, but without limitation, the Released Parties and the Settlement Class Members waive the provisions of California Civil Code § 1542 (or any like or similar statute or common law doctrine), and do so understanding the significance of that waiver. Section 1542 provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

14.4    The Releasing Parties may hereafter discover facts in addition to or different from those that they now know or believe to be true with respect to the Released Claims, but upon the Effective Date, shall be deemed to have, and by operation of the entry of the Final Approval Order and Judgment shall have, fully, finally, and forever settled and released any and all of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in

the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

      14.5    As of the Effective Date, by operation of the entry of the Final Approval Order and Judgment, each Settlement Class member who does not file a valid Request for Exclusion, thereby becoming a Settlement Class Member, automatically, upon final approval of the Settlement, shall be held to have fully released, waived, relinquished, and discharged the Released Parties from the Released Claims, to the fullest extent permitted by law, and shall be enjoined from continuing, instituting or prosecuting any legal proceeding against the Released Parties relating in any way whatsoever to the Released Claims.

      14.6    On the Effective Date, the Settlement Class and each Settlement Class Member shall be deemed to have, and by operation of this Agreement shall have, fully, finally and forever released, relinquished and discharged the Released Parties from any and all of the Released Claims.  This Settlement Agreement may be pleaded by Defendants and the Released Parties as a bar to all, or any relevant portion, of any action pending or filed by a Settlement Class Member concerning, relating to or arising out of the Released Claims, and Class Counsel will cooperate with Defendants to enforce this Agreement and Final Approval Order and Judgment, if entered pursuant to the terms herein, as to Released Claims, Released Parties, Released Claims and any collateral attacks or subsequent claims or actions.

14.7    The Releasing Parties stipulate and agree that upon the Court's final approval of this Settlement Agreement, the Claims in *Sabol et al. v. Hydroxatone* shall be dismissed with prejudice.

14.8    The Releasing Parties, on behalf of themselves and their respective assigns, agree not to sue or otherwise make a claim against any of the Released Parties that is in any way related to the Released Claims.

14.9    Upon Final Approval, Defendants shall release and forever discharge Plaintiffs and their representatives, attorneys, employees, agents, predecessors and successors from any claim related to the prosecution of the Action and the Related Actions.

## 15.    CONFIRMATORY DISCOVERY

15.1    As part of this Settlement, defendants Hydroxatone LLC  and Atlantic Coast Media Group LLC will provide confirmatory discovery regarding their financial condition, including production of audited financial statements for fiscal years 2010 and 2011 and financial statements for 2012.

## 16.    AUTOMATIC TERMINATION OF SETTLEMENT AGREEMENT AND TERMINATION RIGHTS

16.1    This Settlement Agreement shall terminate automatically in the event that (i) the Court does not preliminarily approve this Settlement Agreement, (ii) the Court does not finally approve this Settlement Agreement, (iii) the Court does not enter the Final Approval Order and Judgment dismissing the claims with prejudice and without leave to amend; or (iv) this Settlement Agreement does not become Final, is terminated, or is not consummated for any other reason:

16.2    Except as expressly stated herein, if any of the events set forth in Section 16.1 occur, this Settlement Agreement shall automatically become null and void and have no further force or effect, and all proceedings that have taken place with regard to this Settlement Agreement and the Settlement shall be without prejudice to the rights and contentions of the Parties hereto;

16.3    In the event that the Settlement is terminated,

(a)    this Settlement Agreement, all of its provisions (including, without limitation,  any provisions concerning class certification), and all negotiations, statements and proceedings related to this Settlement Agreement shall be without prejudice to the rights of any of the Parties, each of whom shall be restored to their respective position as of August 14, 2012, including but not limited to the issues related to all claims, defenses, and issues under Fed. R. Civ. P. 23;

(b)    This Settlement Agreement, any provision of this Settlement Agreement (including, without limitation, the provisions concerning class certification), and the fact of this Settlement Agreement having been made, shall not be admissible or entered into evidence for any purpose whatsoever; nor will any information produced solely in connection with the parties' mediation or confirmatory discovery be admissible;

(c)    Any judgment or order entered in connection with this Settlement Agreement, including, without limitation, any order certifying the Settlement Class, will be vacated and will be without any force or effect.

16.4    This Section 16 shall survive any termination of this Settlement Agreement.

17.    **NO ADMISSION; LIMITATIONS ON USE OF SETTLEMENT AGREEMENT**

17.1    <u>No Admission</u>.  Neither the acceptance by Defendants of the terms of this Settlement Agreement nor any of the related negotiations or proceedings constitutes an admission with respect to the merits of the claims alleged in the Action or Related Actions, the validity of any claims that could have been asserted by any of the Settlement Class Members in the Action or Related Actions, or the liability of Defendants in the Action or Related Action.  Defendants specifically deny any liability or wrongdoing of any kind associated with the claims alleged in the Action and Related Actions and maintain that the marketing and advertising for the Hydroxatone products, including but not limited to the Risk Free Trial and/or Auto-Shipment Program, at all times were and are in compliance with all applicable laws, statutes, and regulations and also with all policies adopted by applicable regulatory agencies.

17.2    <u>Limitations on Use</u>.  This Agreement shall not be used, offered, or received into evidence in the Action and Related Action for any purpose other than to enforce, to construe, or to finalize the terms of the Settlement Agreement and/or to obtain the preliminary and final approval by the Court of the terms of the Settlement Agreement.  Neither this Settlement Agreement nor any of its terms shall be offered or received into evidence in any other action or proceeding, but where properly offered or received into evidence as set forth above, this Settlement Agreement shall be binding and shall have preclusive effect on any claims barred by the release provisions and waiver of unknown claim provisions set forth above.

**18.     EXCLUSIVE REMEDY; DISMISSAL OF CLAIMS; JURISDICTION OF COURT; NO COLLATERAL ATTACK.**

18.1     <u>Exclusive Remedy</u>.  This Agreement shall be the exclusive source of remedy for all Released Claims, any claim arising out of this Agreement, and any complaint by any Settlement Class Member against the Released Parties related to the Released Claims.  No Released Party shall be subject to liability or expense of any kind to any Settlement Class Member related to the Released Claims except as provided in this Agreement.  Upon the Effective Date, every Settlement Class Member shall be permanently barred an enjoined from asserting any Released Claims against any Released Party in any proceeding, including in any Related Actions.

18.2     <u>Dismissal of Claims</u>.  The Parties agree that, after the Court's approval of this Settlement, a judgment substantially in the form of the Final Approval Order and Judgment attached as Exhibit C shall be entered dismissing with prejudice the Action and releasing the Released Claims.

18.3     <u>Continuing and Exclusive Jurisdiction</u>.  The Court shall retain continuing and exclusive jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Agreement.

18.4     <u>No Collateral Attack</u>.   This Agreement shall not be subject to collateral attack by any Settlement Class Member at any time on or after the Effective Date.  Such prohibited collateral attacks shall include, but shall not be limited to, claims that a Settlement Class Member's claim was improperly denied, that the payment to a Settlement Class Member was improperly calculated, and/or that a Settlement Class Member failed to receive timely notice of the Settlement Agreement.

19.    **MISCELLANEOUS PROVISIONS**

19.1    **Amendment**.  This Agreement may be modified, amended or supplemented only by written agreement signed by or on behalf of all Parties and, if such modification, amendment or supplement is to be executed and become effective subsequent to the entry of the Court Order, only with the approval of the Court.

19.2    **Assumption of Risk**.  In entering into this Settlement Agreement, each of the Parties assumes the risk of any mistake of fact or law.  If either Party should later discover that any fact which the Party relied upon in entering this Agreement is not true, or that the Party's understanding of the facts or law was incorrect, the Party shall not be entitled to modify, reform, or set aside this Settlement Agreement, in whole or in part, by reason thereof.

19.3    **Binding On Assigns.**  This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, successors, and assigns.

19.4    **Class Member Signatures.**  It is agreed that, because the Settlement Class Members are so numerous, it is impractical to have each Settlement Class Member execute this Agreement.  The Notice will advise all Settlement Class Members of the binding nature of the Releases and of the remainder of this Agreement, and in the absence of a valid and timely Request for Exclusion, such Notice shall have the same force and effect as if each Settlement Class Member executed this Agreement.

19.5    **Confidentiality Agreement.**  The Parties agree that, prior to the provision of information to the Settlement Administrator, the Settlement Administrator will execute a confidentiality agreement satisfactory to Defendants.

19.6    **Construction.**  The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party, or his or its counsel, participated in the drafting of this Agreement.

19.7    **Counterparts.**  This Settlement Agreement and any amendments hereto may be executed in one or more counterparts, and either Party may execute any such counterpart, each of which when executed and delivered shall be deemed to be an original and both of which counterparts taken together shall constitute but one and the same instrument.  A facsimile or PDF signature shall be deemed an original for all purposes.

19.8    **Governing Law**.  All questions with respect to the construction of this Settlement Agreement and the rights and liabilities of the parties hereto shall be governed by the laws of the State of New Jersey.

19.9    **Headings.**  Titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any provision hereof.  Each term of this Settlement Agreement is contractual and not merely a recital.

19.10    **Incorporation of Exhibits**.  All exhibits attached hereto are hereby incorporated by reference as though set forth fully herein and are a material part of this Settlement Agreement. Any notice or other exhibit attached hereto requires approval of the Court must be approved without material alteration from its current form in order for this Settlement Agreement to become effective.

19.11   **Integration Clause.**  This Agreement, including the Exhibits referred to herein, which form an integral part hereof, contains the entire understanding of the Parties with respect to the subject matter contained herein.  There are no promises, representations, warranties, covenants, or undertakings governing the subject matter of this Agreement other than those expressly set forth in this Agreement.  This Agreement supersedes all prior agreements and understandings among the Parties with respect to the Settlement of the Action.  This Agreement may not be changed, altered or modified, except in a writing signed by the Parties and approved by the Court.  This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

19.12   **No Assignment.**  Each Party represents, covenants, and warrants that she or it has not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber any portion of any liability, claim, demand, cause of action, or rights that she or it herein releases.

19.13   **Notice**.  All notices, requests, demands and other communications required or permitted to be given pursuant to this Settlement Agreement shall be in writing and shall be delivered personally or mailed postage pre-paid by First Class U.S. Mail to the following persons at their addresses set forth as follows:

**Plaintiffs' Class Counsel**

COHEN MILSTEIN SELLERS & TOLL PLLC
Andrew N. Friedman
Whitney R. Case
Stefanie M. Ramirez
1100 New York Avenue, N.W., Suite 500 West
Washington, DC 20005-3964

McLAUGHLIN & STERN LLP
Lee S. Shalov
260 Madison Ave.
New York, NY 10016

LAW OFFICE OF ANGELA EDWARDS
Angela Edwards
72 Canterbury Circle
East Longmeadow, MA 01028


**Counsel for Defendants**

KELLEY DRYE & WARREN LLP
Michael C. Lynch
Joseph A. Boyle
Lauri A. Mazzuchetti
Michael A. Innes
200 Kimball Drive
Parsippany, NJ 07054

19.14   **Parties' Authority.**  The signatories hereto represent that they are fully

authorized to enter into this Agreement and bind the Parties to the terms and conditions

hereof.

19.15   **Participation on the Preparation of Settlement Agreement**.  The

Parties and their counsel have each participated and cooperated in the drafting and

preparation of this Settlement Agreement. Hence, in any construction to be made of this

Settlement Agreement, the same shall not be construed against any party as drafter of the

Settlement Agreement.

19.16   **Represented by Counsel**.  The Parties each acknowledge that he, she or it

has been represented by counsel of his, her or its own choice throughout all of the

negotiations that led to the execution of this Settlement Agreement and in connection

with the preparation and execution of this Settlement Agreement.

19.17   **Duly Authorized**.  The Parties each represent and warrant that each of the Persons executing this Settlement Agreement is duly empowered and authorized to do so.

19.18   **Settlement Conditioned on Certain Matters.** This entire Settlement Agreement is contingent upon the Parties reaching agreement on the contents of the exhibits and ancillary agreements hereto.

19.19   **Terms and Conditions Not Superseded.** Nothing in this Agreement abrogates, supersedes, modifies, or qualifies in any way any of the contractual terms and conditions applicable in the ordinary course to the relationship between Defendants and their customers, or to the products and services provided by Defendants and purchased by their customers.

19.20   **Waiver Of Compliance.**  Any failure of any Party to comply with any obligation, covenant, agreement, or condition herein may be expressly waived in writing, to the extent permitted under applicable law, by the Party or Parties entitled to the benefit of such obligation, covenant, agreement, or condition.  A waiver or failure to insist upon compliance with any representation, warranty, covenant, agreement, or condition shall not operate as a waiver of, or estoppel with respect to, any subsequent or other failure.

20.   **SIGNATURE PAGE**

WHEREFORE, the undersigned, being duly authorized, have caused this

Settlement Agreement to be executed on the dates shown below and agree that it shall

take effect on the last date of execution by all undersigned representatives of the Parties.

Dated this _____ day of February, 2013.

DATED: February 7, 2013    _____
ANDREW N. FRIEDMAN,
ACTING AS PLAINTIFFS' CLASS COUNSEL


DATED: _____ ___, 2013    _____
LEE S. SHALOV,
ACTING AS PLAINTIFFS' CLASS COUNSEL


DATED: _____ ___, 2013    _____
ANGELA EDWARDS,
ACTING AS PLAINTIFFS' CLASS COUNSEL


DATED: _____ ___, 2013    HYDROXATONE, LLC


By:_____
Name: THOMAS SHIPLEY
Title: Co-Founder and Chief Executive Officer


DATED: _____ ___, 2013    ATLANTIC COAST MEDIA GROUP, LLC


By:_____
Name: THOMAS SHIPLEY
Title: Co-Founder and Chief Executive Officer

20.     **SIGNATURE PAGE**

WHEREFORE, the undersigned, being duly authorized, have caused this

Settlement Agreement to be executed on the dates shown below and agree that it shall

take effect on the last date of execution by all undersigned representatives of the Parties.

Dated this _____ day of February, 2013.


