Alan E. Sash
Lee S. Shalov
**MCLAUGHLIN & STERN LLP**
260 Madison Ave.
New York, NY 10016
T: 646-278-4298
F: 212-448-0066

Angela Edwards
**LAW OFFICE OF ANGELA EDWARDS**
72 Canterbury Circle
East Longmeadow, MA 01028
T: 413-525-3820

Andrew N. Friedman
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave., N.W., Suite 500W
Washington, D.C. 20005
T: 202-408-4600
F: 202-408-4699

*Attorneys for Plaintiffs*
*on behalf of themselves and all others*
*similarly situated.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

---------------------------------------- X
SUSAN SABOL, VALERIE DONE, and
KATHLEEN KLODNER on behalf of
themselves and all others similarly situated,

      **Plaintiffs,**

   -against-

HYDROXATONE, LLC and ATLANTIC
COAST MEDIA GROUP

      **Defendants.**

---------------------------------------- X

CIVIL ACTION NO.
2:11-cv-04586-SRC-MAS

**DECLARATION OF ANDREW N. FRIEDMAN IN SUPPORT OF MOTIONS FOR FINAL APPROVAL OF THE AMENDED SETTLEMENT AGREEMENT AND AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND PARTICIPATION AWARDS**

**FINAL SETTLEMENT HEARING**
**JULY 16, 2013**

    I Andrew N. Friedman, declare as follows:

1. I am a partner at the law firm of Cohen Milstein Sellers & Toll PLLLC. I am admitted to practice in the District of Columbia, New York, and before a number of federal courts. I have been admitted *pro hac vice* in connection with the above-captioned action. I submit this declaration in support of Plaintiff's Motions for Final Approval of the Amended Settlement Agreement ("Final Approval Motion") and An Award of Attorneys' Fees,

Reimbursement of Expenses, and Participation Award ("Joint Fee Petition"). I have personal knowledge of the matters discussed herein, and if called as a witness could testify competently thereto.

2. On March 28, 2013, the Court issued an Order preliminarily approving the Amended Settlement Agreement. *See* ECF No. 80.

3. My firm, along with co-counsel from McLaughlin & Stern and The Law Offices of Angela Edwards, are counsel of record in this case, and represent named plaintiffs Susan Sabol, Valerie Done and Kathleen Klodner.

4. Firm résumés for the law firms Cohen Milstein Sellers & Toll; McLaughlin & Stern; and The Law Offices of Angela Edwards, are attached hereto as Exhibits A, B, and C respectively. ).

5. During the course of this litigation, as one of three firm appointed as Class Counsel in this matter, my firm has been involved in every aspect of the case on behalf of the Settlement Class.

6. Co-Counsel at McLaughlin & Stern and The Law Offices of Angela Edwards have also been involved in every aspect of the case listed below. The declarations of Lee Shalov and Angela Edwards are also submitted in support of the Joint Fee Petition. *See* Exhibits D & E.

## PROCEDURAL AND LITIGATION HISTORY

**A. Initial Pleadings**

7. On August 8, 2011, plaintiff Tami Gray filed the initial Class Action Complaint (ECF No. 1) in this action (the "Action") against Defendants Hydroxatone, LLC and Atlantic Coast Media Group (collectively "Defendants") alleging on behalf of a national class

deceptive customer service practices by Hydroxatone, including failure to credit returns of beauty products and failure to cancel membership in auto-ship programs.

8. On March 23, 2012, Plaintiffs Susan Sabol and Valerie Done filed a First Amended Class Action Complaint (ECF No. 30), replacing Tami Gray as Plaintiffs in this Action, and seeking relief on behalf of a nationwide class for violations of the New Jersey Consumer Fraud Act, breach of contract, unjust enrichment, and for assorted declaratory relief, as well as alternative claims under the Utah Consumer Sales Practice Act.

**B. Dispositive Motion**

9. In response to the First Amended Class Action Complaint, Defendants filed a Motion to Dismiss based on an alleged lack of standing and defective pleading (ECF No. 33). This motion was fully briefed and awaiting adjudication, until the case was stayed to allow the parties to pursue settlement negotiations.

