# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SUSAN SABOL, et al., | : | |
| | : | |
| **Plaintiffs,** | : | Civ. No. 11-4586 (KM) |
| | : | |
| v. | : | |
| | : | |
| HYDROXATONE, LLC and | : | ORDER |
| ATLANTIC COAST MEDIA GROUP, | : | |
| | : | |
| **Defendants.** | : | |

This matter having come before the Court by way of plaintiffs' motion to seal their reply brief in further support of the motion for final approval of their proposed amended settlement [ECF No. 116], see Mot. Seal, July 9, 2013, ECF No. 114;[1]

and defendants having declined to file any opposition papers to plaintiffs' instant motion;

and the Court having considered the submissions, the record, and the applicable law;

and Local Civil Rule 5.3(c)(2) requiring that a party seeking an order sealing or otherwise restricting public access to Court proceedings or materials filed with the Court must file a motion that describes for each portion of the document sought to be sealed:

(a) the nature of the materials or proceedings at issue, (b) the

---

[1] On May 31, 2013, plaintiffs filed a motion for final approval of their proposed amended settlement and for an award of attorneys' fees, reimbursement of expenses, and participation awards. See Mot., May 31, 2013, ECF No. 91. Thereafter, plaintiffs filed briefs in support of the motion for final approval and fees. See Brs. Supp. Mot., May 31, 2013, ECF Nos. 92–93. On July 9, 2013, plaintiffs filed a reply brief in further support of their motion for final approval. See Reply Br., July 9, 2013, ECF No. 116. Plaintiffs then filed the instant motion to seal portions of said reply brief. See Mot. Seal, July 9, 2013, ECF No. 114. Plaintiffs argue that portions of the reply brief contain information marked previously by the stipulated protective order (ECF No. 53) as "Confidential" or "Attorney's Eyes Only," and therefore should be sealed. See Br. Supp. Mot, July 9, 2013, ECF No. 115 at 2.

> legitimate  private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available;

L. Civ. R. 5.3(c)(2);

and the Court finding that plaintiffs have failed to provide sufficient detail and

particularity to satisfy the requirements of Local Civil Rule 5.3(c)(2);[2]

---

[2] The Court recognizes that sealing, in whole or in part, may be warranted here, but plaintiffs fail to analyze sufficiently each of the four requirements of Local Civil Rule 5.3(c)(2) for the portions of the reply brief (ECF No. 116) sought to be sealed.  Although plaintiffs discuss their reasoning in general, they fail to conduct a separate analysis for each portion of the reply brief sought to be sealed pursuant to Local Civil Rule 5.3(c)(2).  See Br. Supp. Mot., ECF No. 115 at 1–2.

First, pursuant to Local Civil Rule 5.3(c)(2)(a), plaintiffs identify generally the nature of the information sought to be sealed.  Id. at 2.  However, plaintiffs do not indicate clearly the specific portions of the document sought to be sealed.  Id.  Although plaintiffs did properly submit to the Court unredacted (ECF No. 116) and redacted (ECF No. 117) versions of the brief as required by Local Civil Rule 5.3(c)(3), they fail to identify specifically each passage sought to be sealed in the brief, nor do they identify each passage in the proposed order filed in support of the instant motion to seal.  See Pfizer, Inc. v. Teva Pharms. USA, Inc., No. 08-1331, 2010 U.S. Dist. LEXIS 67631, at *16 (D.N.J. July 7, 2010) (finding that movant must "[s]ubmit a proposed form of order that lists with specificity each entry for which sealing is sought").  Further, plaintiffs do not explain sufficiently why the portions sought to be sealed contain the type of information courts routinely protect.  See In re Cendant, 260 F.3d 183, 194 (3d Cir. 2001) (finding that the party seeking sealing "bears the burden of showing that the material is the kind of information that courts will protect") (quoting Miller v. Indiana Hosp., 16 F.3d 549, 551 (3d Cir. 1994)).  Instead, plaintiffs only argue that the passages should be sealed because the information contained therein was marked previously as confidential by protective order.  See Br. Supp. Mot., ECF No. 115 at 2.  This bare assertion is not sufficient to satisfy Local Civil Rule 5.3(c)(2)(a).  See Vista India, Inc. v. Raaga, LLC, No. 07-1262 (HAA), 2008 WL 834399, at *4 n.2 (D.N.J. Mar. 27, 2008) (noting that a document marked confidential under a protective order is not automatically sealed and must still satisfy the standard set forth in Local Civil Rule 5.3(c)).

