UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------- X
SUSAN SABOL, VALERIE DONE, and : CIVIL ACTION NO.
KATHLEEN KLODNER on behalf of   2:11-cv-04586-KM-MAH
themselves and all others similarly :
situated,
                                    . FINAL JUDGMENT AND ORDER
                  Plaintiffs,       : APPROVING CLASS ACTION
                                      SETTLEMENT AND DISMISSING
     -against-                      : CLAIMS OF SETTLEMENT CLASS
                                    . MEMBERS WITH PREJUDICE

HYDROXATONE LLC and ATLANTIC        :
COAST MEDIA
GROUP LLC,                          :

                                    :
                  Defendants.
------------------------------------- X

## FINAL APPROVAL ORDER AND JUDGMENT

1. This matter came before the Court for hearing on July 16, 2013. The Court, having considered the Motion for Preliminary Approval and Final Approval and the declarations in support thereof, the Settlement Agreement (the "Settlement Agreement"), objections and comments received regarding the proposed settlement, the record in the above captioned action (the "Action"), the evidence presented, and the arguments and authorities presented by counsel, and for good cause appearing,

2. Defendants and the Class Representatives reached a settlement (the "Class Settlement"). The Parties have submitted a detailed written Settlement Agreement together with numerous exhibits and proposed orders. To the extent not otherwise defined herein; all capitalized terms shall have the meanings attributed to them in the Settlement Agreement. The Court gave its

preliminary approval of the Settlement on March 28, 2013 (the "Preliminary Approval Order"). The Court directed the parties to provide notice of the proposed Class Settlement by notice via the internet, direct mail, email and P.R Newswire or Business Wire services, and scheduled a further hearing to determine whether the proposed Class Settlement is fair, reasonable, and adequate.

3. On July 16, 2013, this Court held a hearing to determine whether the proposed Settlement set forth in the Agreement executed by the Parties should be approved in final by this Court. Andrew N. Friedman, Esq. appeared for the Plaintiffs and the Settlement Class. Michael C. Lynch, Esq. appeared for the Defendants. Two objections were filed with respect to the proposed Settlement, and one Settlement Class Member, Lisa Margolis, appeared at the hearing to contest the Settlement.

4. After reviewing the pleadings and evidence filed in support of the request for final approval of the Class Settlement and hearing the attorneys for the Parties, and any objectors, the Court finds, and

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

5. This Final Approval Order and Judgment incorporates and makes part hereof the Agreement and all Exhibits thereto.

6. The Court has personal jurisdiction over all Settlement Class Members as well as Hydroxatone LLC and Atlantic Coast Media Group LLC

2

("Defendants"). This Court has subject matter jurisdiction over the subject matter of the Action, the Class Representatives, the Settlement Class Members, and Defendants.

7. The Court hereby adopts and approves the Settlement Agreement and the settlement terms contained therein (including all Exhibits attached thereto and subsequently executed) and finds that it is in all respects fair, reasonable, adequate, just, and in compliance with all applicable requirements of the United States Constitution (including the Due Process Clause) and all other applicable laws, and in the best interest of the Parties and the Settlement Class. Any objections have been considered and are hereby overruled. Accordingly, the Court directs the Parties and their counsel to implement and consummate the settlement in accordance with the terms and conditions of all portions of the Settlement Agreement.

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finally certifies the Settlement Class, consisting of:

> All Persons residing in the United States who between January 1, 2005 and [insert date of Preliminary Approval Order] received, ordered, signed up for, paid for, and/or were charged for Hydroxatone-branded products, and/or were charged shipping and processing fees for such products, in connection with a Risk-Free Trial and/or Auto-Shipment Program.

In so holding, the Court finds that the prerequisites of Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied for certification of the nationwide Settlement Class for settlement purposes because: Settlement Class Members are so numerous that joinder of all members is impracticable; there are questions of law and fact

common to the Settlement Class; the claims and defenses of the Class Representatives are typical of the claims and defenses of the Settlement Class Members they represent; the Class Representatives have fairly and adequately protected the interests of the Settlement Class with regard to the claims of the Settlement Class they represent; the common questions of law and fact predominate over questions affecting only individual Settlement Class Members, rendering the Settlement Class sufficiently cohesive to warrant a nationwide class settlement; and the certification of the Settlement Class is superior to individual litigation and/or settlement as a method for the fair and efficient resolution of this matter. In making all of the foregoing findings, the Court has exercised its discretion in certifying the Settlement Class, based, inter alia, upon the Court's familiarity with the claims and parties in this case, the interests of the various constituent groups, and the negotiation process overseen by Mediator, Hon. Stephen M. Orlofsky (ret.).

9. The Court further finds with respect to entry of the Prospective Relief that the Settlement Class should be certified pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds that apply generally to the Settlement Class, so that injunctive or corresponding declaratory relief is appropriate respecting the Settlement Class as a whole.

10. The Settlement Agreement and proposed Class Settlement were reached after arm's-length negotiations between the Parties. The Settlement Agreement and the proposed Settlement are fair, reasonable, and adequate;

consistent with and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Code and United States Constitution (including the Due Process Clause), and any other applicable law; and in the best interests of each of the Parties and the Settlement Class Members.

11. The Class Settlement is fair and reasonable and satisfies the multi-factor balancing test laid out by *Girsh v. Jepson*, 521 F.3d 153, 157 (3d Cir. 1975).

12. The Court finds that in negotiating, entering into, and implementing the Class Settlement, Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members.