DATED: _____ ___, 2013      _____
                               ANDREW N. FRIEDMAN,
                               ACTING AS PLAINTIFFS' CLASS COUNSEL

DATED: _Feb 7_, 2013           _____
                               LEE S. SHALOV,
                               ACTING AS PLAINTIFFS' CLASS COUNSEL


DATED: _____ ___, 2013      _____
                               ANGELA EDWARDS,
                               ACTING AS PLAINTIFFS' CLASS COUNSEL


DATED: _____ ___, 2013      HYDROXATONE, LLC


                               By:_____
                               Name: THOMAS SHIPLEY
                               Title: Co-Founder and Chief Executive Officer


DATED: _____ ___, 2013      ATLANTIC COAST MEDIA GROUP, LLC


                               By:_____
                               Name: THOMAS SHIPLEY
                               Title: Co-Founder and Chief Executive Officer

20.    **SIGNATURE PAGE**

WHEREFORE, the undersigned, being duly authorized, have caused this

Settlement Agreement to be executed on the dates shown below and agree that it shall

take effect on the last date of execution by all undersigned representatives of the Parties.

Dated this _____ day of February, 2013.


DATED: _____, 2013       _____
                               ANDREW N. FRIEDMAN,
                               ACTING AS PLAINTIFFS' CLASS COUNSEL


DATED: _____, 2013         _____
                               LEE S. SHALOV,
                               ACTING AS PLAINTIFFS' CLASS COUNSEL


DATED: February 7, 2013        _Angela Edwards_____
                               ANGELA EDWARDS,
                               ACTING AS PLAINTIFFS' CLASS COUNSEL


DATED: _____, 2013         HYDROXATONE, LLC


                               By:_____
                               Name: THOMAS SHIPLEY
                               Title: Co-Founder and Chief Executive Officer


DATED: _____, 2013         ATLANTIC COAST MEDIA GROUP, LLC


                               By:_____
                               Name: THOMAS SHIPLEY
                               Title: Co-Founder and Chief Executive Officer

**20.   SIGNATURE PAGE**

WHEREFORE, the undersigned, being duly authorized, have caused this

Settlement Agreement to be executed on the dates shown below and agree that it shall

take effect on the last date of execution by all undersigned representatives of the Parties.

Dated this _____ day of February, 2013.


DATED: _____ ___, 2013          _____
                                    ANDREW N. FRIEDMAN,
                                    ACTING AS PLAINTIFFS' CLASS COUNSEL


DATED: _____ ___, 2013          _____
                                    LEE S. SHALOV,
                                    ACTING AS PLAINTIFFS' CLASS COUNSEL


DATED: _____ ___, 2013          _____
                                    ANGELA EDWARDS,
                                    ACTING AS PLAINTIFFS' CLASS COUNSEL


DATED: _2_,_7_, 2013                HYDROXATONE, LLC


                                    By:_____
                                    Name: THOMAS SHIPLEY
                                    Title: Co-Founder and Chief Executive Officer


DATED: _2_,_7_, 2013                ATLANTIC COAST MEDIA GROUP, LLC


                                    By:_____
                                    Name: THOMAS SHIPLEY
                                    Title: Co-Founder and Chief Executive Officer

Ex. A

Exhibit A – Claim Form

*Sabol v. Hydroxatone, LLC*

IF YOU HAVE IDENTIFIED YOURSELF AS A SETTLEMENT CLASS MEMBER AND BELIEVE THAT YOU ARE ENTITLED TO CLAIM A SETTLEMENT BENEFIT, PLEASE COMPLETELY AND ACCURATELY FILL IN THE INFORMATION REQUESTED BELOW

(If you are unsure whether you are a Settlement Class Member or entitled to a Settlement Benefit, please review the Settlement Agreement including the Class Definition and benefit categories by clicking here www.insert.com.  The defined terms used in this Claim Form, other than those defined in this Claim Form, shall have the same meaning set forth in the Settlement Agreement.)

THIS CLAIM FORM MUST BE POSTMARKED OR FILED ELECTRONICALLY NO LATER THAN 30 DAYS AFTER THE FINAL APPROVAL HEARING (the "CLAIM DEADLINE"):

**Do not call or write to Atlantic Coast Media Group LLC ("ACMG") , Hydroxatone LLC ("Hydroxatone") or the Court regarding the Settlement, Settlement Benefits or Claim Form.**

**You must complete and submit all portions of this claim form in Sections I-III and sign and date in Section IV.**

**I.      PERSONAL INFORMATION**

**First Name _____   Middle Initial___   Last Name_____**

**Mailing Address _____**

**City_____ State _____   Zip _____**

Exhibit A – Claim Form

**Email Address**_____

_____

**IS THIS THE MAILING ADDRESS AND EMAIL YOU USED WHEN ORDERING YOUR RISK FREE TRIAL?**

      **YES** ___

      **NO** ___ * **(If No, please provide that information where indicated below)**

**ORIGINAL ORDER  INFORMATION (For Reference Purposes Only)**

**First Name** _____ **Middle Initial**___ **Last Name**_____

**Mailing Address** _____

**City**_____ **State** _____ **Zip** _____

**Email Address**_____

**Telephone Number** _____

2

Exhibit A – Claim Form

## II.      YOUR HYDROXATONE PURCHASE(S)

**\*\*\* Please attach to your Claim Form copies of any receipts, or packaging slips or proof of purchase related to the products that you received; You may make a Claim without these documents, but the documentation may expedite the processing of your Claim for Settlement Benefits.**

1.      Approximate date that you initially ordered or accepted a Risk Free Trial offer for, or received, the Hydroxatone products(s): _____

2.      What was the total amount that you paid to ACMG or Hydroxatone LLC in connection all of the products that you received? _____

        a. Did you attempt to return the product(s)?

            Yes _____

            No _____

        b.  How did you attempt to notify ACMG or Hydroxatone that you wished to return the products? (Check where applicable)

        ____      I telephoned Hydroxatone LLC and/or Atlantic Coast Media Group LLC

        ____      I emailed Hydroxatone LLC and/or Atlantic Coast Media Group LLC

        ____      I sent a letter to Hydroxatone LLC and/or Atlantic Coast Media Group

        ____      I shipped the product(s) back to Hydroxatone LLC and/or Atlantic Coast Media Group LLC

        c. Did you pay more than shipping and processing or return postage for the product(s) you attempted to return?

            Yes _____

            No _____  (skip to number 4.)

        d.  What is the total amount paid that was more than shipping and processing or return postage? _____

3.      Did you receive additional shipments of Hydroxatone products after you attempted to return the product(s)?          Yes _____

            No _____

3

Exhibit A – Claim Form

4.      Were you enrolled in an Auto-Shipment Program?

                        Yes _____

                        No _____ (Skip to Section III.)

        a.      Did you ever attempt to cancel your Auto-Shipment Program (the auto-ship
                feature)?

                        Yes_____

                        No _____ (Skip to Section III.)

        b.      How did you attempt to cancel your Auto-Shipment Program membership?
                (Check where applicable)

                        ___     I telephoned Hydroxatone LLC and/or Atlantic Coast Media Group LLC

                        ___     I emailed Hydroxatone LLC and/or Atlantic Coast Media Group LLC

                        ___     I sent a letter to Hydroxatone LLC and/or Atlantic Coast Media Group

                        ___     I shipped the product(s) back to Hydroxatone LLC and/or Atlantic Coast
                                Media Group LLC

        c.      Did you receive any additional shipments of product after you attempted to
                cancel?

                Yes _____

                No _____ (Skip to Section III.)

        d.      Did you pay more than shipping and processing or return postage for product(s)
                you received after you attempted to cancel your Auto-Shipment Program
                membership?

                Yes _____

                No _____

        e.      What is the total amount that you paid that was more than shipping and
                processing or return postage?   _____

4

Exhibit A – Claim Form

**III.    SELECT YOUR SETTLEMENT BENEFIT (choose either GROUP ONE or GROUP TWO and select a benefit):**

**[  ] A.  GROUP ONE.  AS DESCRIBED IN THE NOTICE, THE SETTLEMENT BENEFITS OFFERED IN THIS GROUP INCLUDE SETTLEMENT CLASS MEMBERS WHO: (1) TRIED TO, ATTEMPTED TO, MADE EFFORTS TO, OR TOOK ANY ACTIONS DESIGNED TO RETURN RISK-FREE TRIAL PRODUCT(S) AND/OR AUTO-SHIPMENT PROGRAM PRODUCT(S) AND PAID MORE THAN SHIPPING AND PROCESSING AND/OR RETURN POSTAGE IN CONNECTION WITH SUCH PRODUCT AND/OR RECEIVED ADDITIONAL SHIPMENTS OF PRODUCT FOR WHICH THEY PAID, OR (2) CANCELLED AND/OR ATTEMPTED TO CANCEL THEIR AUTO-SHIPMENT PROGRAM MEMBERSHIPS BUT RECEIVED ADDITIONAL SHIPMENTS OF PRODUCT FOR WHICH THEY PAID MORE THAN SHIPPING AND PROCESSING AND/OR RETURN POSTAGE.**

[  ]    I choose the Cash Benefit

| Which Category Do You Fall Into? | Maximum Value of Benefit | Check Box To Select Benefit |
|---|---|---|
| Group 1 Claimant who spent more than $200 with Defendants after all prior refunds | $100 | |
| Group 1 Claimant who between $100 and  $200 with Defendants after all prior refunds | $75 | |
| Group 1 Claimant who spent less than $100 with Defendants after all prior refunds | $40 | |

Continue to next page.

5

Exhibit A – Claim Form

OR

[ ]      I choose the Product Benefit (subject to availability)

(Check box next to selected Product Benefit)

| Group 1 Claimant who spent more than $150 with Defendants after all prior refunds | Choice of One of the Following Products | Retail Price |
|---|---|---|
| | 1. Luminique Facial Brightener    3 oz | $49.95 |
| | 2. Sunsoak Age-Defying Self Tanner 1oz | $59.95 |
| | 3. Pore Minimizer Serum 1 oz | $59.95 |
| | 4. Instant Wrinkle Filler 30 Day Boxes | $59.95 |
| | 5. Instant Effect 30 Day Boxes | $59.95 |
| | 6. Celtrixa Stretchmark Lotion-Original Formula | $59.95 |
| **Group 1 Claimant who spent $150 or less with Defendants after all prior refunds** | **Choice of One of the Following Products** | **Retail Price** |
| | Hydroxatone Anti-aging Body Lotion by Celtrixa | $19.95 |
| | Declatone Deluxe Sample for Retail - 0.5 oz | $29.95 |
| | Hydroxatone Gentle Milky Cleanser 3 oz | $39.95 |
| | Hydroxatone Age Defying Toner  3 oz | $39.95 |
| | Keracalm | $39.95 |

6

Exhibit A – Claim Form

**[  ] B.  GROUP TWO. AS DESCRIBED IN THE NOTICE, THE SETTLEMENT BENEFITS OFFERED IN THIS GROUP INCLUDE SETTLEMENT CLASS MEMBERS WHO: (1) PAID ONLY SHIPPING AND PROCESSING AND/OR RETURN POSTAGE IN CONNECTION WITH RISK-FREE TRIAL PRODUCT(S) AND/OR AUTO-SHIPMENT PROGRAM PRODUCT(S); (2) PAID MORE THAN SHIPPING AND PROCESSING AND/OR RETURN POSTAGE IN CONNECTION WITH RISK-FREE PRODUCT(S) AND/OR AUTO-SHIPMENT PROGRAM PRODUCTS(S), BUT DID NOT TRY TO, ATTEMPT TO, OR TAKE ANY ACTION DESIGNED TO RETURN THE PRODUCTS; (3) CANCELLED AND/OR ATTEMPTED TO CANCEL AN AUTO-SHIP PROGRAM MEMBERSHIP, BUT PAID ONLY SHIPPING AND PROCESSING OR RETURN POSTAGE COSTS; (4) NEVER TRIED TO CANCEL THEIR AUTO-SHIP PROGRAM MEMBERSHIP; (5) OTHERWISE FALL WITHIN THE DEFINITION OF THE SETTLEMENT CLASS.**

[  ]      I choose ONE of the following Product Benefits (subject to availability)

| Group 2 Claimants | **Choice of One of the Following Products** | **Retail Price** |
|---|---|---|
|  | Hydroxatone Anti-aging Body Lotion by Celtrixa | $19.95 |
|  | Declatone Deluxe Sample for Retail - 0.5oz | $29.95 |
|  | Hydroxatone Gentle Milky Cleanser 3 oz | $39.95 |
|  | Hydroxatone Age Defying Toner  3 oz | $39.95 |
|  | Keracalm | $39.95 |

## IV.      DECLARATION

I declare under penalty of perjury under the laws of the United States that the information set forth above is true and correct.

Dated: _____                    _____

7

Exhibit A – Claim Form

[Signature]

_____

Exhibit A – Claim Form

**ADDITIONAL INSTRUCTIONS**


Your Claim is subject to verification by the Settlement Administrator.  If your Claim is approved, a check for the Cash Benefit or a Product Benefit will be mailed to you.


This Claim Form must be submitted online or postmarked on or before _____.