**C. Discovery**

10. Discovery began in December 2011. The Plaintiffs served interrogatories and requests for production of documents on December 16, 2011. In response to Plaintiffs' request for documents, Defendants produced thousands of pages of documents. These documents included training manuals; scripts for customer service personnel dealing with customers; transcripts for radio and TV advertisements; internal emails; personnel files and Defendant's insurance policy relating to the litigation. Plaintiffs' counsel reviewed and analyzed these documents.

11. In total, Class Counsel reviewed and analyzed approximately 62,000 documents produced by Defendants.

12. As a prerequisite to a settlement meeting, Defendants produced discovery regarding Defendants' sales and financial status.

**D. Mediation and Settlement**

13. Settlement discussions between the parties began in June 2012.

14. Class Counsel met with Defendants' Counsel on July 17, 2012 in an effort to settle the case. Those negotiations did not yield a settlement, but the parties agreed additional negotiations with an experienced mediator might prove helpful.

15. At the July 17, 2012 settlement meeting, Defendants informed Class Counsel that Hydroxatone was in a tenuous financial position and that there was a wasting insurance policy.

16. In preparation for mediation, Defendants provided Class Counsel with additional information for settlement purposes in response to Plaintiffs' specific requests, including information related to Defendants' sales data, customer return/refund data, return/refund policies, record-keeping facilities, and insurance coverage.

17. On August 14, 2012, both parties participated in a mediation session in front of the Honorable Stephen M. Orlofsky (ret.).

18. Class Counsel advocated for the maximum possible settlement in light of the financial realities facing Hydroxatone.

19. The mediation session resulted in the parties reaching a tentative settlement agreement, which was endorsed by Judge Orlofsky, which was detailed in a Memorandum of Understanding executed on December 4, 2012.

20. The agreement reached at the August 14, 2012 mediation was made contingent on Class Counsel's receipt and review of specific company financial statements.

21. On August 18, 2012, in light of the progress made at the mediation session, the parties submitted a Stipulation and Consent Order for Stay. (ECF No. 49).

22. On August 20, 2012 the Court issued an order to stay the case for 60 days. (ECF No. 50).

23. On October 22, 2012, the parties entered another Stipulation and Consent Order for Stay while settlement negotiations and confirmatory discovery continued. (ECF No. 54).

24. On October 23, 2010, the Court stayed the case for another sixty days, pending final agreement. (ECF No. 56).

25. After months of working on the exact terms of the Settlement Agreement, and the exhibits thereto, the full Settlement papers were executed by the parties on February 7, 2013.

26. On February 7, 2013 Plaintiffs Susan Sabol, Valerie Done and Kathleen Klodner filed a Second Amended Class Complaint (ECF No. 64). The Second Amended Complaint added Plaintiffs Klodner's claims arising from her experiences Hydroxatone's Preferred-Customer Beauty Program.

### E.     Communications With *Margolis* Counsel

27. On August 15, 2012, I sent an email to Patrick Perotti and Nicole Fiorelli (who were identified as *Margolis* Counsel) to inform them about the settlement negotiations and to invite them to participate in a joint settlement.

28. On August 16, 2012, Lee Shalov and I, on behalf of *Gray* Counsel, participated in a telephone call with one of the *Margolis* Counsel, Patrick Perotti, and spoke at length regarding the settlement negotiations. Specifically, we informed Mr. Perotti about Defendant's limited resources for settlement purposes and requested that *Margolis* Counsel participate with Class Counsel in a joint settlement of the cases.

29. On August 21, 2012, another *Margolis* Counsel – Ronald Margolis – sent an email to me and Lee Shalov stating that *Margolis* Counsel declined *Gray* Counsel's offer to participate in settlement activities.

  **E. Preliminary Approval**

30.  The parties filed the Amended Settlement Agreement on March 25, 2013. The Amended Settlement Agreement is attached hereto as Exhibit D.

31. On March 25, 2013 Plaintiffs' filed a Motion for Settlement asking the Court for preliminary approval of the proposed Amended Settlement Agreement (ECF No. 76 & 77).

32. On March 28, 2013, this Court preliminarily approved the proposed settlement based on the Amended Settlement Agreement (ECF No. 80). The terms of the Amended Settlement Agreement between Plaintiffs and Defendants are described at length in the motion for final approval and the Joint Fee Petition filed with this motion.

  **F. Notice to the Class**

33. Notice to the Class was disseminated on April 26, 2013. The notice process and the claims process is set forth in length in the declaration of the Settlement Administrator filed with this motion. *See* Declaration of Jill Fukunaga, attached hereto as Exhibit I.