Second, under Local Civil Rule 5.3(c)(2)(b), plaintiffs fail to demonstrate for each passage sought to be sealed the legitimate public or private interests that warrant sealing.  That is, plaintiffs do not indicate specifically why that confidential information is so allegedly sensitive as to warrant sealing.  See Warren Distrib. Co. v. InBev USA, No. 07-1053 (RBK), 2010 U.S.

(continued...)

2

and Local Civil Rule 5.3(c)(2) also requiring that any application to seal must include proposed findings of fact and conclusions of law;

and the Court finding that plaintiffs have failed to include proposed findings of fact and conclusions of law for each portion of the reply brief sought to be sealed pursuant to Local Civil Rule 5.3(c)(2);[3]

_____

[2](...continued)
Dist. LEXIS 36141, at *4–7 (D.N.J. Apr. 13, 2010) (denying a motion to seal as to certain documents because the moving party failed to state a specific serious harm to business interests that would necessitate sealing). Thus, plaintiffs fail to articulate sufficiently the legitimate private or public interests that allegedly warrant sealing each portion of the reply brief.

Third, with respect to the moving party's burden of showing a "clearly defined and serious injury" that would otherwise result in the absence of sealing, "specificity is essential" and general allegations "bereft of specific examples or articulated reasoning" will not suffice. In re Cendant, 260 F.3d at 194; see O'Brien v. BioBanc USA, No. 09-2289 (RBK), 2010 U.S. Dist. LEXIS 72599, at *12 (D.N.J. July 19, 2010) (concluding that a "general, cursory summary of the harms" does not satisfy L. Civ. R. 5.3(c)). Here, the Court fails to see – and plaintiffs fail to explain – how each redacted passage would cause specific and serious harm if it were made publicly available. See, e.g., Schatz-Bernstein v. Keystone Food Prods., Inc., Civ. No. 08-3079, 2009 WL 1044946, at *2 (D.N.J. Apr. 17, 2009) ("Defendants' contentions regarding the alleged harm they would suffer from the disclosure of plaintiffs' motion are general, overbroad and conclusory. Defendants do not cite to any specific examples of harm they would suffer. Defendants' averments simply do not satisfy their burden of proof under Rule 5.3 and applicable case law."). Plaintiffs do not explain any potential serious harm that could result if the information were made publicly available, but instead base their argument entirely on the confidentiality of the information sought to be sealed under the stipulated protective order. See Br. Supp. Mot., ECF No. 115 at 2.

Lastly, under Local Civil Rule 5.3(c)(2)(d), plaintiffs state that no less restrictive alternative is available, arguing that the request is narrowly tailored to redact only limited confidential information from the reply brief. Br. Supp. Mot., ECF No. 115 at 2. However, plaintiffs provide no support whatsoever for these assertions. See id. Because plaintiffs have not offered any explanation for why no less restrictive alternative exists, the Court cannot be sure whether the proposed sealing is truly the least restrictive alternative and finds that plaintiffs have not satisfied Local Civil Rule 5.3(c)(2)(d).

[3] Local Civil Rule 5.3(c)(2) states: "Proposed Findings of Fact and Conclusions of Law
(continued...)

3

and the Court requiring plaintiffs to follow the protocol below to ensure that plaintiffs present motions to seal in compliance with Local Civil Rule 5.3(c);

IT IS on this 22nd day of July 2013,

ORDERED that plaintiffs' motion to seal portions of their reply brief in further support of the motion for final approval of the proposed amended settlement is **denied** without prejudice to the right of any movant to file a renewed motion to seal on or before August 5, 2013 that complies fully with all requirements and provisions of Local Civil Rule 5.3(c); and it is further

ORDERED that any movant seeking to seal portions of a court document shall file a formal motion that explains, for each portion sought to be sealed, (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available, see L. Civ. R. 5.3(c)(2); and it is further

ORDERED that any movant seeking to seal portions of a court document shall file a proposed form of order that lists with specificity each portion for which sealing is sought, and that proposed form of order must include separate Proposed Findings of Fact and Conclusions of Law for each portion of the document sought to be sealed; and it is further

ORDERED that the materials presently under seal [ECF No. 116] shall remain under seal pending the Court's review of any renewed motion to seal; and it is further

---

[3](...continued)
shall be submitted with the motion papers in the proposed order required by (c)(5) below."  The Court finds that plaintiffs have failed to include such proposed findings of fact and conclusions of law for each portion of the reply brief (ECF No. 116) sought to be sealed.

ORDERED that nothing herein constitutes a ruling as to whether or not the material identified warrants sealing.

s/*Michael A. Hammer*
UNITED STATES MAGISTRATE JUDGE