13. The Notice and the notice methodology implemented pursuant to the Settlement Agreement (i) constituted the best practicable notice; (ii) constituted notice that was concise, clear and in plain, easily understood language and was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the claims, issues and defenses of the Settlement Class, the definition of the Settlement Class certified, their right to be excluded from the Settlement Class; their right to object to the proposed Class Settlement, their right to appear at the Final Approval Hearing, through counsel if desired, and the binding effect of a judgment on Settlement Class Members; (iii) were reasonable and constituted

due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution (including the Due Process Clause), and any other applicable law.

14. The terms of the Settlement Agreement and this Final Approval Order and Judgment are binding on the Plaintiffs and all other Settlement Class Members, as well as their heirs, executors and administrators, successors and assigns.

15. The terms of the Settlement Agreement and this Final Approval Order and Judgment shall have *res judicata*, collateral estoppel and all other preclusive effect in the Action, the Related Actions, and any and all other actions, claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interests, or expenses which are based on or in any way related to any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interest, or expenses which were asserted in the Action and Related Actions or any other claims under state or federal law which arise from, are based on or in any way related to Defendants' sales and marketing activities.

16. The Parties and their counsel are ordered to implement and to consummate the Settlement Agreement according to its terms and provisions.

17. All claims against Defendants in this Action are hereby dismissed on the merits and with prejudice, without fees or costs to any party except as provided below.

18. The releases set forth in Paragraph 14 of the Settlement Agreement are incorporated by reference and provides, *inter alia*, that for and in consideration of the Cash Benefits, Product Benefits, Prospective Relief and Released Claims and the mutual promises contained in the Settlement Agreement, Plaintiffs and the Settlement Class Members, fully and finally release, as of the Effective Date, Defendants from any and all actions, causes of action, claims, demands, liabilities, obligations, damage claims, restitution and unjust enrichment claims, fees, costs, sanctions, proceedings and/or rights of any nature and description whatsoever, whether legal or equitable, that in any way challenge Defendants' Risk Free Trials, Auto-Shipment Programs, billing practices (including the use of delayed-billing programs), beauty program, alleged use of a negative option program, the representations and/or disclosures and/or Defendants' adherence to the terms (or alleged terms) of such offers, and/or any claim related to the receipt of and/or payment for unordered products.

19. The Parties are authorized, without further approval from the Court, to agree to and to adopt such amendments, modifications and expansions of the Agreement and all exhibits attached hereto as (i) are

consistent with the Final Approval Order and Judgment, and (ii) which do not limit the rights of Settlement Class Members under the Agreement.

20.  The Court hereby grants Class Counsel's request for an award of reasonable attorneys' fees in the amount of $1,000,000, representing 33 1/3 % of the Cash Fund. The Court further grants Class Counsel's application for reimbursement of costs and expenses in the amount of $19,785.42, which shall include Participation Awards for the Class Representatives in the amount of $1,000.00 each for Susan Sabol, Valerie Done, and Kathleen Klodner; and a Participation Award for the Former Class Representative in the amount of $500.00 for Tami Gray.

21.  The Court further approves the establishment of the Common Fund as set forth in the Settlement Agreement and the Escrow Agreement submitted by the Parties.

22.  The Court finds that the Escrow Account is a "Qualified Settlement Fund" as defined in section 1.468B-1(a) of the Treasury Regulations in that it satisfies each of the following requirements:

(a)  The Escrow Account is established pursuant to an order of this Court and is subject to the continuing jurisdiction of this Court;

(b)  The Assets of the Escrow Account are segregated from other assets of Defendants, the transferor of payments to the Common Fund, and from the assets of persons related to Defendants.

23. Under the "relation-back" rule provided under section 1.468B-1(j)(2)(i) of the Treasury Regulations, the Court finds that:

(a) The Escrow Account met the requirements of paragraphs 21 and 22 of this Order prior to the date of this Order approving the establishment of the Common Fund subject to the continued jurisdiction of this Court; and

(b) Defendants and the "administrator" under section 1.468B-2(k)(3) of the Treasury Regulations may jointly elect to treat the Escrow Account as coming into existence as a "Qualified Settlement Fund" on the later of the date the Escrow Account met the requirements of this Order or January 1 of the calendar year in which all of the requirements of this Order are met. If such relation-back election is made, the assets held by the Escrow Account on such date shall be treated as having been transferred to the Escrow Account on that date.

24. Nothing in this Final Approval Order and Judgment, the Class Settlement, the Settlement Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendants.

25. In the event that the Class Settlement does not become effective according to the terms of the Settlement Agreement, this Final Approval Order and Judgment shall be rendered null and void as provided by the Settlement Agreement, shall be vacated and, all orders entered and released delivered in

connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

26. No Settlement Class Member (including plaintiffs in any Related Actions), either directly, representatively, or in any other capacity (other than a Settlement Class Member who validly and timely submitted a valid Request for Extension), shall commence, continue, or prosecute any action or proceeding against any or all Released Parties in any court or tribunal asserting any of the Released Claims defined in the Settlement Agreement, and are hereby permanently enjoined from so proceeding.

27. Without affecting the finality of the Final Approval Order and Judgment, the Court shall retain continuing jurisdiction over the Action, the Parties and the Settlement Class, and the administration and enforcement of the Class Settlement and Settlement Agreement. Any disputes or controversies arising with respect to the enforcement or implementation of the Class Settlement or Settlement Agreement shall be presented by motion to the Court, provided, however, that nothing in this paragraph shall restrict the ability of the Parties to exercise their rights, as set forth above.

28. There being no just reason to delay, the Clerk is directed to enter this Final Approval Order and Judgment forthwith.

**IT IS SO ORDERED.**


DATED: November 22, 2013

_____
**Hon. Kevin McNulty**
**United States District Judge**

11