Submit this form electronically online at _____ or by U.S. mail to:


_____
[address]
_____
[address]
_____
[address]

9

Ex. B

Exhibit B – Order Granting Preliminary Approval


Joseph A. Boyle
Michael C. Lynch (pro hac vice)
Lauri A. Mazzuchetti
Michael A. Innes
KELLEY DRYE & WARREN LLP
200 Kimball Drive
Parsippany, New Jersey 07054
Phone (973) 503-5900

*Attorneys for Defendants*
*Hydroxatone LLC and*
*Atlantic Coast Media Group LLC*


## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| **SUSAN SABOL, VALERIE DONE, and KATHLEEN KLODNER** on behalf of themselves and all others similarly situated, | : **CIVIL ACTION NO. 2:11-cv-04586-KM-MAH** |
| **Plaintiffs,** | : [PROPOSED] ORDER GRANTING : PRELIMINARY APPROVAL OF CLASS SETTLEMENT |
| -against- | : |
| **HYDROXATONE LLC and ATLANTIC COAST MEDIA GROUP LLC,** | : **CLASS ACTION** : : |
| **Defendants.** | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## PROPOSED ORDER GRANTING PRELIMINARY APPROVAL
## OF CLASS SETTLEMENT, DIRECTING NOTICE TO
## THE CLASS AND SCHEDULING FAIRNESS HEARING

WHEREAS, this matter has come before the Court pursuant to the

Motion for Entry of an Order Granting Preliminary Approval of the Class

Settlement and Approving the Forms and Methods of Notice of the Class (the "Motion") of plaintiffs Susan Sabol, Valerie Done and Kathleen Klodner (collectively, "Plaintiffs"); and

WHEREAS, defendants Hydroxatone LLC and Atlantic Coast Media Group LLC have joined in the Motion;

WHEREAS, the Court finds that it has jurisdiction over this Action and each of the Parties for purposes of settlement; and

WHEREAS, the Court has considered all of the submissions related to the Motion, and is otherwise fully advised;

IT IS HEREBY ORDERED THAT:

## I.   <u>PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT</u>

1.    The terms of the Settlement Agreement, dated February 7, 2013, including all Exhibits thereto (the "Settlement Agreement"), made by and among Plaintiffs, individually and as the representative of a class of similarly situated persons (the "Class"), and Defendants, and their various direct and indirect operating subsidiaries and affiliates (collectively, "Defendants"), are hereby preliminarily approved, subject to further consideration thereof at the Final Approval (Final Fairness) Hearing provided for below.  This Order incorporates herein, and makes a part thereof, the Settlement Agreement, including all Exhibits thereto.  Unless otherwise provided herein, the terms defined in the Settlement

Exhibit B – Order Granting Preliminary Approval

Agreement shall have the same meanings herein.  The Settlement Agreement was entered into only after extensive arm's-length negotiation by experienced counsel and in mediation under the guidance of the Honorable Stephen M. Orlofsky (ret.). The Court finds that the Class Settlement embodied in the Settlement Agreement (the "Class Settlement") is sufficiently within the range of reasonableness so that Notice of the Class Settlement should be given as provided in sections IV, V and VI of this Order.  In making this determination, the Court has considered the current posture of this litigation and the risks and benefits to the Parties involved in both settlement of these claims and through continuation of the litigation.

## II.    THE CLASS, REPRESENTATIVES, AND CLASS COUNSEL

2.    The Settlement Class is defined as follows:

> All Persons residing in the United States who between January 1, 2005 and [insert date of Preliminary Approval Order] received, ordered, signed up for, paid for, and/or were charged for Hydroxatone-branded products, and/or were charged shipping and processing fees for such products, in connection with a Risk-Free Trial and/or Auto-Shipment Program.

Excluded from the Settlement Class are Defendants, any entities in which Defendants have or had a controlling interest, any officers or directors of Defendants, the legal representatives, heirs, successors, and assigns of Defendants, any Judge assigned to this action and his or her immediate family, and anyone who timely requests exclusion from the Class.

3.      The Court preliminarily finds that the proposed nationwide Settlement Class meets all the applicable requirements of Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), and hereby certifies the Settlement Class for settlement purposes only.  The Court hereby preliminarily finds, in the specific context of the Class Settlement, that:

(a)      Numerosity.  The Settlement Class consists of hundreds of thousands of members located throughout the United States, its territories and possessions, and satisfies the numerosity requirement of Fed. R. Civ. P. 23(a). Joinder of these widely dispersed, numerous Settlement Class Members into one suit would be impracticable.

(b)      Commonality.  Common questions of law and fact, with regard to the alleged activities of Defendants exist, for each of the Settlement Class Members.  These issues are central to this case and are sufficient to establish commonality.

(c)      Typicality.  Plaintiffs' claims in this litigation are typical of the claims of the Settlement Class Members.  Therefore, in the context of this settlement the element of typicality is satisfied.

(d)      Adequate Representation.  Plaintiffs' interests do not conflict with, and are co-extensive with, those of absent Settlement Class Members. Additionally, this Court recognizes the experience of Class Counsel, Cohen

Exhibit B – Order Granting Preliminary Approval

Milstein Sellers & Toll PLLC as defined below, and finds under Fed. R. Civ. P. 23(g) that the requirement of adequate representation of the Settlement Class Members has been fully met.

          (e)    <u>Predominance of Common Issues</u>.  Plaintiffs commonly assert that Defendants misrepresented the cost, terms, and scope of its risk-free and auto-ship programs, charged for unordered and unwanted products, and continued to charge membership and delivery fees despite requests for cancellation, all in alleged violation of pertinent law. In the context of this Class Settlement, these issues predominate over any individual questions, favoring class settlement.

          (f)    <u>Superiority of the Class Action Mechanism</u>.  The class action mechanism is ideally suited for treatment of the settlement of these matters.  Class certification promotes efficiency and uniformity in judgment, among other reasons, because the many Settlement Class Members will not be forced to separately pursue claims or execute settlements in various courts around the country.

      4.    The Class Representatives are: Susan Sabol, Valerie Done, and Kathleen Klodner. Based upon the Court's familiarity with the claims and Parties, and the negotiation process overseen by Honorable Stephen M. Orlofsky (ret.), the Court preliminarily finds that these designated representatives are appropriate representatives for settlement purposes.  The Court finds that each of these representatives were/are subscribers to the risk-free and auto-ship programs, were

charged for unordered and unwanted products, and/or continued to be charged membership and delivery fees despite requests for cancellation.

5.    The Court further preliminarily finds that the following firms fairly and adequately represent the interests of the Settlement Class and hereby confirms them as Class Counsel pursuant to Fed. R. Civ. P. 23(g):

> Class Counsel
>
> Andrew N. Friedman, Esq.
> COHEN MILSTEIN SELLERS & TOLL PLLC
> 1100 New York Ave NW
> Suite 500 West
> Washington, DC 20005
> (202) 408-4600
>
> Lee S. Shalov, Esq.
> McLAUGHLIN & STERN LLP
> 260 Madison Ave.
> New York, NY 10016
> (646) 278-4298
>
> Angela Edwards, Esq.
> LAW OFFICE OF ANGELA EDWARDS
> 72 Canterbury Circle
> East Longmeadow, MA 01028
> (413) 525-3820

6.    If the Settlement Agreement is terminated or is not consummated for any reason whatsoever, the certification of the Settlement Class shall be void, and Plaintiffs and Defendants shall be deemed to have reserved all of their rights as set forth in the Settlement Agreement, including but not limited to the issues related to all claims, defenses and issues under Fed. R. Civ. P. 23.

Exhibit B – Order Granting Preliminary Approval

## III.   COMMON FUND

7.      Pursuant to the Agreement, Defendants shall deposit a total of three million dollars ($3,000,000) into the Escrow Account for the benefit of the Settlement Class, thereby establishing the Common Fund, in accordance with the funding schedule, and terms and conditions set forth in the Escrow Agreement. Any interest generated from the Common Fund shall remain in the Common Fund to be distributed consistent with the terms of the Settlement Agreement and the Escrow Agreement.

8.      The Common Fund shall be used to fund the administration of the Settlement Agreement, including certain shipping and processing and to provide monetary relief to Settlement Class Members all set forth in the Settlement Agreement and the Escrow Agreement.

9.      The Court finds that the Escrow Account is a "qualified settlement fund" as defined in Section 1.468B-1(c) of the Treasury Regulations in that it satisfies each of the following requirements:

(a)      The Escrow Account is established pursuant to an Order of this Court and is subject to the continuing jurisdiction of this Court;

(b)      The Escrow Account is established to resolve or satisfy one or more claims that have resulted or may result from an event that has occurred and that has given rise to at least one claim asserting liabilities; and

(c)    The assets of the Escrow Account are segregated from other assets of Defendants, the transferors of the payment to the Settlement Fund.

10.    Under the "relation back" rule provided under section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that:

(a)    The Escrow Account met the requirements of paragraphs 9(a) and 9(b) of this Order prior to the date of this Order approving the establishment of the Escrow Account subject to the continued jurisdiction of this Court; and

(b)    Defendants and the Settlement Administrator may jointly elect to treat the Class Escrow Account as coming into existence as a "qualified settlement fund" on the latter of the date the Class Escrow Account met the requirements of paragraph 9 and 9(c) of this Order or January 1 of the calendar year in which all of the requirements of paragraph 9 of this Order are met. If such a relation-back election is made, the assets held by the Settlement Fund on such date shall be treated as having been transferred to the Escrow Account on that date.

## IV.    <u>NOTICE TO SETTLEMENT CLASS MEMBERS</u>

11.    The Court has considered the proposed Notices (Email Notice, Long Form Publication Notice and Short Form Postcard Notice) attached as Exhibits D, F and G respectively to the Settlement Agreement, including the proposed forms of notice, as well as the proposal for the Claim Form, attached as Exhibit A to the Settlement Agreement, and finds that the form, content, and manner of notice

proposed by the Parties and approved herein meet the requirements of due process and Fed. R. Civ. P. 23(c) and (e), are the best notice practicable under the circumstances, constitute sufficient notice to all persons entitled to notice, and satisfy the Constitutional requirements of notice. The Court approves the Notices in all respects (including the proposed forms of notice, and the proposal for the Claim Forms set forth in the Settlement Agreement) and orders that notice be given in substantial conformity therewith. The Short Form Postcard Notice shall be distributed through the wire services of either PR Newswire or Business Wire and such notice will direct members to the Long Form Publication Notice on the dedicated website. The Long Form Publication Notice shall be posted on a website maintained for that purpose by the Settlement Administrator. The Email Notice shall be sent electronically to the last known email address of all Settlement Class Members that Defendants has email addresses for. The Short Form Postcard Notice shall be sent to the last known addresses of all Settlement Class Members for whom Defendants do not have an email address. The Short Form Postcard Notice will also be sent to addresses (where known) of Settlement Class Members whose email notices bounced back.

12.    The Court appoints Gilardi & Co. as Settlement Administrator. Responsibilities of the Settlement Administrator shall include the following: (a) disseminating Email Notice to Class Members for whom Defendants have an

email address, and Short Form Postcard Notice to the other class members; (b) establishing and maintaining a website for purposes of posting the Long Form Publication Notice, the Claim Form, the Settlement Agreement and related documents; (c) administering the publication of the Short Form Postcard Notice by way of either PR Newswire or Business Wire; (d) accepting and maintaining documents sent from Settlement Class Members, including Claim Forms, Requests for Exclusion, and other documents relating to claims administration; (e) administering claims for the allocation of the Cash Benefits among Settlement Class Members; (f) responding to Settlement Class Member inquiries; and (g) overseeing the distribution of Product Benefits by Defendants.

## V.    REQUEST FOR EXCLUSION FROM THE CLASS

13.    Settlement Class Members who wish to be excluded from the Settlement Class shall mail a written Request for Exclusion to the Settlement Administrator, so that it is postmarked no later than twenty one (21) days before the Final Approval (Final Fairness) Hearing, and shall clearly state the following: the name, address, email address, telephone number, and the signature of the individual or entity who wishes to be excluded from the Settlement Class, and provide all such information as may be required by the Settlement Agreement or requested by the Settlement Administrator.

14.     A person who submits a valid Request for Exclusion shall not be bound by the Settlement Agreement, or the Final Approval Order and Judgment. Not later than ten (10) days before the Final Approval (Final Fairness) Hearing, the Settlement Administrator shall prepare and deliver to Class Counsel, who shall file it with the Court, and Defendants' Counsel, a report stating the total number of Persons who have submitted timely and valid Requests for Exclusion from the Settlement Class and the names of such Persons.  Such Persons will not be entitled to receive any relief under the Settlement Agreement.

15.     Any Settlement Class Member who does not properly and timely mail a Request for Exclusion as set forth in paragraph 13 above shall be automatically included in the Settlement Class and shall be bound by all the terms and provisions of the Settlement Agreement, the Class Settlement, this Order Granting Preliminary Approval of Class Settlement, and the Final Approval Order and Judgment, whether or not such Settlement Class Member received actual notice or shall have objected to the Class Settlement and whether or not such Settlement Class Member makes a Claim upon or participates in the Class Settlement.

## VI.    <u>PROOFS OF CLAIM</u>

16.     To effectuate the Settlement Agreement and Class Settlement, the Settlement Administrator shall be responsible for the receipt and processing of all Requests for Exclusion and Claim Forms.  The Settlement Administrator shall

preserve (on paper or transferred in to electronic format) all Requests for Exclusion, Claim Forms, and any and all other written communications from Settlement Class Members in response to the Notices for a period of five (5) years, or pursuant to further order of the Court.  All written communications received by the Settlement Administrator from Settlement Class Members relating to the Settlement Agreement shall be available at all reasonable times for inspection and copying by Class Counsel and Defendants' Counsel, including prior to payments being mailed to each Settlement Class Member.

## VII.   <u>OBJECTIONS TO THE SETTLEMENT</u>

17.     Settlement Class Members who do not request exclusion from the Settlement Class may object to the Settlement.  Settlement Class Members who choose to object to the Settlement must file written notices of intent to object with the Court and serve copies of any such objection on counsel for the Parties.  Any Settlement Class Member may appear at the Final Approval (Final Fairness) Hearing, in person or by counsel, and be heard to the extent permitted under applicable law and allowed by the Court, in opposition to the fairness, reasonableness and adequacy of the settlement, and on Class Counsel's application for any award of attorneys' fees and costs.  The right to object to the Class Settlement must be exercised individually by an individual Settlement Class Member and, except in the case of a deceased, minor, or incapacitated Person or

where represented by counsel, not be the act of another Person acting or purporting to act in a representative capacity.

18.     To be effective, a notice of intent to object to the Class Settlement that is filed with the Court must:

(a)     Contain a caption that includes the name of the case as follows: *Sabol, et al. v. Hydroxatone, LLC and Atlantic Coast Media Group*, Case No. 2:11-cv-04586-KM-MAH;

(b)     Provide the name, address, telephone number and signature of the Settlement Class Member filing the intent to object;

(c)     Provide the approximate date of his/her transaction with Defendants and the total amount paid by him or her for Defendants' Hydroxatone-branded products;

(d)     Be filed with the District of New Jersey Clerk of the Court not later than thirty (30) days prior to the Final Fairness Hearing;

(e)     Be served on Class Counsel and counsel for Defendants so as to be received no later than thirty (30) days prior to the Final Fairness Hearing;

(f)     Contain the name, address, bar number and telephone number of the objecting Settlement Class Member's counsel, if represented by an attorney;

(g)     Contain the number of class action settlements objected to by the Settlement Class Member in the last three years; and

(h)     State whether the objecting Settlement Class Member intends to appear at the Final Approval (Final Fairness) Hearing, either in person or through counsel.