## TIME AND EFFORT DEDICATED TO THE CASE

34. The schedule attached as Exhibit G, and incorporated herein, is a detailed summary of the amount of time spent by my firm's partners, attorneys and professional support staff who were involved in this litigation through May 28, 2013. It does not include any time devoted to preparing this declaration or otherwise pertaining to the Joint Fee Petition. The lodestar calculation is based on my firm's current billing rates. Exhibit G was prepared

from contemporaneous time records regularly prepared and maintained by my firm. The hourly rates for my firm's partners, attorneys and professional support staff included in Exhibit G are the usual and customary hourly rates charges for their services in similar complex litigation. In addition, my firm has submitted fee petitions in other cases that have reported hourly rates at amounts comparable to those sought herein, and courts have approved an award of attorneys' fees in such cases.

35. The total number of hours reasonably expended on this litigation by my firm from inception to May 28, 2013 is 2,231 hours. The total lodestar for my firm at current rates is $ 961,573.25. Expense items are billed separately and are not duplicated in my firm's lodestar.

36. The expenses my firm incurred in litigating this action are reflected in the books and records of my firm. These books and records are prepared from expense vouchers, receipts, and check records and other source materials and accurately reflect the expenses incurred.

37. My firm incurred a total of $ 16,573.59 in unreimbursed expenses, all of which were reasonable and necessary for the prosecution of this litigation. The expenses incurred in this action are commercially reasonable and are reflected on Cohen Milstein's books and record. These books and records are prepared from expense vouchers, check records, and other source materials, and they represent an accurate record of the expenses incurred. A summary of those expenses by category is attached as Exhibit H.

38. Attached hereto as Exhibit E is a true and correct copy of the of the Declaration of Lee S. Shalov in Support of the Joint Fee Petition, which includes the total number of hours

reasonably expended on this litigation by McLaughlin & Stern and his firm's unreimbursed expenses reasonably incurred in the litigation.

39. Attached hereto as Exhibit F is a true and correct copy of the of the Declaration of Angela Edwards in Support of the Joint Fee Petition, which includes the total number of hours reasonably expended on this litigation by The Law Offices of Angela Edwards and her firm's unreimbursed expenses reasonably incurred in the litigation.

40. The total lodestar for the attorneys representing plaintiffs in this action is $1,430,115.75.

| Firm Name | Lodestar Amount |
| --- | --- |
| Cohen Milstein Sellers & Toll, PLLC | $961,573.25 |
| McLaughlin & Stern, LLP | $98,412.50 |
| Law Offices of Angela Edwards | $370,130.00 |
| TOTAL | $1,430,115.75 |

41. A total of $19,785.42 in costs and expenses has been advanced by attorneys representing plaintiffs in this action.

| Firm Name | Expenses Amount |
| --- | --- |
| Cohen Milstein Sellers & Toll, PLLC | $16,573.59 |
| McLaughlin & Stern, LLP | $995.83 |
| Law Offices of Angela Edwards | $2,216.00 |
| TOTAL | $19,785.42 |

1743517.1

42. To date, Class Counsel have received no compensation for either their time or expenses while this case has been pending. Class Counsel's fees and expenses are totally contingent and dependent on a fee and expense award by this Court.

43. In undertaking to represent the Class, Class Counsel had to ensure that sufficient resources and funds existed at all times, not only to prosecute the litigation in a cost-effective manner, but also to compensate vendors and the experts that we had engaged in support of class certification, and that would have soon been required had the case proceeded. The financial burden on contingent fee counsel is far greater than it is on firms that are paid on ongoing bases throughout lengthy and complex litigation.

44. The named plaintiffs, Susan Sabol, Valerie Done and Kathleen Klodner, each made significant contributions to this litigation. They participated in case investigation, complaint drafting, provided relevant documents, and regularly communicated with Class Counsel throughout the course of the litigation.

45. Former named Plaintiff Tami Gray also made significant contributions to this litigation. She participated in the case investigation and drafting of the complaint, but due to personal hardship voluntarily withdrew from the case before individual discovery could take place.

I declare under penalty of perjury under the laws of the United States and the District of Columbia that the foregoing is true and correct.

Executed this 30th day of May 2013, in Washington, District of Columbia.

_____/s/ Andrew N. Friedman____

Andrew N. Friedman

1743517.1