19.     In addition to the foregoing, if the Settlement Class Member is represented by counsel and such counsel intends to speak at the Final Approval (Final Fairness) Hearing, a notice of intent to object must contain the following information:

(a)     A detailed statement of the specific legal and factual basis for each and every objection; and

(b)     A detailed description of any and all evidence the objecting Settlement Class Member may offer at the Final Approval (Final Fairness) Hearing, including copies of any and all exhibits that the objecting Settlement Class Member may introduce at the Final Approval (Final Fairness) Hearing.

20.     Any Settlement Class Member who does not file a timely and adequate notice of intent to object in accordance with these provisions waives the right to object or to be heard at the Final Approval (Final Fairness) Hearing and shall be forever barred from making any objection to the Settlement.  To the extent any Settlement Class Member objects to the Class Settlement, and such objection is overruled in whole or in part, such Settlement Class Member will be forever bound by the Final Approval Order and Judgment of the Court.

21.    The filing of an objection allows Class Counsel or counsel for Defendants to notice such objecting Settlement Class Member for and take his, her, or its deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location, and to seek any documentary evidence or other tangible things that are relevant to the objection.  Failure by an objecting Settlement Class Member to make himself, herself, or itself available for a deposition or to comply with expedited discovery requests may result in the Court striking the Settlement Class Member's objection and otherwise denying that Settlement Class Member the opportunity to make an objection or be further heard.  The Court reserves the right to tax the costs of any such discovery to the objecting Settlement Class Member or the objecting Settlement Class Member's separate counsel should the Court determine that the objection is frivolous or is made for an improper purpose.

## VIII.  **CLAIMS PROCESS**

22.    In addition to all other consideration set forth in the Agreement, Settlement Class Members who file an Approved Claim by the Claims Deadline and provide all required proof or documentation and comply with all other conditions and requirements and Settlement Benefit Rules set forth herein, shall have the right to obtain one of the Settlement Benefits as set forth in the Settlement Agreement.

23.     As set forth in the Settlement Agreement, the following shall be paid out of the Common Fund prior to any distribution of the Common Fund to the Settlement Class: (a) attorney's fees and costs; (b) Participation Awards; (c) administrative costs and the costs of Notice, but excluding internal costs to Defendants (except Shipping and Processing Costs (as defined in the Settlement Agreement) shall be paid from the Common Fund) to administer the settlement; and (d) shipping and processing costs ("Shipping and Processing Costs") not to exceed $7.95 per shipment, in connection with the provision of benefits to all Approved Claimants who select to receive a Product Benefit.  The remainder of the Common Fund shall be used to pay Approved Claims for the Cash Benefits, in accordance with the rules set forth herein.  Any distribution of monies from the Common Fund to the Settlement Class shall commence only after the Effective Date.  In the event that Approved Claims for Cash Benefits and/or the Shipping and Processing Costs exceed the available cash in the Common Fund, all Cash Benefits will be reduced in a pro rata proportion.  In the event there remains cash in the Common Fund after all Settlement Benefits have been paid or provided, or from Class Members failing to cash settlement checks, the remaining cash will be allocated by Class Counsel to the Electronic Frontier Foundation through *cy pres* distributions, or as otherwise directed by the Court.

## IX. <u>CONFIDENTIALITY</u>

24.    Any information received by the Settlement Administrator in connection with the Class Settlement that pertains to a particular Settlement Class Member, or information submitted in conjunction with a Request for Exclusion (other than the identity of the entity requesting exclusion), shall not be disclosed to any other person or entity other than Class Counsel, Defendants' Counsel, and the Court, or as otherwise provided in the Agreement.

## X. <u>FINAL APPROVAL (FINAL FAIRNESS) HEARING</u>

25.    A hearing on final settlement approval (the "Final Approval (Final Fairness) Hearing") will be held before this Court, in Courtroom __, at the United States District Court for the District of New Jersey, 50 Mulberry Street, Room ____, Newark, New Jersey on _____ __, 20___ at __: __ a.m., to consider, *inter alia*, the following: (a) the adequacy of the Class Representatives and whether the Settlement Class should be finally certified; (b) the fairness, reasonableness and adequacy of the Class Settlement; (c) the dismissal with prejudice of the Action as to Defendants; (d) whether Class Counsel's application for attorneys' fees, expenses, and compensation for the Class Representatives ("the Fee and Cost Application") should be granted; (e) whether to finally approve the Agreement; and (f) whether the Court should enter an order expressly determining that there is no just reason for delay and expressly directing that any judgment by the Court

approving the Agreement and the Settlement Class should be deemed as a final judgment under Fed. R. Civ. P. 54(b) with respect to all Claims by Settlement Class Members against Defendants and all Released Parties.

26.    No later than fifteen (15) calendar days before the Final Approval (Final Fairness) Hearing, the Settlement Administrator shall provide to Class Counsel the following information: (i) the number of e-mail notices sent to Settlement Class Members; (ii) the approximate number of visits to the settlement website from the date of entry of a Preliminary Approval Order; and (iii) such other similar tracking information reasonably requested by Class Counsel.

27.    No later than fifteen (15) calendar days before the Final Approval (Final Fairness) Hearing, the Settlement Administrator shall provide to Class Counsel the names of Settlement Class Members who have requested exclusion from the Settlement.

28.    Counsel for the Parties shall file memoranda, declarations, or other statements and materials in support of final approval of the Settlement Agreement, including an application for an award of attorneys' fees, costs, and Class Representative incentive payments ("Fee Application"), no later than forty-five (45) days prior to the Final Fairness Hearing.

29.    Counsel for the Parties shall file any reply papers in support of final approval of the Settlement Agreement and the Fee Application and in response to

any objections from Settlement Class Members by seven (7) days prior to the Final Fairness Hearing.

30.    The settlement on the terms and conditions of the Settlement Agreement filed concurrently with the Motion for Preliminary Approval is hereby preliminarily approved, but is not to be deemed an admission of liability or fault by Defendants or by any other party or person, or a finding of the validity of any claims asserted in the litigation or of any wrongdoing or of any violation of law by Defendants.   The settlement is not a concession and shall not be used as an admission of any fault or omission by Defendants or any other party or person.

31.    Any Settlement Class Member may enter an appearance in the Action and/or may seek to intervene in the Action, individually or through the counsel of their choice at their expense.  Other than (a) Settlement Class Members who enter an appearance and (b) Opt-Outs, the Class will be represented by Class Counsel.

32.    Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement that are not materially inconsistent with either this Order or the terms of the Agreement.

33.    Pending Final Approval, Defendants may seek an injunction that no Settlement Class Member, either directly, representatively, or in any other capacity (other than a Settlement Class Member who validly and timely elects to be excluded from the Settlement Class), shall commence, continue or prosecute

Exhibit B – Order Granting Preliminary Approval

against any Defendants and/or any Released Parties any action or proceeding in any court or tribunal asserting any of the matters, claims, or causes of action that are to be released upon Final Approval pursuant to the Settlement Agreement, including *Lisa Margolis v. Atlantic Coast Media Group LLC, et al.*, case No. 2:11-CV-04355, and any other Related Actions, and Class Counsel and Class Representatives are directed to cooperate, but are not required to participate, in Defendants' efforts to obtain said injunction or injunctions.  Upon Final Approval, all Settlement Class Members who do not file a timely Request for Exclusion shall be forever enjoined and barred from asserting any of the matters, claims, or causes of action released pursuant to the Settlement Agreement, including the Class Released Claims and any such Settlement Class Member shall be deemed to have forever released any and all such matters, claims, and causes of action as provided for in the Settlement Agreement.

## XI.   <u>OTHER PROVISIONS</u>

34.    Upon Final Approval, each and every term and provision of the Settlement Agreement (except as may be modified by the Final Approval Order) shall be deemed incorporated into the Final Approval Order and Judgment as if expressly set forth and shall have the full force and effect of an Order of the Court.

35.    In the event that the Class Settlement is terminated in accordance with the provisions of the Settlement Agreement, the Class Settlement and all

Exhibit B – Order Granting Preliminary Approval

proceedings had in connection therewith shall be null and void, except insofar as expressly provided in the Settlement Agreement, and without prejudice to the status quo ante rights of Plaintiffs and Defendants.

36.    Neither this Order nor the Settlement Agreement, nor any documents or statements related thereto, shall constitute any evidence or admission of liability by Defendants and/or any Released Party, nor shall any such document or statement be offered in evidence in this or any other proceeding except to consummate or enforce the Settlement Agreement or the terms of this Order.

37.    Summary of Dates and Deadlines:

| | |
|---|---|
| Last day to disseminate class notice: | 30 days after entry of the Preliminary Approval Order |
| Last day to file (1) Motion for Final Approval and (2) Fee Application: | 45 days prior to Fairness Hearing |
| Last day for class members to opt-out of the Settlement: | 21 days prior to Fairness Hearing |
| Last day for objections to Settlement or opposition to Motion for Final Approval of Fee Application | 30 days prior to Fairness Hearing |
| Last day for the Parties to file replies to any class member objections to the Motion for Final Approval or Fee Application: | Seven days prior to Fairness Hearing |
| Fairness Hearing: | at least 100 days after entry of the Preliminary Approval Order |

Exhibit B – Order Granting Preliminary Approval

**IT IS SO ORDERED.**

Date: _____              _____
                                         Honorable Kevin McNulty
                                         United States District Judge

Exhibit B – Order Granting Preliminary Approval

APPROVED AS TO FORM:

DATED: _____, 2012     COHEN MILSTEIN SELLERS & TOLL PLLC

By:   */s/ Andrew N. Friedman*
       Andrew N. Friedman
       Whitney R. Case
       Attorneys for Plaintiffs
       SUSAN SABOL, VALERIE DONE, and
       KATHLEEN KLODNER on behalf of
       themselves and all others similarly
       situated

DATED: _____, 2012     McLAUGHLIN & STERN  LLP

By:   */s/ Lee S. Shalov*
       Lee S. Shalov
       Attorney for Plaintiffs
       SUSAN SABOL, VALERIE DONE, and
       KATHLEEN KLODNER on behalf of
       themselves and all others similarly
       situated

DATED: _____, 2012     LAW OFFICE OF ANGELA EDWARDS

By:   */s/ Angela Edwards*
       Angela Edwards
       Attorney for Plaintiffs
       SUSAN SABOL, VALERIE DONE, and
       KATHLEEN KLODNER on behalf of
       themselves and all others similarly
       situated

Exhibit B – Order Granting Preliminary Approval

DATED: _____, 2012

                              KELLEY DRYE & WARREN LLP

                    By:    */s/ Michael C. Lynch*          
                              Michael C. Lynch (Pro Hac Vice)
                              Joseph A. Boyle
                               Lauri A. Mazzuchetti
                               Michael A. Innes
                              200 Kimball Drive
                              Parsippany, New Jersey
                              Attorneys for Defendants
                              HYDROXATONE LLC and;
                              ATLANTIC COAST MEDIA GROUP LLC

Ex. C

Exhibit C – Final Approval Order and Judgment

Joseph A. Boyle
Michael C. Lynch (pro hac vice)
Lauri A. Mazzuchetti
Michael A. Innes
KELLEY DRYE & WARREN LLP
200 Kimball Drive
Parsippany, New Jersey 07054
Phone (973) 503-5900

*Attorneys for Defendants*
*Hydroxatone LLC and*
*Atlantic Coast Media Group LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---------------------------------- X
**SUSAN SABOL, VALERIE DONE,**    :    **CIVIL ACTION NO.**
**and KATHLEEN KLODNER on**        **2:11-cv-04586-KM-MAH**
**behalf of themselves and all others**    :
**similarly situated,**
                        :    [PROPOSED] FINAL JUDGMENT
              **Plaintiffs,**    :    AND ORDER APPROVING CLASS
                        ACTION SETTLEMENT AND
   **-against-**                  :    DISMISSING CLAIMS OF
                        SETTLEMENT CLASS MEMBERS
**HYDROXATONE LLC and**      :    WITH PREJUDICE
**ATLANTIC COAST MEDIA**
**GROUP LLC,**                  :
                        :
             **Defendants.**
---------------------------------- X

## (PROPOSED) FINAL APPROVAL ORDER AND JUDGMENT

     1.     This matter came before the Court for hearing on _____,

2013.  The Court, having considered the Motion for Preliminary Approval and

Final Approval and the declarations in support thereof, the Settlement Agreement

(the "Settlement Agreement"), objections and comments received regarding the

proposed settlement, the record in the above captioned action (the "Action"), the evidence presented, and the arguments and authorities presented by counsel, and for good cause appearing,

2.      Defendants and the Class Representatives reached a settlement (the "Class Settlement").  The Parties have submitted a detailed written Settlement Agreement together with numerous exhibits and proposed orders.  To the extent not otherwise defined herein; all capitalized terms shall have the meanings attributed to them in the Settlement Agreement.  The Court gave its preliminary approval of the Settlement on _____ (the "Preliminary Approval Order").  The Court directed the parties to provide notice of the proposed Class Settlement by notice via the internet, direct mail, email and P.R Newswire or Business Wire services, and scheduled a further hearing to determine whether the proposed Class Settlement is fair, reasonable, and adequate.

3.      On _____, this Court held a hearing to determine whether the proposed Settlement set forth in the Agreement executed by the Parties should be approved in final by this Court.  Andrew N. Friedman, Esq. appeared for the Plaintiffs and the Settlement Class.  Michael C. Lynch, Esq. appeared for the Defendants.  ____ objections were filed with respect to the proposed Settlement,

and ___ Settlement Class Members appeared at the hearing to contest the Settlement.

4.    After reviewing the pleadings and evidence filed in support of the request for final approval of the Class Settlement and hearing the attorneys for the Parties, and any objectors, the Court finds, and

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

5.    This Final Approval Order and Judgment incorporates and makes part hereof the Agreement and all Exhibits thereto.

6.    The Court has personal jurisdiction over all Settlement Class Members as well as Hydroxatone LLC and Atlantic Coast Media Group LLC ("Defendants").  This Court has subject matter jurisdiction over the subject matter of the Action, the Class Representatives, the Settlement Class Members, and Defendants.

7.    The Court hereby adopts and approves the Settlement Agreement and the settlement terms contained therein (including all Exhibits attached thereto and subsequently executed) and finds that it is in all respects fair, reasonable, adequate, just, and in compliance with all applicable requirements of the United States Constitution (including the Due Process Clause) and all other applicable laws, and

in the best interest of the Parties and the Settlement Class.  Any objections have been considered and are hereby overruled.  Accordingly, the Court directs the Parties and their counsel to implement and consummate the settlement in accordance with the terms and conditions of all portions of the Settlement Agreement.

8.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finally certifies the Settlement Class, consisting of:

> All Persons residing in the United States who between January 1, 2005 and [insert date of Preliminary Approval Order] received, ordered, signed up for, paid for, and/or were charged for Hydroxatone-branded products, and/or were charged shipping and processing fees for such products, in connection with a Risk-Free Trial and/or Auto-Shipment Program.

In so holding, the Court finds that the prerequisites of Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied for certification of the nationwide Settlement Class for settlement purposes because: Settlement Class Members are so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Settlement Class; the claims and defenses of the Class Representatives are typical of the claims and defenses of the Settlement Class Members they represent; the Class Representatives have fairly and adequately protected the interests of the Settlement Class with regard to the claims of the Settlement Class they represent; the common questions of law and fact

predominate over questions affecting only individual Settlement Class Members, rendering the Settlement Class sufficiently cohesive to warrant a nationwide class settlement; and the certification of the Settlement Class is superior to individual litigation and/or settlement as a method for the fair and efficient resolution of this matter.   In making all of the foregoing findings, the Court has exercised its discretion in certifying the Settlement Class, based, inter alia, upon the Court's familiarity with the claims and parties in this case, the interests of the various constituent groups, and the negotiation process overseen by Mediator, Hon. Stephen M. Orlofsky (ret.).

9.    The Court further finds with respect to entry of the Prospective Relief that the Settlement Class should be certified pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds that apply generally to the Settlement Class, so that injunctive or corresponding declaratory relief is appropriate respecting the Settlement Class as a whole.

10.    The Settlement Agreement and proposed Class Settlement were reached after arm's-length negotiations between the Parties.   The Settlement Agreement and the proposed Settlement are fair, reasonable, and adequate; consistent with and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Code and United States Constitution

(including the Due Process Clause), and any other applicable law; and in the best interests of each of the Parties and the Settlement Class Members.

11.     The Class Settlement is fair and reasonable and satisfies the multi-factor balancing test laid out by *Girsh v. Jepson*, 521 F.3d 153, 157 (3d Cir. 1975).

12.     The Court finds that in negotiating, entering into, and implementing the Class Settlement, Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members.

13.     The Notice and the notice methodology implemented pursuant to the Settlement Agreement (i) constituted the best practicable notice; (ii) constituted notice that was concise, clear and in plain, easily understood language and was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the claims, issues and defenses of the Settlement Class, the definition of the Settlement Class certified, their right to be excluded from the Settlement Class; their right to object to the proposed Class Settlement, their right to appear at the Final Approval Hearing, through counsel if desired, and the binding effect of a judgment on Settlement Class Members; (iii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of the Federal

Rules of Civil Procedure, the United States Code, the United States Constitution (including the Due Process Clause), and any other applicable law.

14.    The terms of the Settlement Agreement and this Final Approval Order and Judgment are binding on the Plaintiffs and all other Settlement Class Members, as well as their heirs, executors and administrators, successors and assigns.

15.    The terms of the Settlement Agreement and this Final Approval Order and Judgment shall have *res judicata*, collateral estoppel and all other preclusive effect in the Action, the Related Actions, and any and all other actions, claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interests, or expenses which are based on or in any way related to any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interest, or expenses which were asserted in the Action and Related Actions or any other claims under state or federal law which arise from, are based on or in any way related to Defendants' sales and marketing activities.

16.     The Parties and their counsel are ordered to implement and to consummate the Settlement Agreement according to its terms and provisions.

17.     All claims against Defendants in this Action are hereby dismissed on the merits and with prejudice, without fees or costs to any party except as provided below.

18.     The releases set forth in Paragraph 14 of the Settlement Agreement are incorporated by reference and provides, *inter alia*, that for and in consideration of the Cash Benefits, Product Benefits, Prospective Relief and Released Claims and the mutual promises contained in the Settlement Agreement, Plaintiffs and the Settlement Class Members, fully and finally release, as of the Effective Date, Defendants from any and all actions, causes of action, claims, demands, liabilities, obligations, damage claims, restitution and unjust enrichment claims, fees, costs, sanctions, proceedings and/or rights of any nature and description whatsoever, whether legal or equitable, that in any way challenge Defendants' Risk Free Trials, Auto-Shipment Programs, billing practices (including the use of delayed-billing programs), beauty program, alleged use of a negative option program, the representations and/or disclosures and/or Defendants' adherence to the terms (or alleged terms) of such offers, and/or any claim related to the receipt of and/or payment for unordered products.

19.     The Parties are authorized, without further approval from the Court, to agree to and to adopt such amendments, modifications and expansions of the Agreement and all exhibits attached hereto as (i) are consistent with the Final Approval Order and Judgment, and (ii) which do not limit the rights of Settlement Class Members under the Agreement.

20.    The Court hereby grants Class Counsel's request for an award of reasonable attorneys' fees in the amount of $_____.  The Court further grants Class Counsel's application for reimbursement of costs and expenses in the amount of $_____, which shall include Participation  Awards for the Class Representatives in the amount of $1,000.00 each for Susan Sabol, Valerie Done, and Kathleen Klodner; and a Participation Award for the Former Class Representative in the amount of $ 500.00 for Tami Gray.

21.    The Court further approves the establishment of the Common Fund as set forth in the Settlement Agreement and the Escrow Agreement submitted by the Parties.

22.    The Court finds that the Escrow Account is a "Qualified Settlement Fund" as defined in section 1.468B-1(a) of the Treasury Regulations in that it satisfies each of the following requirements:

(a)    The Escrow Account is established pursuant to an order of this Court and is subject to the continuing jurisdiction of this Court;

(b)    The Assets of the Escrow Account are segregated from other assets of Defendants, the transferor of payments to the Common Fund, and from the assets of persons related to Defendants.

23.     Under the "relation-back" rule provided under section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that:

(a)     The Escrow Account met the requirements of paragraphs 21 and 22 of this Order prior to the date of this Order approving the establishment of the Common Fund subject to the continued jurisdiction of this Court; and

(b)     Defendants and the "administrator" under section 1.468B-2(k)(3) of the Treasury Regulations may jointly elect to treat the Escrow Account as coming into existence as a "Qualified Settlement Fund" on the later of the date the Escrow Account met the requirements of this Order or January 1 of the calendar year in which all of the requirements of this Order are met.  If such relation-back election is made, the assets held by the Escrow Account on such date shall be treated as having been transferred to the Escrow Account on that date.

24.     Nothing in this Final Approval Order and Judgment, the Class Settlement, the Settlement Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendants.

25.     In the event that the Class Settlement does not become effective according to the terms of the Settlement Agreement, this Final Approval Order and Judgment shall be rendered null and void as provided by the Settlement

Agreement, shall be vacated and, all orders entered and released delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

26.     No Settlement Class Member (including plaintiffs in any Related Actions), either directly, representatively, or in any other capacity (other than a Settlement Class Member who validly and timely submitted a valid Request for Extension), shall commence, continue, or prosecute any action or proceeding against any or all Released Parties in any court or tribunal asserting any of the Released Claims defined in the Settlement Agreement, and are hereby permanently enjoined from so proceeding.

27.     Without affecting the finality of the Final Approval Order and Judgment, the Court shall retain continuing jurisdiction over the Action, the Parties and the Settlement Class, and the administration and enforcement of the Class Settlement and Settlement Agreement.  Any disputes or controversies arising with respect to the enforcement or implementation of the Class Settlement or Settlement Agreement shall be presented by motion to the Court, provided, however, that nothing in this paragraph shall restrict the ability of the Parties to exercise their rights, as set forth above.

28.    There being no just reason to delay, the Clerk is directed to enter this

Final Approval Order and Judgment forthwith.

**IT IS SO ORDERED.**


**DATED:  _____, 2012**          _____

                                           **Hon. Kevin McNulty**
                                           **United States District Judge**


**APPROVED AS TO FORM:**

DATED:                    **COHEN MILSTEIN SELLERS & TOLL PLLC**


                                      By:    _____
                                               Andrew N. Friedman
                                               Whitney Case
                                               Attorneys for Plaintiffs
                                               SUSAN SABOL, VALERIE DONE and KATHLEEN KLODNER, Individually and on Behalf of All Others Similarly Situated

DATED:                  **MCLAUGHLIN & STERN**

By:   _____

Lee S. Shalov
Attorney for Plaintiffs
SUSAN SABOL, VALERIE DONE and
KATHLEEN KLODNER, Individually
and on Behalf of All Others Similarly
Situated

DATED:                  **LAW OFFICE OF ANGELA EDWARDS**

By:   _____

Angela Edwards
Attorney for Plaintiffs
SUSAN SABOL, VALERIE DONE and
KATHLEEN KLODNER, Individually
and on Behalf of All Others Similarly
Situated

DATED:                  **KELLEY DRYE & WARREN LLP**

By:   _____

Joseph A. Boyle
Michael C. Lynch (*pro hac vice*)
Lauri A. Mazzuchetti
Michael A. Innes
Attorneys for Defendants
HYDROXATONE LLC and ATLANTIC
COAST MEDIA GROUP

Ex. D

Exhibit D – Email Notice

TO: johndoe@hydroxatonesettlement.com

FROM: Settlement Administrator

SUBJECT: LEGAL NOTICE OF SETTLEMENT OF CLASS ACTION

NOTICE OF PENDING CLASS ACTION AND NOTICE OF PROPOSED SETTLEMENT

*Sabol, et al. v. Hydroxatone LLC and Atlantic Coast Media Group LLC,* Civ. No. 2:11-cv-04586-KM-MAH (USDC, DNJ)

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

You are receiving this e-mail because the records of Hydroxatone LLC and/or Atlantic Coast Media Group LLC indicate that between January 1, 2005 and [insert date of Preliminary Approval Order], you received, ordered, signed up for, paid for, and/or were charged for Hydroxatone-branded products, and/or were charged shipping and processing fees for such products, in connection with a Risk-Free Trial and/or Auto-Shipment Program, including but not limited to offers regarding or the receipt of the following products: Hydroxatone, Celtrixa, Hydrolyze, Declatone, Lashatone, Instant Effect, Luminique, Instant Wrinkle Filler, and Orexis.

 **THIS E-MAIL PROVIDES LIMITED INFORMATION ABOUT THIS CLASS ACTION SETTLEMENT.**
A proposed Settlement has been reached with Hydroxatone LLC and Atlantic Coast Media Group ("Defendants") in a class action, Sabol, et al. v. Hydroxatone LLC and Atlantic Coast Media Group LLC, Civ. No. 2:11-cv-04586-KM-MAH (USDC, DNJ), wherein the Plaintiffs allege, among other things, that Defendants' failure to adequately disclose terms of Risk Free Trials and Auto-Shipment Programs, refusal to refund customers who timely returned Hydroxatone products, failure to allow consumers to timely cancel Auto-Shipment Program memberships, and failure to cease billing consumers for Hydroxatone products after they have cancelled their memberships constitute a breach of contract, a violation of the New Jersey Consumer Fraud Act, and unjust enrichment. Defendants deny all of the claims.  The Class includes all Persons residing in the United States who between January 1, 2005 and [insert date of Preliminary Approval Order] received, ordered, signed up for, paid for, and/or were charged for Hydroxatone-branded products, and/or were charged shipping and processing fees for such products, in connection with a Risk-Free Trial and/or Auto-Shipment Program, including but not limited to offers regarding or receipt of the following products: Hydroxatone, Celtrixa, Hydrolyze, Declatone, Lashatone, Instant Effect, Luminique, Instant Wrinkle Filler, and Orexis.

If you are a member of the Settlement Class, you have certain rights and options, such as submitting a Claim for a Settlement Benefit, requesting exclusion from the Settlement, or objecting to the Settlement.

In summary, Settlement Class Members will, depending on the individual claimant's transaction history, receive either a Cash Benefit or Product Benefit as set forth in the Settlement Agreement.  Defendants agreed to pay $3 million into a Common Fund that will be used to fund the payment of Cash Benefits as set forth in the Settlement Agreement and costs associated with the Product Benefit (shipping and processing fees) as well as to pay attorneys' fees and costs, Participation Awards, and administrative costs and the costs of Notice. You can submit a Claim online at [insert url] or by mail. The Claim Deadline is ___.

As part of the Settlement, Class Counsel will submit a request for attorneys' fees, expenses, and Participation Awards for the Class Representatives as more fully set forth in the Long Form Notice.  Attorneys' fees and Participation Awards will be paid out of the Common Fund.  If you desire to be represented by your own lawyer, you may hire one at your own expense and enter an appearance through your lawyer.

**IF YOU DO NOT WISH TO BE PART OF, OR IF YOU WISH TO OBJECT TO, THIS SETTLEMENT**, you may exclude yourself or file an objection with the Court. To exclude yourself, you must mail a Request for Exclusion, postmarked no later than insert date, to: Settlement Administrator, c/o insert name and address. If you do not submit a written Request for Exclusion, you will be bound by the Final Approval Order and Judgment entered in the Action.  Unless you exclude yourself, you will remain in the Class, and cannot sue, or continue to sue, or be part of any other lawsuit against the Defendants about the claims being released in this Settlement. All of the Court's orders will apply to you and legally bind you.  To object to the Settlement, you must file an objection with the Court by no later than date. The Court, located at 50 Walnut Street, Newark, New Jersey, will conduct a hearing on whether to approve the Settlement, and if so, will determine what fees and expenses should be awarded to Class Counsel. The Final Approval Hearing is presently scheduled for insert date, but may be changed. Any Settlement Class Member may enter an appearance with the Court. If you have already submitted a Claim, or excluded yourself from the Settlement, you need not take any further action.

***Go to*** <mark>www.url.com</mark> ***or call*** <mark>***1-877-xxxxxxxxx***</mark> ***for additional information.***
***Please do not contact the Court or Defendants.***

Para ver en español, visita <mark>www.url.com</mark> o llama al ***1-877-xxxxxxxxx***. También puedes escribir a Messaging Plan Settlement Administrator, c <mark>insert date, to: Settlement Administrator, c/o insert name and address</mark> para solicitar la versión en español de este Aviso y te enviaremos una copia por correo.

Ex. E

Exhibit E – Escrow Agreement

## <u>ESCROW AGREEMENT</u>

This escrow agreement (the "Escrow Agreement"), dated January ___, 2013, by and among (a) defendants Hydroxatone LLC and Atlantic Coast Media Group LLC (collectively, "Defendants"), (b) Class Counsel on behalf of the Settlement Class, and (c) _____ as escrow agent (the "Escrow Agent"), is entered into in connection with the Stipulation and Class Action Settlement dated February 7, 2013 ("Settlement Agreement").  All capitalized terms not otherwise defined herein shall have the same meaning as they have in the Settlement Agreement.

WHEREAS, the Parties, by and through their respective counsel, have entered into the Settlement Agreement wherein, subject to final approval of the United States District Court, District of New Jersey (the "Court") and other terms and conditions set forth therein, they agreed, *inter alia,* to the dismissal of the Action with prejudice and to the releases set forth in the Settlement Agreement in exchange for, *inter alia,* payment by Defendants Three Million Dollars ($3,000,000) into the Common Fund.

WHEREAS, the parties hereto are entering into this Escrow Agreement in order to effectuate certain of the terms of the Settlement Agreement.

NOW, THEREFORE, in consideration of the foregoing and the mutual covenants and considerations therein, the parties agree as follows:

1.    **Deposit in Escrow**

Within ten (10) days from the execution of this Escrow Agreement, pursuant to and in accordance with the terms and conditions of the Settlement Agreement, Defendants will wire the sum of $_____ to the Escrow Agent as an initial deposit to open the Escrow Account and will, upon approval by the parties of the Claims Administrator's subsequent invoices for administrative costs, deposit additional funds to cover said administrative costs.  Within ten (10) days after entry of the Final Approval Order and Judgment, Defendants shall deposit the remainder of the funds into the Escrow Account, *i.e.*, an amount sufficient to fund the Escrow for a total of $3,000,000.00 (collectively, the "Escrow Amount"), to complete the funding of the Escrow Account for the benefit of the Settlement Class.  Class Counsel, on behalf of the Settlement Class hereby confirms that the Escrow Amount satisfies Defendant's entire obligation to place sums in the Escrow Account pursuant to the Settlement Agreement.

2.    **Interest and Investments**

2.1    The Escrow Agent shall cause all funds in the Escrow Account to be invested in short term instruments backed by the full faith and credit of the United States government or fully insured by the United States government or an

agency thereof, or any mutual fund whose holdings consist solely of securities of the United States government, and shall reinvest the proceeds of the instruments as they mature in similar instruments at their then current market rates.  The Escrow Agent shall not invest any portion of the Escrow Account in any debt obligation having a maturity in excess of ninety (90) days.

2.2    The Escrow Agent may cause to be sold or present for redemption any investment described in Section 2.1 above whenever it shall be necessary in order to provide funds to meet any payment required pursuant to this Escrow Agreement.  The Escrow Agent shall not be liable or responsible for any loss resulting from such sale or redemption.

2.3    All interest and other earnings received on the Escrow Account shall accrue to the benefit of the Escrow Account.  Any losses in the Escrow Account shall be borne by the Escrow Account and shall not be recoverable from Defendants, which shall have no liability, obligation or responsibility of any kind in connection with the investment, disbursement, or other oversight of the Escrow Account.

## 3.    <u>Payment and Distribution</u>

Except as otherwise ordered by the Court, the Escrow Agent is directed to hold and distribute the property of the Escrow Account in the following manner:

3.1     *Payment of Attorneys' Fees.*   Within ten (10) days of the Escrow's receipt from Class Counsel of written notice, showing a copy having been previously served upon Defendants' Counsel, that (1) the Court has entered the Final Approval Order in the conformity with the terms of the Settlement, and (2) the Court has approved the Fee and Cost Application in conformity with the terms of the Settlement Agreement, the Escrow Agent shall pay from the Escrow Account the amounts ordered by the Court for attorneys' fees, to the extent, in the matter, and to the persons described in the Court's Order.

3.2     *Payment of Notice and Administration Costs.*   Pursuant to written instructions from Class Counsel, with copies sent to Defendant's Counsel, the Escrow Agent shall periodically remit payments to the Settlement Administrator for notice and administration expenses.

3.3     *Payment of Participation Awards.* Within fifteen (15) days of receiving notice from Class Counsel, with copy to Defendants' Counsel, that the Effective Date as defined by the Settlement Agreement has occurred, the Escrow Agent shall pay from the Escrow Account the Participation Awards to the extent, in the manner, and to the persons described in the Court's order approving the payment of same.

3.4     *Settlement Payments and Allocation*.   After the Effective Date as defined by the Settlement Agreement, the balance of funds remaining in the

Escrow Account, after the disbursement of the amounts referenced in Sections 3.1 and 3.2 above, shall be distributed in accordance with the instructions of the Settlement Administrator, as approved and/or modified by the Court and with any subsequent order of the Court concerning the distribution of the funds remaining in the Escrow Account, unless the instructions of the Settlement Administrator conflict with the covenants set forth herein.

**4.**     **Termination of the Escrow Agreement**

      4.1     If a Party elects to terminate the Settlement Agreement pursuant to the terms thereof, the Party shall serve a copy of the Termination Notice by facsimile and/or personal delivery upon the Escrow Agent and Settlement Administrator at the same time the Termination Notice is served on the Parties' counsel.

      4.2     Upon receipt of the Termination Notice, the Escrow Agent shall immediately cease any disbursement or payment from the Escrow Account. Within ten (10) days of its receipt of the Termination Notice, the Escrow Agent shall provide an accounting of all disbursements or payments from the Escrow Account through the date of the Termination Notice, and of any unpaid expenses, costs, taxes or other liabilities of the Escrow Account that had accrued through the date of the Termination Notice.

4.3     Subject only to the expiration of any time deposit investment(s) not to exceed ninety days, the Escrow Agent shall return to Defendants within thirty (30) days of the Termination Notice all funds remaining in the Escrow Account including all interest and earnings thereon, less any unpaid expenses, costs, taxes and other liabilities of the Escrow Account that had accrued through the date of the Termination Notice.

## 5.   <u>Taxes & Regulations</u>

5.1     The parties to this Escrow Agreement agree to treat the Escrow Account as being at all times a "qualified settlement fund" ("QSF") within the meaning of Treas. Reg. §§, 1.468B-1 through 1.468B-5, 26 C.F.R. §§ 1.468B-1 through 1.468B-5.   The Escrow Agent shall be deemed the "administrator" for purposes of Treas. Reg. § 1.468B.   The Escrow Agent shall timely take all steps necessary for qualifying the Escrow Account as a QSF within the meaning of the regulations.   These obligations include, without limitation, the following:

a.     Preparing and filing a "Regulation Section 1.468B-3 Statement" on behalf of Defendants;

b.     Preparing and filing on behalf of the Escrow Account federal tax returns in accordance with Section 1.468B-2 of the regulations and other provisions of the Internal Revenue Code of 1986, as amended, and all necessary state, local and foreign tax returns;

c.      Preparing and attaching to the Escrow Account's income tax return a "Regulation Section 1.468B-1 Relation Back Election" pursuant to Treasury Regulation Section 1.468B-1(j) for execution by the Escrow Agent and Defendants.

5.2      Notwithstanding any effort or failure of the Escrow Agent and the parties hereto to treat the Escrow Account as a QSF effective as of the date hereof, any additional tax liability (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Escrow Account, including any taxes or tax detriments that may be imposed on Defendants, shall be reimbursed from the Escrow Account upon Defendants' written request to the Escrow Agent.  The Escrow Agent is authorized to withdraw from the Escrow Account (i) monies to pay all applicable federal and state taxes which the Escrow Account owes or is estimated to owe; (ii) any reimbursements payable to Defendants as described in this Section 5.2, and (iii) all expenses and costs incurred in connection with the operation and implementation of Section 5.

**6.      <u>Miscellaneous</u>**

6.1      The Escrow Agent shall provide to the Parties, within forty-five (45) days after the payment of the Escrow Amount into the Escrow Account, and monthly thereafter, a statement of receipts and disbursements, and property on hand pertaining to the Escrow Account.

6.2    The Escrow Agent's acceptance and administration of the Escrow Amount shall constitute submission to the jurisdiction of the Court for the purposes of carrying out this Escrow Agreement and with respect to all disputes or claims relating to or arising out of the same and an agreement to comply with all directions of the Court.

6.3    This Escrow Agreement shall be governed by and interpreted according to substantive laws of the State of New Jersey, without reference to choice-of-law principles.

6.4    Copies of all notices and correspondence sent pursuant to this Escrow Agreement shall be served by email and first class U.S. Mail (or such other method as all counsel listed below mutually agree) upon the Escrow Agent and the following:

> Andrew N. Friedman
> COHEN MILSTEIN SELLERS & TOLL PLLC
> 1100 New York Ave NW
> Washington, DC 20005
> (202) 408 4600
> afriedman@cohenmilstein.com
>
> and
>
> Michael Lynch
> Lauri A. Mazzuchetti
> KELLEY DRYE & WARREN LLP
> 200 Kimball Drive
> Parsippany, New Jersey 07054
> (973) 503-5900
> lmazzuchetti@kelleydrye.com

mlynch@kelleydrye.com

6.5     The parties reserve the right to modify this Escrow Agreement upon written agreement of all parties other than the Escrow Agent, except any modification which shall affect the duties and responsibilities of the Escrow Agent may be made only upon agreement of all parties including the Escrow Agent.

6.6     All fees, expenses and costs incurred in connection with the creation and administration of the Escrow Account shall be reimbursed from the Escrow Account and shall be deemed costs of administrating the Settlement Agreement within the meaning thereof.

6.7     This Escrow Agreement may be executed in one or more counterparts, and transmitted among the parties hereto by facsimile transmission, and such counterparts and facsimile transmissions shall be valid and effective as if an original.


DATED:      _____          KELLEY DRYE & WARREN, LLP


                                        By:   _____
                                              MICHAEL C. LYNCH
                                              Attorneys for Defendants


DATED:      _____          COHEN MILSTEIN


                                        By:   _____
                                              Andrew N. Friedman

Attorneys for Settlement Class

DATED: _____          By: _____

For the Escrow Agent

Ex. F

Exhibit F – Long Form Notice

**AN IMPORTANT NOTICE FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY ABOUT A CLASS ACTION SETTLEMENT INVOLVING HYDROXATONE PRODUCTS**

**PLEASE DO NOT CONTACT HYDROXATONE LLC OR THE COURT**

**FOR INFORMATION**

**Para ver en español, visita [insert url] o llama al 1-877-347-3437. También puedes escribir a Messaging Plan Settlement Administrator, c/o [insert name and address] para solicitar la versión en español de este Aviso y te enviaremos una copia por correo.**

A proposed national settlement has been reached in class action proceedings brought against Hydroxatone LLC and Atlantic Coast Media Group LLC (collectively referred to as "Defendants") relating to their sale or offer of products under a Risk Free Trial and/or Auto-Shipment Program (a/k/a "Preferred-Customer Beauty Program" or "Beauty Auto-Ship Program").

The case is entitled *Susan Sabol, et al., v. Hydroxatone LLC and Atlantic Coast Media Group LLC*, Civ. Act. No. 2:11-cv-0456-KM-MAH (D.N.J.) (the "Action"). You may be a member of the Settlement Class whose rights are affected by this lawsuit. The sole purpose of this Long Form Notice is to inform you of the Settlement Agreement so that you may decide what steps to take in relation to it. This is not a solicitation from a lawyer.

The parties have engaged in comprehensive settlement negotiations and information exchange. Following the parties' negotiations, the parties have reached an Agreement (the "Settlement Agreement") providing for the Settlement of the Action, and all Claims relating to Defendants' sale or offer of products under a Risk-Free Trial or Auto-Shipment Program. Defined terms, other than those defined in this notice, shall have the meaning set forth in the Settlement Agreement. A copy of the Settlement Agreement is posted on this website: [insert url]. The Court has certified a class (the "Settlement Class"), for settlement purposes only, consisting all Persons residing in the United States who between January 1, 2005 and [insert date of Preliminary Approval Order] received, ordered, signed up for, paid for, and/or were charged for Hydroxatone-branded products, and/or were charged shipping and processing fees for such products, in connection with a Risk-Free Trial and/or Auto-Shipment Program.
.
The proposed Settlement will provide benefits to members of the Settlement Class who make valid claims by submitting a Claim Form either through mail or through this Settlement Website, www._____. Class Members Benefits consist of either a Cash Benefit or a Product Benefit, depending on which category your Claim belongs to.

Class Counsel (listed below) believe that the Claims asserted in the Action have merit, but that the Settlement, described below, is in the best interests of the Settlement Class. Class Counsel have evaluated information made available in the course of the Action and settlement negotiations and have taken into account the risks and uncertainties of proceeding with this litigation. Those risks include the uncertainty of prevailing on the merits, proving substantial damages at trial, and prevailing on post-trial motions and likely appeals. Based upon their consideration of these factors, and on the substantial time and expense that will be incurred, Class Counsel believe it is in the best interests of the Settlement Class to settle the Action and the Released Claims on the terms described below.

Defendants deny any wrongdoing and do not believe that they have any liability to the Class Representatives or the Settlement Class. Defendants, however, believe that it is in their best interest to settle the Action, under the terms of the Settlement Agreement and obtain closure on these matters for the purpose of avoiding the uncertainties, expense of, and diversion of business resources resulting from further litigation.

This notice does not imply that there have been or would be any findings of violation of the law by Defendants or that recovery could be had in any amount if the Action were not settled.

YOUR LEGAL RIGHTS ARE AFFECTED WHETHER YOU ACT OR DO NOT ACT. READ THIS NOTICE CAREFULLY.

THESE RIGHTS AND OPTIONS – *AND THE DEADLINES TO EXERCISE THEM* – ARE EXPLAINED IN THIS NOTICE.

The Court in charge of this case has preliminarily approved the Settlement, but still has to decide whether to finally approve the Settlement.  Payments and Settlement Benefits will be made only if the Court finally approves the Settlement and after appeals, if any, are resolved. Please be patient.

2

1686886.1

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **SUBMIT A CLAIM FORM BY MAIL OR ON WEBSITE** | **Submitting a Claim Form (by mail or on the website) is the only way to get a Cash Benefit or Hydroxatone Product Benefit.** |
| **ASK TO BE EXCLUDED** | **If you ask to be excluded from the settlement, then you <u>will not receive</u> cash and/or products.  You will, however, keep your rights to sue Defendants on your own regarding Hydroxatone products.**  Please note that this is the only option that allows you to ever be part of any other lawsuit about the legal claims relating to Defendants' Risk Free Trials or Auto-Shipment Programs. |
| **COMMENT OR OBJECT** | **Tell the Court why you like or dislike the settlement.**<br><br>You must remain a Settlement Class Member of the lawsuit in order to object to the Settlement.  In other words, you cannot ask to be excluded from and also object to the Settlement. |
| **DO NOTHING** | **If you fail to either file a Claim Form in a timely manner or request to be excluded, you will receive <u>no</u> reimbursement and <u>no</u> products.**  You will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants about the claims being released in this Settlement. |

## IMPORTANT DEADLINES

**(your  legal rights are affected by your compliance or non-compliance with these dates)**

Final Date to Submit Claim:

Final Date to Request Exclusion:

Final Date to File Objection:

Court Hearing on Fairness of Settlement**:**

3

1686886.1

## BASIC INFORMATION

1.   Why was I notified about this settlement? ................................................. 5

2.   What is this lawsuit about? ...................................................................... 5

3.   Why is this Action a class action? ............................................................ 5

4.   Why is there a settlement? ....................................................................... 6

5.   How do I know if I am a Class Member? .................................................. 6

6.   What are the exceptions to being included in the Class? ......................... 6

7.   I am still not sure if I am included ............................................................ 6

8.   What does the Settlement provide? .......................................................... 6

9.   Who can send in a claim? ......................................................................... 8

10.  How do I make a valid claim? .................................................................. 8

11.  When do I get my Cash or Product Benefit or
     learn whether I will receive a benefit? ..................................................... 9

12.  What am I giving up by staying in the Class? .......................................... 9

13.  How do I exclude myself from the Settlement? ........................................ 9

14.  If I do not exclude myself, can I sue the Defendants for the same thing later? ... 10

15.  If I exclude myself, can I receive a payment from this Settlement? ...................... 10

16.  Do I have a lawyer in this case? ............................................................. 10

17.  How will the lawyers be paid? ............................................................... 10

18.  How do I tell the Court that I like or dislike the Settlement? .............................. 11

19.  What is the difference between objecting to the Settlement and
     excluding myself from the Class? ........................................................... 12

20.  When and where will the Court decide whether to approve the Settlement? ..... 13

21.  Do I have to come to the hearing? .......................................................... 13

22.  May I speak at the hearing? .................................................................... 13

23.  What happens if I do nothing at all? ....................................................... 13

24.  Are there more details about the Settlement? ......................................... 13

4

**1.     Why was I notified about this settlement?**

According to Defendants' records, you paid some amount to Defendants in connection with a Risk Free Trial or Auto-Shipment Program involving Hydroxatone-branded products during the time period between January 1, 2005 through {{INSERT PRELIM APPROVAL DATE}} (this is the "Class Period").

If this description applies to you, you have a right to know about your options with respect to a proposed settlement (the "Settlement") of the claims relating to Defendants' products in this class action lawsuit before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections or appeals are resolved, the Settlement Administrator will distribute Cash Benefit payments and Product Benefits that the Settlement allows **for valid, approved claims**.

This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to receive them.

**2.     What is this lawsuit about?**

On August 8, 2011, Tammy Gray filed a class action lawsuit against Defendants in the United States District Court for the District of New Jersey, and was assigned Case Number 2:11-cv-04586-SRC-MAS ("Gray Case"), alleging, among other things, that Defendants' failure to adequately disclose terms of Risk Free Trials and Auto-Shipment Programs, refusal to refund customers who timely returned Hydroxatone products, failure to allow consumers to timely cancel Hydroxatone Preferred-Customer BeautyAuto-Shipment Program memberships, and failure to cease billing consumers for Hydroxatone products after they have cancelled their memberships constitute a breach of contract, a violation of the New Jersey Consumer Fraud Act, and unjust enrichment. Defendants deny all of the claims.

On March 23, 2012, Plaintiffs Susan Sabol and Valerie Done on behalf of a national Class, filed their First Amended Complaint in the Gray Case, replacing the original class action plaintiffs and alleging additional causes of action (*Sabol, et al. v. Hydroxatone LLC and Atlantic Coast Media Group LLC*, No. 2:11-cv-04586-KM-MAH (D.N.J.)) (the "Action").

On February 7, 2013, Plaintiffs Susan Sabol, Valerie Done and Kathleen Klodner filed a proposed Second Amended Class Complaint.  The Second Amended Complaint, among other things, added Plaintiff Klodner's claims arising from her participation in Hydroxatone's Auto-Shipment Program.

Defendants deny the allegations made in Plaintiffs' Complaints, deny any and all liability with respect to the facts alleged therein and deny that anyone has suffered damage or is entitled to any relief whatsoever with respect to the sale or offer for Hydroxatone products, their Risk Free Trials and/or Auto-Shipment Programs.

**3.     Why is this action a class action?**

In a class action, one or more people called class representatives sue on behalf of people who have similar claims.   All of these people who have similar claims are referred to collectively as a "Class" or individually as "Class Members" or "Settlement Class Members." One court resolves the issues for all Class Members, except for those who exclude themselves

5

from the Settlement.  United States District Court Judge Kevin McNulty of the District of New Jersey is in charge of this class action.  The case is known as *Sabol, et al. v. Hydroxatone LLC, et al.,* civil action number  2:11-cv-04586-KM-MAH.

### 4.      Why is there a settlement?

The Court did not decide in favor of Plaintiffs or Defendants.  Instead, both sides agreed to a settlement.  That way, both Plaintiffs and Defendants avoid the cost and risks of further litigation and trial.  As explained above, Plaintiffs and their attorneys think the Settlement is best for all Class Members.

### WHO IS IN THE SETTLEMENT

To see if you are entitled to receive a Cash Benefit or Product Benefit from this Settlement, you first have to determine if you are a Class Member.

### 5.      How do I know if I am a Class Member?

The Class includes All Persons residing in the United States who between January 1, 2005 and [insert date of Preliminary Approval Order] received, ordered, signed up for, paid for, and/or were charged for Hydroxatone-branded products, and/or were charged shipping and processing fees for such products, in connection with a Risk-Free Trial and/or Auto-Shipment Program, including but not limited to: Hydroxatone, Celtrixa, Hydrolyze, Declatone, Lashatone, Instant Effect, Luminique, Instant Wrinkle Filler, and Orexis.

### 6.      What are the exceptions to being included in the Class?

Even if you fit the definition under Question 5 above, you are not a Class Member if you are: (i) Defendants; (ii) a present or former officer or director of Defendants; (iii) Defendants' counsel (iv) Class Counsel; (v) any Judge assigned to this Action and his or her immediate family; and (vi) any putative Class Members who exclude themselves by filing a Request for Exclusion in accordance with the requirements set forth in this Notice.

### 7.      I am still not sure if I am included.

If you are still not sure whether you are included, you can ask for free help.  For more information, you can contact the Settlement Administrator at _____, or Class Counsel, at _____ or by email at _____, or you can fill out and return the Claim Form described in the answer to question 10, to see if you qualify.  Please do not contact Defendants.

### THE SETTLEMENT BENEFITS – WHAT YOU RECEIVE

### 8.      What does the Settlement provide?

The Settlement Agreement provides for Cash Benefits or Product Benefits, as well as Prospective Relief.

<u>Cash Benefit</u>:  Defendants will pay Three Million Dollars ($3,000,000) to establish a Common Fund for the benefit of the Settlement Class (the "Cash Fund").  Benefits will be paid to Settlement Class Members from the net amount remaining (the "Net Settlement Fund") after the following amounts are deducted from the Cash Fund: (1) attorneys' fees and costs; (2) administrative costs of notice and the settlement, but excluding internal costs to Defendant to administer the settlement; (3) Participation Awards, and (4) shipping and processing costs in

6

connection with all Settlement Class Member Claimants who select to receive a Product Benefit (described below) not to exceed $7.95 per shipment.

Product Benefit:  Defendants will also provide to the Settlement Class in Hydroxatone-branded products (the "Product Benefit") up to a total value of Four Million Dollars $4,000,000).

Plan of Allocation: The Settlement Benefits will be distributed to two groups of Settlement Class Members—Group One and Group Two.

## Group One

You are a Member of this Group if you are a Settlement Class Member who (i) tried to, attempted to, made efforts to, or took any actions designed to return Risk-Free Trial product(s) and/or Auto-Shipment Program product(s) and paid more than shipping and processing and/or return postage in connection with such product and/or received additional shipments of product for which they paid, OR (ii) cancelled and/or attempted to cancel their Auto-Shipment Program memberships but received additional shipments of product for which you paid more than shipping and processing and/or return postage.

If you are a member of Group One, you will be eligible to receive your choice of either a pro rata share of the Net Settlement Fund (the "Cash Benefit") or a "Product Benefit."

A "Cash Benefit" for Group One Settlement Class Members will be made to Approved Claimants in the following amounts:

A Claimant who spent more than $200 with Defendants after all prior refunds will be eligible to receive (subject to a pro rata reduction) $100.

A Claimant who spent between $100 and $200 with Defendants after all prior refunds will be eligible to receive (subject to a pro rata reduction) $75.

A Claimant who spent less than $100 with Defendants after all prior refunds will be eligible to receive (subject to a pro rata reduction) $40.

The Cash Benefit will be subject to a *pro rata* reduction if the total Approved Claims exceed the Net Settlement Fund.  In the event that all Claims are paid for by the Net Settlement Fund, without any *pro rata* reduction, no funds will revert to Defendants.

**OR**

A "Product Benefit" for Group One Settlement Class Members will be made to Approved Claimants in the following manner:

A Claimant who spent more than $150 with Defendants after all prior refunds will receive their choice of one of the following products:

1.  Luminique Facial Brightener 3 oz.  (Retail Price $49.95)

2.  Sunsoak Age-Defying Self Tanner 1 oz. (Retail Price $59.95)

3.  Pore Minimizer Serum 1 oz. (Retail Price $59.95)

4.  Instant Wrinkle Filler 30 Day Boxes (Retail Price $59.95)

7

5. Instant Effect 30 Day Boxes (Retail Price $59.95)

6. Celtrixa Stretchmark Lotion- Original Formula (Retail Price $59.95)

A Claimant who spent $150 or less with Defendants after all prior refunds will receive their choice of one of the following products:

1. Hydroxatone Anti-aging Body Lotion by Celtrixa (Retail Price $19.95)

2. Declatone Deluxe Sample for Retail 0.5 oz (Retail Price $29.95)

3. Hydroxatone Gentle Milky Cleanser 3 oz. (Retail Price $39.95)

4. Hydroxatone Age Defying Toner 3 oz. (Retail Price $39.95)

5. Keracalm (Retail Price $39.95)

If you choose the Product Benefit, shipping and processing charges will be paid for you from the Cash Fund and you will pay nothing for the products which you request (so long as there is a sufficient amount in the Cash Fund; otherwise this will be subject to pro rata reduction). Defendants reserve the right to substitute products based upon supply.

**Group Two**

You are a Member of this Group if you are a Settlement Class Member who: (i) paid only shipping and processing and/or return postage in connection with Risk-Free Trial product(s) and/or Auto-Shipment Program product(s); (ii) paid more than shipping and processing and/or return postage in connection with Risk-Free Trial product(s) and/or Auto-Shipment Program product(s); but did not try to, attempt to, or take any action designed to return the products; (iii)_ cancelled and/or attempted to cancel an Auto-Ship Program membership, but paid only shipping and processing or return postage costs; (iv) never tried to cancel their Auto-Ship Program membership; or (v) otherwise fall within the definition of the Settlement Class.

If you are a member of Group Two, you will be eligible to receive a Product Benefit, which will be your choice of one of the following products:

1. Hydroxatone Anti-aging Body Lotion by Celtrixa (Retail Price $19.95)

2. Declatone Deluxe Sample for Retail 0.5 oz. (Retail Price $29.95)

3. Hydroxatone Gentle Milky Cleanser 3 oz. (Retail Price $39.95)

4. Hydroxatone Age Defying Toner 3 oz. (Retail Price $39.95)

5. Keracalm (Retail Price $39.95)

If you choose the Product Benefit, shipping and processing charges will be paid for you from the Cash Fund and you will pay nothing for the products which you request (so long as there is sufficient amounts in the Cash Fund; otherwise this will be subject to a pro rata reduction). Defendants reserve the right to substitute products based upon supply.

**Prospective Relief:**

As part of the Settlement, Defendants also agree not to directly or indirectly engage in the specific acts or practices that were alleged to be deceptive or unlawful. Specifically,

8

Defendants agreed that they will adhere to the following for all Hydroxatone-branded products: (1) Defendants will not use the word "free" by itself for offers where the customer is required to return the product that is being offered to avoid being billed for the price of such product; (2) Defendants will disclose the terms of their Risk Free Trial and Auto-Shipment Program(s) in a Clear and Conspicuous manner before getting the customer's final acceptance to the offer; (3) Defendants will provide a simple mechanism on Hydroxatone-branded websites controlled by Hydroxatone that allows a customer to easily effectuate a cancellation of an Auto-Shipment Program; and (4) Defendants will provide customers who provide an email address and who cancel with email confirmation to that email address of such cancellation within 10 days of the cancellation becoming effective.

## HOW YOU RECEIVE A CASH BENEFIT OR PRODUCT BENEFIT – SUBMITTING A CLAIM FORM

**9.    Who can send in a claim?**

All Persons residing in the United States who between January 1, 2005 and [insert date of Preliminary Approval Order] received, ordered, signed up for, paid for, and/or were charged for Hydroxatone-branded products, and/or were charged shipping and processing fees for such products, in connection with a Risk-Free Trial and/or Auto-Shipment Program.

**10.   How do I make a valid claim?**

To submit a Claim, do the following:

- Complete, sign and date a Claim Form, either in writing or online at this website **www._____** by _____. The Claim Form includes a sworn statement that the information you provide regarding your purchase or receipt of Hydroxatone-branded products and your attempts (if any) to return product or cancel an Auto-Shipment Program membership are true and correct.

The Settlement Administrator may verify the Claim Forms submitted to determine, among other things, that the Claimant actually was sent and/or paid for a Hydroxatone product, whether or not the Claimant received a refund and whether or not the Claimant attempted to return or cancel product shipments.

Cash Benefits and Product Benefits will only be distributed after the Court approves the Settlement and all appeals, if any, are resolved.

If you fail to submit the Claim Form by the required deadline, you will not receive any Cash Benefit or Product Benefit.  Sending in a Claim Form late will be the same as doing nothing (see paragraph 23).

9

**11.     When do I get my Cash Benefit or Product Benefit or learn whether I will receive a Cash or Product Benefit?**

If the Settlement Administrator determines that your Claim is to be paid, your Cash or Product Benefit will be mailed to you after the Settlement Effective Date.  The Court will hold a hearing on _____, to decide whether to approve the Settlement.  If the Court approves the Settlement, there may be appeals.  It is always uncertain whether appeals, if any are filed, can be resolved, and resolving them can take time, perhaps several years.  The Settlement Effective Date will not occur until all appeals are resolved.  In addition, the Settlement Administrator must process all of the Claim Forms.  Please be patient.

If the Settlement Administrator determines that your claim should not be paid or should be paid only in part, you will sent an email or a letter telling you the amount or benefit you are to receive, if any, and explaining how you can appeal the amount or benefit, if you wish to do so.

**12.     What am I giving up by staying in the Class?**

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against Defendants about the claims being released in this Settlement.  It also means that all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a Cash Benefit or Product Benefit from this Settlement, and you want to keep the right to sue or continue to sue Defendants on your own about the claims being released in this Settlement, then you must take steps to exclude yourself from the Settlement. This is referred to as "opting out of" or "excluding yourself from" the Class.

**13.     How do I exclude myself from the Settlement?**

Settlement Class Members who wish to exclude themselves (opt out) from the Settlement Class must submit a written "Request for Exclusion."  To be effective, such a request must include the Settlement Class Members' name, mailing address, e-mail address, signature of the Settlement Class Member (or, in the case of a Person who is deceased or incapacitated only, the signature of the legally authorized representative of that Settlement Class member), substantially the following statement, "I want to opt out of the class certified in the *Sabol v. Hydroxatone* litigation."  The Settlement Class Members may also state the reason why they wishe to exclude (opt out) themselves from the Settlement Class.

Requests for Exclusion may be submitted via First Class U.S. Mail or overnight private carrier paid by the Settlement Class Member and sent to the Settlement Administrator at the address provided below.* Requests for Exclusion must be postmarked no later than twenty one (21) days before the Final Approval (Final Fairness) Hearing.

Settlement Administrator:

Hydroxatone, LLC.

[Contact Person]

[Address]

[Telephone]

[Facsimile]

10

\*Please keep a copy of everything you send by mail, in case it is lost or destroyed during shipping.

<u>You cannot exclude yourself over the phone or by e-mail</u>.  If you ask to be excluded, you are not eligible to receive any Settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit and you will be able to pursue the claims that are being released in this Settlement at your own expense.

### 14.     If I do not exclude myself, can I sue Hydroxatone for the same thing later?

No.  Unless you exclude yourself, you give up any right to sue Defendants for the claims being released by this Settlement.  If you have a pending lawsuit relating to the claims being released in this case against Defendants, speak to your lawyer in that case immediately and give him/her this packet.  Remember, the exclusion deadline is (21) days before the Final Approval (Final Fairness) Hearing.

### 15.     If I exclude myself, can I receive a payment from this Settlement?

No.  If you exclude yourself, you will not receive any money or benefits from the Settlement.  But, you may sue, continue to sue, or be part of a different lawsuit asserting the claims being released in this Settlement against Defendants.

## THE LAWYERS REPRESENTING YOU

### 16.     Do I have a lawyer in this case?

The Court has decided that the law firms of Cohen Milstein Sellers & Toll PLLC, McLaughlin & Stern, L.L.P., and the Law Office of Angela Edwards are qualified to represent you and all Class Members.  These law firms are called "Class Counsel." You will not be individually charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense and enter an appearance through your attorney.

### 17.     How will the lawyers be paid?

Class Counsel has prosecuted this case on a contingency basis.  They have not received any fees or reimbursement for any of the expenses associated with this case.  Class Counsel will apply to the Court by motion for an award to Class Counsel for attorneys' fees of not more than 33 1/3 percent of the Cash Fund.  Class Counsel will also seek reimbursement of reasonable expenses, to be paid from the Common Fund for the settlement, including Participation Awards totaling $3,500 for the Class Representatives and Former Class Representative in this Action for their contributions to the Action.

## SUPPORTING OR OBJECTING TO THE SETTLEMENT

### 18.     How do I tell the Court that I like or dislike the Settlement?

If you are a Class Member, you can tell the Court that you like the settlement and it should be approved, or that you object to the Settlement if you do not like a part of it.  The Court will consider all comments from Class Members.

To object, you must send a letter to the Court stating your objections.  To be effective, the letter must also:

11

(a)     Contain a caption that includes the name of the Case and the case number as follows: *Sabol v. Hydroxatone*, Case No. 2:11-cv-04586-KM-MAH (D.N.J.);

(b)     Provide the name, address, telephone number and signature of the Settlement Class member filing the intent to object;

(c)     Provide the approximate date of his/her transaction with Hydroxatone and the total amount paid by him or her for Hydroxatone products;

(d)     Verify by sworn statement that he or she has not received a full refund of his/her Hydroxatone product charges;

(e)     Be filed with the District of New Jersey Clerk of the Court not later than thirty (30) calendar days before the Final Approval (Final Fairness) Hearing;

(f)     Be served on Class Counsel and counsel for Defendants so as to be received no later than thirty (30) calendar days before the Final Approval (Final Fairness) Hearing;

(g)     Contain the name, address, bar number and telephone number of the objecting Settlement Class member's counsel, if represented by an attorney;

(h)     Contain the number of class action settlements objected to by the Settlement Class Member in the last three years; and

(i)     State whether the objecting Settlement Class member intends to appear at the Final Approval (Final Fairness) Hearing, either in person or through counsel.

In addition to the foregoing, if the Settlement Class member is represented by counsel and such counsel intends to speak at the Final Approval (Final Fairness) Hearing, a notice of intent to object must contain the following information:  A detailed statement of the specific legal and factual basis for each and every objection; and a detailed description of any and all evidence the objecting Settlement Class member may offer at the Final Approval (Final Fairness) Hearing, including copies of any and all exhibits that the objecting Settlement Class member may introduce at the Final Approval (Final Fairness) Hearing.

*Court*:

Clerk of the Court
UNITED STATES DISTRICT COURT
District of New Jersey
Martin Luther King Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

*Class Counsel*:

COHEN MILSTEIN SELLERS & TOLL PLLC
Andrew N. Friedman
Whitney R. Case

12

1686886.1

Stefanie M. Ramirez
1100 New York Avenue, N.W., Suite 500 West
Washington, DC  20005-3964

*Counsel for Defendants*

KELLEY DRYE & WARREN LLP
Joseph A. Boyle
Michael Lynch
Lauri A. Mazzuchetti
Michael A. Innes
200 Kimball Drive
Parsippany, NJ 07054

The filing of an objection allows Class Counsel or Counsel for Defendants to depose the objector consistent with the Federal Rules of Civil Procedure at an agreed-upon location before the Final Approval Hearing, and to seek any documentary evidence or other tangible things that are relevant to the objection.  Failure by an objector to comply with discovery requests may result in the Court striking said objector's objection and otherwise denying that person the opportunity to make an objection or be further heard.  The Court reserves the right to tax the costs of any such discovery to the objector or the objector's counsel should the Court determine that the objection is frivolous or is made for an improper purpose.

If you do not submit a written comment on the proposed settlement or the application of Class Counsel for Case Contribution Awards, attorney fees and expenses in accordance with the deadline and procedure set forth above, you will waive your right to be heard at the Final Approval Hearing and to appeal from any order or judgment of the Court concerning the matter.

**19.    What is the difference between objecting to the Settlement and excluding myself from the Class?**

Objecting is simply telling the Court that you do not like something about the Settlement.  You can object ***only if*** you stay in the Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement.  If you exclude yourself, you have no basis to object because the case no longer affects you.

13

1686886.1

## THE COURT'S FINAL APPROVAL HEARING

### 20.      When and where will the Court decide whether to approve the Settlement?

The Court will hold a hearing at _____, on _____, at the United States District Courthouse, 50 Walnut Street, Courtroom _____, Newark, NJ 07101.  At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  Judge McNulty may listen to people who have requested in writing to speak at the hearing.  The Court may also decide how much to pay Class Counsel or whether to approve incentive awards.  After the hearing, the Court will decide whether to approve the Settlement.  We do not know how long it will take for the Court to make its decision.

### 21.      Do I have to come to the hearing?

No.  Class Counsel will answer any questions Judge McNulty may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as your written objection letter is received on time, the Court will consider it.  You may also pay your own lawyer to attend, but this is not necessary.

### 22.      May I speak at the hearing?

If you file an objection, you may ask the Court for permission to speak at the hearing concerning the proposed Settlement or the application of Plaintiffs' counsel for attorney fees and expenses.  To do so, you must state your intent to appear at the hearing as described under Question 18 above.  You cannot speak at the hearing if you exclude yourself from the Settlement.

## IF YOU DO NOTHING

### 23.      What happens if I do nothing at all?

If you do nothing, you will receive no reimbursement from this Settlement.  But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants about the claims being released in this Settlement.

## OBTAINING MORE INFORMATION

### 24.      Are there more details about the Settlement?

This Notice summarizes the proposed Settlement.  More details are in the Settlement Agreement.  You can obtain a copy of the Settlement Agreement or more information about the Settlement in this website www._____, or contacting the Settlement Administrator by phone at _____.

14

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE**

DATED: _____, 2012


_____
BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

15

1686886.1

Ex. G

Exhibit G – Short Form Notice

**THIS NOTICE PROVIDES LIMITED INFORMATION ABOUT A CLASS ACTION SETTLEMENT.**
A proposed Settlement has been reached with Hydroxatone LLC and Atlantic Coast Media Group ("Defendants") in a class action, *Sabol, et al. v. Hydroxatone LLC and Atlantic Coast Media Group LLC*, Civ. No. 2:11-cv-04586-KM-MAH (USDC, DNJ), wherein the Plaintiffs allege, among other things, that Defendants' failure to adequately disclose terms of Risk Free Trials and Auto-Shipment Programs, refusal to refund customers who timely returned Hydroxatone products, failure to allow consumers to timely cancel Auto-Shipment Program memberships, and failure to cease billing consumers for Hydroxatone products after they have cancelled their memberships constitute a breach of contract, a violation of the New Jersey Consumer Fraud Act, and unjust enrichment. Defendants deny all of the claims. The Class includes all Persons residing in the United States who between January 1, 2005 and [insert date of Preliminary Approval Order] received, ordered, signed up for, paid for, and/or were charged for Hydroxatone-branded products, and/or were charged shipping and processing fees for such products, in connection with a Risk-Free Trial and/or Auto-Shipment Program, including but not limited to offers regarding or receipt of the following products: Hydroxatone, Celtrixa, Hydrolyze, Declatone, Lashatone, Instant Effect, Luminique, Instant Wrinkle Filler, and Orexis. If you are a member of the Settlement Class, you have certain rights and options, such as submitting a Claim for a Settlement Benefit, requesting exclusion from the Settlement, or objecting to the Settlement.

Settlement Class Members will, depending on the individual claimant's transaction history, receive either a Cash Benefit or Product Benefit as set forth in the Settlement Agreement. The full Class Notice and Claim Form can be found at the settlement website, www._____, or requested by calling 000-000-0000. You can submit a Claim online at [insert url] or by mail. The Claim Deadline is ___. If you desire to be represented by your own lawyer, you may hire one at your own expense and you may enter an appearance with the Court.

**IF YOU DO NOT WISH TO BE PART OF, OR IF YOU WISH TO OBJECT TO, THIS SETTLEMENT**, you may exclude yourself or file an objection with the Court. To exclude yourself, you must mail a Request for Exclusion, postmarked no later than insert date, to: Settlement Administrator, c/o insert name and address. If you do not submit a written Request for Exclusion, you will be bound by the Final Approval Order and Judgment and you will remain in the Class, and cannot sue, or continue to sue, or be part of any other lawsuit against the Defendants about the claims being released in this Settlement. All of the Court's orders will apply to you and legally bind you. To object to the Settlement, you must file an objection with the Court by no later than date. The Court, located at 50 Walnut Street, Newark, New Jersey, will conduct a hearing on whether to approve the Settlement, and if so, will determine what fees and expenses should be awarded to Class Counsel. The Final Approval Hearing is presently scheduled for insert date, but may be changed..

*Go to www.url.com or call 1-877-xxxxxxxx for additional information.*
*Please do not contact the Court or Defendants.*
Para ver en español, visita www.url.com o llama al *1-877-xxxxxxxx*. También puedes escribir a Messaging Plan Settlement Administrator, c insert date, to: Settlement Administrator, c/o insert name and address para solicitar la versión en español de este Aviso y te enviaremos una copia por correo.

Ex. H

Exhibit H- Guarantee

## Acknowledgement & Guarantee

I, the undersigned, acknowledge and agree as follows on behalf of the firm of COHEN MILSTEIN (the "Firm"):

I have read the Stipulation and Agreement of Settlement entered into by the parties in *Gray v. Hydroxatone, LLC, et al.,* Civ. Act. No. 2:11-cv-04586 (KM-MAH), ("Settlement Agreement") and understand its terms.  I represent and warrant that I am authorized to execute this agreement on the Firm's behalf and to bind the firm to the obligations set forth herein, and I make this Acknowledgement & Guarantee on behalf of the Firm.

The Firm understands and agrees that any amount received by the Firm pursuant to the Settlement Agreement is subject to repayment to Defendants in the event that the Settlement Agreement is terminated pursuant to its terms.  Within twenty (20) days of receiving written notice of termination of the Settlement Agreement from any counsel for the Parties, the Firm will reimburse to Defendants all sums received by the Firm as attorneys' fees and costs pursuant to the Settlement Agreement.  By receiving any such sums, the Firm submits to the jurisdiction of the District Court for the District of New Jersey for the enforcement of and any and all

disputes relating to or arising out of the reimbursement obligation set forth

herein and the Settlement Agreement.

Date:

By:_____